**05-61711**
**CIV-MARRA**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAGISTRATE JUDGE
SELTZER

LICCARDI FORD, INC., et al.,  :   CIVIL ACTION NO. 05-3581

    Plaintiffs,  :   **O R D E R**

    v.  :

FIDELITY WARRANTY SERVICES,  :
INC., et al.,  :

    Defendants.  :

2005 NOV -1  PM 4: 50
CLARENCE MADDOX
CLERK U.S. DIST CT.
S.D. OF FLA-MIA.

     For the reasons stated in the Court's memorandum opinion, **IT IS** on this    12th    day of October, 2005, **ORDERED** that the Court's order to show cause why the action should not be remanded to New Jersey Superior Court, Somerset County, for lack of jurisdiction under 28 U.S.C. § 1332 (dkt. entry no. 3) is **VACATED**; and

     **IT IS FURTHER ORDERED** that the motion to either (1) dismiss the complaint insofar as asserted against the defendants Fidelity Warranty Services, Inc., and Jim Moran & Associates, Inc., under Federal Rule of Civil Procedure 12(b)(6), or (2) transfer the action under 28 U.S.C. § 1404(a) (dkt. entry no. 7) is **GRANTED IN PART** and **DENIED IN PART** as follows:

        **GRANTED TO THE EXTENT** that the motion seeks to transfer the action, and

        **DENIED TO THE EXTENT** that the motion seeks dismissal of the complaint insofar as asserted against the defendants Fidelity Warranty Services, Inc., and Jim Moran & Associates, Inc.; and

   **IT IS FURTHER ORDERED** that the action be **TRANSFERRED** to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a); and

   **IT IS FURTHER ORDERED** that the Clerk of the Court designate the action as **CLOSED**.

                              ___s/ Mary L. Cooper___
                              **MARY L. COOPER**
                              United States District Judge

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____ 10/7/05
        Deputy Clerk

2

12BQ, ARBITRATION, CLOSED, RULE16

FILED BY _____ JC _____ D.C.

2005 NOV -1 PM 4: 50

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

**U.S. District Court**
**District of New Jersey [LIVE] (Trenton)**
**CIVIL DOCKET FOR CASE #: 3:05-cv-03581-MLC-TJB**
**Internal Use Only**

05-61711
CIV-MARRA

MAGISTRATE JUDGE
SELTZER

LICCARDI FORD, INC., et al v. FIDELITY WARRANTY
SERVICES, INC., et al
Assigned to: Judge Mary L. Cooper
Referred to: Magistrate Judge Tonianne J. Bongiovanni
Cause: 28:1441 Petition for Removal- Breach of Contract

Date Filed: 07/19/2005
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**LICCARDI FORD, INC.,**                    represented by    **NED M. COHN**
                                                              COHN, BRACAGLIA & GROPPER,
                                                              P.C.
                                                              275 EAST MAIN STREET
                                                              PO BOX 1094
                                                              SOMERVILLE, NJ 08876
                                                              (908) 526-1131
                                                              Email: njairam@cbglawyers.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**LICCARDI MOTORS, INC.,**                  represented by    **NED M. COHN**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**LICCARDI LINCOLN-MERCURY,**               represented by    **NED M. COHN**
**L.L.C.,**                                                   (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FIDELITY WARRANTY**                       represented by    **DAVID R. KOTT**
**SERVICES, INC.,**                                           MCCARTER & ENGLISH, LLP
                                                              FOUR GATEWAY CENTER
                                                              100 MULBERRY STREET
cat / div Broward                                             PO BOX 652
Case #  05-6711-CF                                            NEWARK, NJ 07101-0652
Judge Marra   Mag Seltzer                                     (973) 622-4444
Motn Ifp ___ — ___ Fee pd $ ___                               Email: dkott@mccarter.com
Receipt # _____

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JM&A GROUP**　　　　　　　　represented by　**DAVID R. KOTT**
*also known as*　　　　　　　　　　　　　　　　　(See above for address)
JM FAMILY ENTERPRISES, INC.,　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**

**JIM MORAN & ASSOCIATES,**　　represented by　**DAVID R. KOTT**
**INC.,**　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/19/2005 | 1 | NOTICE OF REMOVAL by JIM MORAN & ASSOCIATES, INC.,, FIDELITY WARRANTY SERVICES, INC., from Somerset County Superior Court, case number 05-870. ( Filing fee $ 250 receipt number 343735) with the following state court proceedings annexed 1)summons 2)complaint (tp ) (Entered: 07/19/2005) |
| 07/19/2005 |  | CASE REFERRED to Arbitration. (tp ) (Entered: 07/19/2005) |
| 07/21/2005 | 2 | Application and Proposed Order for Clerk's Order to extend time to answer as to Fidelity Warranty Services, Inc. and Jim Moran & Associates, Inc.. Attorney DAVID R. KOTT and DAVID R. KOTT for JIM MORAN & ASSOCIATES, INC., and FIDELITY WARRANTY SERVICES, INC., added. (KOTT, DAVID) (Entered: 07/21/2005) |
| 07/22/2005 | 3 | ORDER TO SHOW CAUSE why the action should not be remanded to NJ Superior Court, Somerset County; Hearing set for 9/2/2005 10:00 AM in Trenton - Courtroom 5W before Judge Mary L. Cooper, Show Cause Response due by 8/25/2005, Signed by Judge Mary L. Cooper on 7/21/05 (DH) (Entered: 07/22/2005) |
| 07/22/2005 |  | **CLERK'S ORDER Extending Answer Due Deadline to 8/20/05 for dfts Jim Moran, Fidelity Warranty Services (DH) (Entered: 07/22/2005) |
| 08/04/2005 | 4 | ORDER Initial Conference set for 9/27/2005 10:30 AM in Trenton - Courtroom 6E before Magistrate Judge Tonianne J. Bongiovanni. Signed by Judge Tonianne J. Bongiovanni on 8/4/05. (Attachments: # 1 ADR MEMO)(mr) (Entered: 08/04/2005) |
| 08/10/2005 | 5 | Application and Proposed Order for Clerk's Order to extend time to answer as to JM Family Enterprises, Inc. (improperly plead as "JM&A Group a/k/a JM Family Enterprises, Inc."). Attorney DAVID R. KOTT and DAVID R. KOTT for FIDELITY WARRANTY SERVICES, INC.,; JM&A GROUP and JIM MORAN & ASSOCIATES, INC., added. (KOTT, DAVID) (Entered: 08/10/2005) |

| | | in Opposition to Motion. (COHN, NED) (Entered: 09/06/2005) |
|---|---|---|
| 09/12/2005 | 14 | REPLY to Response to Motion re 7 MOTION to Dismiss *Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* filed by JIM MORAN & ASSOCIATES, INC.,, FIDELITY WARRANTY SERVICES, INC.,,. (Attachments: # 1 Certificate of Service)(KOTT, DAVID) (Entered: 09/12/2005) |
| 10/12/2005 | 15 | OPINION, Signed by Judge Mary L. Cooper on 10/12/05 (DH) (Entered: 10/12/2005) |
| 10/12/2005 | 16 | ORDER granting in part and denying in part 7 Motion to Dismiss Complaint; transferring action to United States District Court for the Southern District of Florida, closing case; Signed by Judge Mary L. Cooper on 10/12/05 (DH) (Entered: 10/12/2005) |
| 10/12/2005 | | **Civil Case Terminated (DH) (Entered: 10/13/2005) |

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____ 10/17/05
Deputy Clerk

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc. and Jim
    Moran & Associates, Inc.
DK 4593 (David R. Kott, Esq.)

| | |
|---|---|
| | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY |

LICCARDI FORD, INC., LICCARDI    :
MOTORS, INC. and LICCARDI LINCOLN-  :
MERCURY, L.L.C.,    :
    :
    :
              Plaintiffs, :
    :
          vs.    :
    :
FIDELITY WARRANTY SERVICES, INC.,  :
JM&A GROUP A/K/A JM FAMILY    :
ENTERPRISES, INC., and JIM MORAN &  :
ASSOCIATES, INC.,    :
    :
    :
             Defendants. :

Civil Action No.

**NOTICE OF REMOVAL
AND COPIES OF ALL PROCESS
AND PLEADINGS**

TO:    The United States District Court for the District of New Jersey, Trenton Division

        PLEASE TAKE NOTICE that defendants Fidelity Warranty Services, Inc. (hereinafter

"Fidelity") and Jim Moran & Associates, Inc. (hereinafter "Jim Moran") are hereby removing the

above-styled action to this Court pursuant to 28 U.S.C. §1441, *et. seq.* In support of this Notice,

defendants Fidelity and Jim Moran state:

        1.    The within action, entitled <u>Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi</u>

<u>Lincoln-Mercury, L.L.C. v. Fidelity Warranty Services, Inc., JM&A Group a/k/a JM Family</u>

<u>Enterprises, Inc., and Jim Moran & Associates, Inc.</u>, was filed in the Superior Court of New

Jersey, Law Division, Somerset County, Docket No. SOM-L-870-05 on June 16, 2005.

2.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a). By virtue of the provisions of 27 U.S.C. §1441(a), this entire case is one that may be removed to this Court.

3.  A Summons and the Complaint setting forth the claim for relief upon which such action or proceeding is based was served upon defendant Fidelity's agent for service of process, CT Corporation, on July 1, 2005. A Summons and the Complaint setting forth the claim for relief upon which such action or proceeding is based was served upon defendant Jim Moran's agent for service of process, CT Corporation, on July 1, 2005.

4.  Plaintiffs Liccardi Ford, Inc. and Liccardi Motors, Inc. are to the knowledge and belief of defendants, corporations of the State of New Jersey with their principal place of business in the State of New Jersey. Plaintiff Liccardi Lincoln-Mercury, L.L.C. is to the knowledge and belief of defendants, a limited liability company organized under the laws of the State of New Jersey whose members are residents and citizens of the State of New Jersey and/or are not residents and citizens of the State of Florida.

5.  Defendant Fidelity is a corporation of the State of Florida with its principal place of business in the State of Florida. Defendant Jim Moran is a corporation of the State of Florida with its principal place of business in the State of Florida.

6.  At the time of the filing of the Complaint there was not a legal entity known as JM&A Group, and accordingly for purposes of determining diversity of citizenship and/or for purposes of joining in the within Removal defendant JM&A Group can be disregarded. At the time of the filing of the Complaint there was an entity known as JM Family Enterprises, Inc., which is a corporation of the State of Florida, having its principal place of business in the State of Florida. Based on the pleadings in the Somerset County Superior Court, defendant JM Family Enterprises, Inc. has not been served with a copy of the Complaint and accordingly, for purposes

of determining diversity of citizenship and/or for purposes of its joining in the within Notice of Removal, defendant JM Family Enterprises, Inc. can be disregarded.

7. In the Complaint plaintiffs assert breach of contract claims against the defendants. In the Complaint the plaintiffs allege that plaintiffs seek a recovery in the amount of $501,211. Accordingly, based upon the damages sought by the plaintiffs in the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings served on defendant Fidelity and served on defendant Jim Moran (as set forth in paragraph 3 above) are attached hereto as Exhibit A (Summons addressed to Fidelity, Summons addressed to Jim Moran and Complaint served up Fidelity and Jim Moran). There were no other process, pleadings or orders served upon, or otherwise received by, the defendants Fidelity and/or Jim Moran or their attorneys or agents. For the Court's convenience attached as Exhibit B is a more legible copy of the Complaint.

9. Copies of this Removal Petition are simultaneously being served upon counsel for all parties of record and the State court from which this action was removed.

WHEREFORE, defendants pray that this cause proceed in this Court as an action properly removed thereto.

This 19th day of July, 2005.

Respectfully submitted,

McCARTER & ENGLISH, LLP
Attorneys for Defendants
Fidelity Warranty Services, Inc.
and Jim Moran & Associates, Inc.

By:

David R. Kott
A Member of the Firm

Dated: 7 | 19 | 05

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc. and Jim
    Moran & Associates, Inc.
DK 4593 (David R. Kott, Esq.)

|  |  |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF NEW JERSEY |

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C.,     :    :    : | Civil Action No. |
|                    : | |
|                    Plaintiffs, : | |
|          vs.           : | **CERTIFICATION OF SERVICE** |
|                     : | |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC.,    :    :    :    : | |
|                     : | |
|               Defendants. : | |

       I hereby certify that I have served all parties with the within and foregoing **NOTICE OF REMOVAL AND COPIES OF PROCESS AND PLEADINGS; CIVIL COVER SHEET and CERTIFICATION OF SERVICE,** by fax and regular mail to:

Ned M. Cohn, Esq.
Cohn, Bracaglia & Gropper
275 East Main Street
Post Office Box 1094
Somerville, New Jersey 08876

and by mailing the same via regular mail properly addressed to the following:

Clerk, Superior Court of New Jersey
Somerset County Courthouse
20 N. Bridge St.
P.O. Box 3000
Somerville, NJ 08876-1262

This 19th day of July, 2005.

Nanette McCall

# EXHIBIT A

Case 3:05-cv-03581-MLC-TJB Document 1 Filed 07/19/2005 Page 6 of 38

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
07/01/2005
Log Number 510347524

RECEIVED
By________

**TO:** Michelle Coyne
JM Family Enterprises, Inc.
100 Jim Moran Boulevard
Deerfield Beach, FL, 33442

**RE: Process Served in New Jersey**

**FOR:** Fidelity Warranty Services, Inc. (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Liccard Ford, Inc., et al., Pltfs. vs. Fidelity Warranty Services, Inc., et al, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Track Assignment Notice, CIS, Complaint and Jury Demand |
| **COURT/AGENCY:** | Somerset County, Superior Court of New Jersey, Law Division, Somerset, NJ<br>Case # SOM-L-870-05 |
| **NATURE OF ACTION:** | Breach of Contract |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/01/2005 at 11:40 |
| **APPEARANCE OR ANSWER DUE:** | 35 days |
| **ATTORNEY(S) / SENDER(S):** | Ned M Cohen<br>Cohen, Bracaglia & Gropper<br>275 East Main St.<br>Somerville,, NJ, 08876 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790073529462<br>Email Notification, Michelle Coyne MICHELLE.COYNE@SETOYOTA.COM<br>Fax Transmittal, Robert Barnett 202-434-5029<br>*Document(s) is of poor quality.* |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Tyeasha Weaver |
| **ADDRESS:** | 820 Bear Tavern Road<br>3rd Floor<br>West Trenton, NJ, 08628 |
| **TELEPHONE:** | 609-538-1818 |

8/5

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

Attorney(s): Law Firm Address:  **COHN, BRACAGLIA & GROFFER, P.C.**
**275 East Main Street, P.O. Box 1094**
**Somerville, New Jersey 08876**
**(908) 526-1131/FAX (908) 526-1275**

Telephone No.: Fax No.:
Attorney  for Plaintiff.

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, LLC., | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>SOMERSET COUNTY |
| Plaintiff, | DOCKET NO. SOM-L-870-05 |
| vs. | CIVIL ACTION |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC. and JIM MORAN & ASSOCIATES, INC., | SUMMONS |
| Defendant. | |

From the State of New Jersey
To the Defendant(s) Named Above:  FIDELITY WARRANTY SERVICES, INC.

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN- 971, Trenton, N.J 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:  June 30, 2005

_Donald Phelan_
DONALD H. PHELAN, Superior Court Clerk

Name of Defendant to be Served:      FIDELITY WARRANTY SERVICES, INC.
Address of the Defendant to be Served:  C/O Corporation Trust Company, Registered Agent
820 Bear Tavern Road, Trenton, NJ 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing Deputy
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Processing Section
Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LA WYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn.: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd., P.O. Box 6555
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-203
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts. P .O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of
the Superior Court
50 West Market Street
Room 131
Newark, NJ 071021
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn.: Intake
First Floor, Courts House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House -Ist Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad St., P .O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Square
P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place
P .O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P .O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, Third Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2523
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
Court Annex
First Floor
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-4500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Case 0:05-cv-03071-KAM Document 1 Entered on FLSD Docket 11/16/2005 Page 14 of 236

SOMERSET COUNTY SUPERIOR COURT
NORTH BRIDGE & MAIN STREETS
PO BOX 3000
SOMERVILLE        NJ 08876-1262

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 231-7055
COURT HOURS

                    DATE:   JUNE 20, 2005
                    RE:     LICCARDI FORD VS FIDELITY WARRANTY
                    DOCKET: SOM L -000870 05

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

    DISCOVERY IS    150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON FRED H. KUMPF

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       001
AT: (908) 231-7055.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                    ATTENTION:

                            ATT: NED M. COHN
                            COHN BRACAGLIA & GROPPER
                            275 EAST MAIN STREET
                            PO BOX 1094
                            SOMERVILLE       NJ 08876

JUSSEVO

06/30/2005  11:54   9085261275          COHNBRACAGLIAGROPPER          PAGE  87

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| PAYMENT TYPE: CK  CG  CA |
|---|
| CHECK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| NED M. COHN, ESQ. | (908) 526-1131 | SOMERSET |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| COHN, BRACAGLIA & GROPPER, P.C. | SOM L-610-05 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 278 EAST MAIN STREET, P.O. BOX 1094 | COMPLAINT |
| SOMERVILLE, NEW JERSEY 08876 | JURY DEMAND  ☑ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| LICCARDI FORD, INC., LICCARD MOTORS & LICCARDI LINCOLN-MERCURY, L.L.C., PLAINTIFFS | LICCARDI FORD, INC., ET ALS, VS. FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC. AND JIMMORAN & ASSOCIATES, INC. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☑ NO |
|---|---|
| 599 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?  ☐ YES  ☑ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ☑ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN  ☐ NONE  ☑ UNKNOWN |
|---|---|

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☐ YES  ☑ NO
IF YES, IS THAT RELATIONSHIP:  ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)  ☐ FAMILIAL  ☐ BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☑ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

2005 JUN 16  PM 1:56
RECEIVED/FILED
SUPERIOR COURT

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☑ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|

| WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☑ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

ATTORNEY SIGNATURE:

Revised Effective 4/1/03

---

**SIDE 2**

## CIVIL CASE INFORMATION STATEMENT
### (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 699 | CONTRACT/COMMERCIAL TRANSACTION |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

**Track II — 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 601 | ASBESTOS |
| 241 | CIBA GEIGY | 619 | VIOXX |
| 264 | PPA | | |

**999 OTHER** (Briefly describe nature of action) _____

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold      ☐ Putative Class Action      ☐ Title 59

05/30/2005 11:54    9085261275              COHNBRACAGL IAGROPPER              PAGE 59

RECEIVED/FILED
SUPERIOR COURT

2005 JUN 16 PM 1:57

SOMERSET COUNTY
DEPUTY CLERK

COHN, BRACAGLIA & GROPPER
A Professional Corporation
Counsellors at Law
275 East Main Street
P.O. Box 1094
Somerville, New Jersey 08876
(908) 526-1131
Attorneys for Plaintiff

|  |  |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION<br>:<br>: SOMERSET COUNTY |
| Plaintiffs, | : DOCKET NO. *SOM L-8110-05*<br>: |
| vs. | : Civil Action<br>: |
| FIDELITY WARRANTY SERVICES, INC.,<br>JM&A GROUP A/K/A JM FAMILY<br>ENTERPRISES, INC., and JIM MORAN &<br>ASSOCIATES, INC., | :<br>: **COMPLAINT**<br>: |
| Defendants. | : |

Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C.

with an address at 130 Route 22 West, Greenbrook, Somerset County, New Jersey

08812 (hereinafter *Plaintiffs*), complaining of Fidelity Warranty Services, Inc., JM&A

Group a/k/a JM Family Enterprises, Inc. and Jim Moran & Associates, Inc. (hereinafter

*Defendants*), say:

## FIRST COUNT

1.     Plaintiffs and Defendants entered into an agreement on August 31, 1990,

pursuant to which Plaintiffs expressed a desire to offer in conjunction with and/or in

06/30/2005  11:54     3095281275                    COHNBRACAGLIAGROPPER                    PAGE  18

addition to the automotive mechanical failure service program provided by Defendants, a pre-paid maintenance program whereby it entered into contracts with its customers under which it became obligated to provide certain scheduled maintenance services (Car Care Service Plan).

    2.    Defendants, pursuant to such agreement, provided Plaintiffs' customers with coupon books for the pre-paid Car Care Service Plan contracts as issued by Plaintiffs.

    3.    Pursuant to the agreement, Defendants agreed to reimburse Plaintiffs the value of coupons submitted to Defendants by Plaintiffs.

    4.    In addition, Defendants agreed to pay Plaintiffs to reimbursement value of missed coupons as of the end of each calendar by February 15 of the next year.

    5.    The agreement was in full force and effect during the 2001/2002/2003 years, yet the Plaintiffs were not paid the reimbursement value of missed coupons as required by the agreement.

    6.    The Defendants are, therefore, in breach of contract.

    7.    As a direct and proximate result of Defendants' breach of contract, Plaintiffs are damaged and continue to be damaged.

    WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, together with interest, attorney's fees and costs of suit.

## SECOND COUNT

    1.    The allegations of the First Count are repeated as if set forth at length herein.

Case 0:05-cv-61711-JAL Document 1 Entered on FLSD Docket/10/15/2005 Page 19 of 236

2.    The Defendants' failure and refusal to make payment for value of missed coupons is an intentional and malicious act on the part of the Defendants, intended to deprive the Plaintiffs of their contractual rights.

3.    The action of the Defendants as to the Plaintiffs is an intentional and malicious interference by Defendants with Plaintiffs' contractual rights with the intent to deprive Plaintiffs of their contractual rights.

4.    As a result, Plaintiffs are entitled to compensatory damages, punitive damages, as well as attorney's fees and costs of suit.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, punitive damages, attorney's fees and costs of suit.

### THIRD COUNT

1.    The allegations of the First and Second Counts are repeated as if set forth at length herein.

2.    While the above referenced agreement was in full force and effect, Plaintiffs where entitled to participate in a retrospective commission plan with respect to service contracts issued by Plaintiffs and reported to Defendants in accordance with a remittance schedule.

3.    Such plan for retrospective commission payment to Plaintiffs was based on underwriting and investment income as defined between the parties.

4.    As of September 30, 2004, Plaintiff, Liccardi Ford, Inc. was entitled to $417,973 in retrospective commission.

5.    As of September 30, 2004, Plaintiff, Liccardi Lincoln-Mercury, L.L.C.. was entitled to $83,238 of retrospective commission.

06/30/2005 11:54    9085261275          COHNBRACAGLIAGROPPER                PAGE 12

6.    The Defendants have intentionally failed to make payment in these amounts to the said Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of $417,973, plus $83,238, or the total sum of $501,211, together with interest, attorney's fees and costs of suit.

### FOURTH COUNT

1.    The allegations of the First, Second and Third Counts are repeated as if set forth at length herein.

2.    The Defendants' failure and refusal to make payment for retrospective commissions is an intentional and malicious act on the part of the Defendants, intended to deprive the Plaintiffs of their contractual rights.

3.    The action of the Defendants as to the Plaintiffs is an intentional and malicious interference by Defendants with Plaintiffs' contractual rights with the intent to deprive Plaintiffs of their contractual rights.

4.    As a result, Plaintiffs are entitled to compensatory damages, punitive damages, as well as attorney's fees and costs of suit.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, punitive damages, attorney's fees and costs of suit.

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
Ned M. Cohn

Dated: June 16, 2005

Page - 4

Case 0:05-cv-61711-JAL Document 1 Entered on FLSD Docket 10/05/2005 Page 21 of 236

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Ned M. Cohn, Esquire, is hereby designated as trial counsel for the plaintiffs, Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C., in the above matter.

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
Ned M. Cohn

Dated: June 16, 2005

## JURY DEMAND

The plaintiffs, Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C., hereby demands trial by a jury on all of the triable issues of the complaint and as to all triable issues of counterclaim, pursuant to R. 1:8-2(b) and R. 4:35-1(a).

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
Ned M. Cohn

Dated: June 16, 2005

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceedings to the best of our knowledge or belief. Also, to the best of our belief, no

Page - 5

Case 0:05-cv-05711-JGAM  Document 1  Entered on FLSD Docket 10/15/2005  Page 22 of 236

other action or arbitration proceeding is contemplated. Further, other than the parties
set forth in this pleading, we know of no other parties that should be joined in the above
action. In addition, we recognize the continuing obligation of each party to file and
serve on all parties and the Court an amended certification if there is a change in the
facts stated in this original certification.

> COHN, BRACAGLIA & GROPPER
> A Professional Corporation
> COUNSELLORS AT LAW
> Attorneys for Plaintiffs
>
> BY: _____
> Ned M. Cohn

Dated: June 16, 2005

CivilCplts.9149.Complaint.061605

**CT** CORPORATION
A Wolterskluwer Company

**Service of Process Transmittal**
07/01/2005
Log Number 510347586

TO: Michelle Coyne
JM Family Enterprises, Inc.
100 Jim Moran Boulevard
Deerfield Beach, FL, 33442

RE: **Process Served in New Jersey**

FOR: Jim Moran & Associates, Inc. (Domestic State: FL)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Liccard Ford, Inc., et al., Pltfs. vs. Fidelity Warranty Services, Inc., et al., Including, Jim Moran & Associates, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Track Assignment Notice, CIS, Complaint and Jury Demand |
| **COURT/AGENCY:** | Somerset County, Superior Court of New Jersey, Law Division, Somerset, NJ Case # SOM-L-870-05 |
| **NATURE OF ACTION:** | Breach of Contract |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/01/2005 at 11:40 |
| **APPEARANCE OR ANSWER DUE:** | 35 days |
| **ATTORNEY(S) / SENDER(S):** | Ned M Cohen<br>Cohen, Bracaglia & Gropper<br>275 East Main St.<br>Somerville,, NJ, 08876 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790073529462<br>Email Notification, Michelle Coyne MICHELLE.COYNE@SETOYOTA.COM<br>Fax Transmittal, Robert Barnett 202-434-5028<br>*Document(s) are of poor quality.* |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | The Corporation Trust Company<br>Tyeasha Weaver<br>820 Bear Tavern Road<br>3rd Floor<br>West Trenton, NJ, 08628 |
| **TELEPHONE:** | 609-538-1818 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

06/30/2005  11:54    9005261275                    CONNERBACAGLIAGROPPER                    PAGE  24

Attorney(s): Law Firm: Address:   COHN, BRACAGLIA & GROPPER, P.C.
                                  275 East Main Street, P.O. Box 1094
                                  Somerville, New Jersey 08876
Telephone No.: Fax No.:           (908) 526-1131/FAX (908) 526-1275
Attorney  for Plaintiff

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, LLC, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION SOMERSET COUNTY |
| Plaintiffs, | DOCKET NO. SOM-L-870-05 |
| vs. | CIVIL ACTION |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC. and JIM MORAN & ASSOCIATES, INC., | SUMMONS |
| Defendant. | |

From the State of New Jersey
To the Defendant(s) Named Above:   JIM MORAN & ASSOCIATES, INC.

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN- 971, Trenton, N J 08625. A filing fee is payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:  June 30, 2005

                                        _Donald H. Phelan_
                                        DONALD H. PHELAN, Superior Court Clerk

Name of Defendant to be Served:     JIM MORAN & ASSOCIATES, INC.
Address of the Defendant to be Served:  C/O Corporation Trust Company, Registered Agent
                                        820 Bear Tavern Road, Trenton, NJ 08628

05/30/2005  11:54    9885261275         COHNBRACAGLIAGROPPER          PAGE  25

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing Deputy
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Processing Section
Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd., P.O. Box 6555
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-203
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts. P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of
the Superior Court
50 West Market Street
Room 131
Newark, NJ 07101
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Floor, Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House 4t Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Square
P.O. Box2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-6223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-6629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, Third Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-2400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
Court House
First Floor
2 Broad Street
Elizabeth, NJ 07207-0073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

06/30/2005 11:54    9085261275          COHNBRACAGLIAGROPPER              PAGE 05

SOMERSET COUNTY SUPERIOR COURT
NORTH BRIDGE & MAIN STREETS
PO BOX 3000
SOMERVILLE      NJ 08876-1262
                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 231-7055
COURT HOURS

                        DATE:   JUNE 20, 2005
                        RE:     LICCARDI FORD VS FIDELITY WARRANTY
                        DOCKET: SOM L -000879 05

        THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 1.

        DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

        THE PRETRIAL JUDGE ASSIGNED IS:  HON FRED H. KUMPF

        IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (908) 231-7055.

        IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
        PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                        ATTENTION:
                                   ATT: NED M. COHN
                                   COHN BRACAGLIA & GROPPER
                                   275 EAST MAIN STREET
                                   PO BOX 1094
                                   SOMERVILLE      NJ 08876

        JUTSEVO

05/30/2005 11:54 9885261275     COHNBRACAGLIAGROPPER     PAGE 07

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division — Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| PAYMENT TYPE: | CK | CG | CA |
|---|---|---|---|
| CHECK NO. | | | |
| AMOUNT: | | | |
| OVERPAYMENT: | | | |
| BATCH NUMBER: | | | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| NED M. COHN, ESQ. | (908) 526-1131 | SOMERSET |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| COHN, BRACAGLIA & GROPPER, P.C. | SOM L-810-05 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 276 EAST MAIN STREET, P.O. BOX 1094 | COMPLAINT |
| SOMERVILLE, NEW JERSEY 08876 | JURY DEMAND ☑ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| LICCARDI FORD, INC., LICCARD MOTORS & LICCARDI LINCOLN-MERCURY, L.L.C., PLAINTIFFS | LICCARDI FORD, INC., ET ALS, VS. FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC. AND JIM MORAN & ASSOCIATES, INC. |

| CASE TYPE NUMBER (See reverse side for listing) 599 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☑ NO IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING? ☐ YES ☑ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☑ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN ☐ NONE ☑ UNKNOWN |
|---|---|

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRING RELATIONSHIP? ☐ YES ☑ NO | IF YES, IS THAT RELATIONSHIP: | ☐ EMPLOYER-EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|---|

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☑ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☑ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ☑ NO | IF YES, FOR WHAT LANGUAGE: |

ATTORNEY SIGNATURE:

Revised effective 4/1/05

RECEIVED/FILED SUPERIOR COURT 2005 JUN 16 PM 1:56

| SIDE 2 | | CIVIL CASE INFORMATION STATEMENT (CIS) |
|---|---|---|
| | | Use for initial pleadings (not motions) under Rule 4:5-1 |

**CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)**

**Track I — 180 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT
- 505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)

**Track II — 300 days' discovery**
- 305  CONSTRUCTION
- 599  EMPLOYMENT (other than CEPA or LAD)
- 602  ASSAULT AND BATTERY
- 603  AUTO NEGLIGENCE — PERSONAL INJURY
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE — PROPERTY DAMAGE
- 699  TORT — OTHER

**Track III — 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 248 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 801 | ASBESTOS |
| 248 | CIBA GEIGY | 619 | VIOXX |
| 264 | PPA | | |

699 OTHER (Briefly describe nature of action) _____

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

RECEIVED/FILED
SUPERIOR COURT

2005 JUN 16  PM 1: 57

SOMERSET COUNTY
DEPUTY CLERK

**COHN, BRACAGLIA & GROPPER**
**A Professional Corporation**
**Counsellors at Law**
**275 East Main Street**
**P.O. Box 1094**
**Somerville, New Jersey  08876**
**(908) 526-1131**
**Attorneys for Plaintiff**

---

LICCARDI FORD, INC., LICCARDI MOTORS,
INC. and LICCARDI LINCOLN-MERCURY,
L.L.C.,

                              Plaintiffs,

vs.

FIDELITY WARRANTY SERVICES, INC.,
JM&A GROUP A/K/A JM FAMILY
ENTERPRISES, INC., and JIM MORAN &
ASSOCIATES, INC.,

                              Defendants.

: SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION
:
: SOMERSET COUNTY
:
: DOCKET NO. *SOM L-810-05*
:
:            Civil Action
:
:
:
:            **COMPLAINT**
:
:
:

Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C.

with an address at 130 Route 22 West, Greenbrook, Somerset County, New Jersey

08812 (hereinafter *Plaintiffs*), complaining of Fidelity Warranty Services, Inc., JM&A

Group a/k/a JM Family Enterprises, Inc. and Jim Moran & Associates, Inc. (hereinafter

*Defendants*), say:

## FIRST COUNT

1.    Plaintiffs and Defendants entered into an agreement on August 31, 1990,

pursuant to which Plaintiffs expressed a desire to offer in conjunction with and/or in

addition to the automotive mechanical failure service program provided by Defendants, a pre-paid maintenance program whereby it entered into contracts with its customers under which it became obligated to provide certain scheduled maintenance services (*Car Care Service Plan*).

2. Defendants, pursuant to such agreement, provided Plaintiffs' customers with coupon books for the pre-paid Car Care Service Plan contracts as issued by Plaintiffs.

3. Pursuant to the agreement, Defendants agreed to reimburse Plaintiffs the value of coupons submitted to Defendants by Plaintiffs.

4. In addition, Defendants agreed to pay Plaintiffs to reimbursement value of missed coupons as of the end of each calendar by February 15 of the next year.

5. The agreement was in full force and effect during the 2001/2002/2003 years, yet the Plaintiffs were not paid the reimbursement value of missed coupons as required by the agreement.

6. The Defendants are, therefore, in breach of contract.

7. As a direct and proximate result of Defendants' breach of contract, Plaintiffs are damaged and continue to be damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, together with interest, attorney's fees and costs of suit.

### SECOND COUNT

1. The allegations of the First Count are repeated as if set forth at length herein.

2.     The Defendants' failure and refusal to make payment for value of missed coupons is an intentional and malicious act on the part of the Defendants, intended to deprive the Plaintiffs of their contractual rights.

3.     The action of the Defendants as to the Plaintiffs is an intentional and malicious interference by Defendants with Plaintiffs' contractual rights with the intent to deprive Plaintiffs of their contractual rights.

4.     As a result, Plaintiffs are entitled to compensatory damages, punitive damages, as well as attorney's fees and costs of suit.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, punitive damages, attorney's fees and costs of suit.

### THIRD COUNT

1.     The allegations of the First and Second Counts are repeated as if set forth at length herein.

2.     While the above referenced agreement was in full force and effect, Plaintiffs where entitled to participate in a retrospective commission plan with respect to service contracts issued by Plaintiffs and reported to Defendants in accordance with a remittance schedule.

3.     Such plan for retrospective commission payment to Plaintiffs was based on underwriting and investment income as defined between the parties.

4.     As of September 30, 2004, Plaintiff, Liccardi Ford, Inc. was entitled to $417,973 in retrospective commission.

5.     As of September 30, 2004, Plaintiff, Liccardi Lincoln-Mercury, L.L.C., was entitled to $83,238 of retrospective commission.

Page - 3

6.      The Defendants have intentionally failed to make payment in these amounts to the said Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of $417,973, plus $83,238, or the total sum of $501,211, together with interest, attorney's fees and costs of suit.

## FOURTH COUNT

1.      The allegations of the First, Second and Third Counts are repeated as if set forth at length herein.

2.      The Defendants' failure and refusal to make payment for retrospective commissions is an intentional and malicious act on the part of the Defendants, intended to deprive the Plaintiffs of their contractual rights.

3.      The action of the Defendants as to the Plaintiffs is an intentional and malicious interference by Defendants with Plaintiffs' contractual rights with the intent to deprive Plaintiffs of their contractual rights.

4.      As a result, Plaintiffs are entitled to compensatory damages, punitive damages, as well as attorney's fees and costs of suit.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, punitive damages, attorney's fees and costs of suit.

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
Ned M. Cohn

Dated: June 15, 2005

Page - 4

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Ned M. Cohn, Esquire, is hereby designated as trial counsel for the plaintiffs, Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C., in the above matter.

> COHN, BRACAGLIA & GROPPER
> A Professional Corporation
> COUNSELLORS AT LAW
> Attorneys for Plaintiffs
>
> BY: _____
> Ned M. Cohn

Dated:  June 16, 2005

## JURY DEMAND

The plaintiffs, Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C., hereby demands trial by a jury on all of the triable issues of the complaint and as to all triable issues of counterclaim, pursuant to R. 1:8-2(b) and R. 4:35-1(a).

> COHN, BRACAGLIA & GROPPER
> A Professional Corporation
> COUNSELLORS AT LAW
> Attorneys for Plaintiffs
>
> BY: _____
> Ned M. Cohn

Dated:  June 16, 2005

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1 it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceedings to the best of our knowledge or belief.  Also, to the best of our belief, no

Page - 5

other action or arbitration proceeding is contemplated.  Further, other than the parties
set forth in this pleading, we know of no other parties that should be joined in the above
action.  In addition, we recognize the continuing obligation of each party to file and
serve on all parties and the Court an amended certification if there is a change in the
facts stated in this original certification.

> COHN, BRACAGLIA & GROPPER
> A Professional Corporation
> COUNSELLORS AT LAW
> Attorneys for Plaintiffs
>
> BY: _____
>      Ned M. Cohn

Dated:  June 16, 2005

CivilCplts.9149.Complaint.061605

Page - 6

# *EXHIBIT B*

RECEIVED/FILED

2005 JUN 16 PM 1:56

BATCH:
NO# _091_
DATE _6-16-05_
PAYMENT CA/CK/MO
CHECK/MO# _2240_
AMOUNT _200 ⁰⁰_
PREPARER: _P_

**COHN, BRACAGLIA & GROPPER**
**A Professional Corporation**
**Counsellors at Law**
**275 East Main Street**
**P.O. Box 1094**
**Somerville, New Jersey 08876**
**(908) 526-1131**
**Attorneys for Plaintiff**

LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C.,

Plaintiffs,

vs.

FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC.,

Defendants.

: SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION
:
: SOMERSET COUNTY
:
: DOCKET NO: _Som L-870-05_
:
: Civil Action
:
:
: **COMPLAINT**
:
:

Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C. with an address at 130 Route 22 West, Greenbrook, Somerset County, New Jersey 08812 (hereinafter *Plaintiffs*), complaining of Fidelity Warranty Services, Inc., JM&A Group a/k/a JM Family Enterprises, Inc. and Jim Moran & Associates, Inc. (hereinafter *Defendants*), say:

## FIRST COUNT

1.    Plaintiffs and Defendants entered into an agreement on August 31, 1990, pursuant to which Plaintiffs expressed a desire to offer in conjunction with and/or in

addition to the automotive mechanical failure service program provided by Defendants, a pre-paid maintenance program whereby it entered into contracts with its customers under which it became obligated to provide certain scheduled maintenance services (*Car Care Service Plan*).

     2.     Defendants, pursuant to such agreement, provided Plaintiffs' customers with coupon books for the pre-paid Car Care Service Plan contracts as issued by Plaintiffs.

     3.     Pursuant to the agreement, Defendants agreed to reimburse Plaintiffs the value of coupons submitted to Defendants by Plaintiffs.

     4.     In addition, Defendants agreed to pay Plaintiffs to reimbursement value of missed coupons as of the end of each calendar by February 15 of the next year.

     5.     The agreement was in full force and effect during the 2001/2002/2003 years, yet the Plaintiffs were not paid the reimbursement value of missed coupons as required by the agreement.

     6.     The Defendants are, therefore, in breach of contract.

     7.     As a direct and proximate result of Defendants' breach of contract, Plaintiffs are damaged and continue to be damaged.

     **WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, together with interest, attorney's fees and costs of suit.

<div align="center">

**SECOND COUNT**

</div>

     1.     The allegations of the First Count are repeated as if set forth at length herein.

<div align="center">

Page - 2

</div>

2.      The Defendants' failure and refusal to make payment for value of missed coupons is an intentional and malicious act on the part of the Defendants, intended to deprive the Plaintiffs of their contractual rights.

3.      The action of the Defendants as to the Plaintiffs is an intentional and malicious interference by Defendants with Plaintiffs' contractual rights with the intent to deprive Plaintiffs of their contractual rights.

4.      As a result, Plaintiffs are entitled to compensatory damages, punitive damages, as well as attorney's fees and costs of suit.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, punitive damages, attorney's fees and costs of suit.

### THIRD COUNT

1.      The allegations of the First and Second Counts are repeated as if set forth at length herein.

2.      While the above referenced agreement was in full force and effect, Plaintiffs where entitled to participate in a retrospective commission plan with respect to service contracts issued by Plaintiffs and reported to Defendants in accordance with a remittance schedule.

3.      Such plan for retrospective commission payment to Plaintiffs was based on underwriting and investment income as defined between the parties.

4.      As of September 30, 2004, Plaintiff, Liccardi Ford, Inc. was entitled to $417,973 in retrospective commission.

5.      As of September 30, 2004, Plaintiff, Liccardi Lincoln-Mercury, L.L.C.. was entitled to $83,238 of retrospective commission.

Page - 3

6.    The Defendants have intentionally failed to make payment in these amounts to the said Defendants.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of $417,973, plus $83,238, or the total sum of $501,211, together with interest, attorney's fees and costs of suit.

## FOURTH COUNT

1.    The allegations of the First, Second and Third Counts are repeated as if set forth at length herein.

2.    The Defendants' failure and refusal to make payment for retrospective commissions is an intentional and malicious act on the part of the Defendants, intended to deprive the Plaintiffs of their contractual rights.

3.    The action of the Defendants as to the Plaintiffs is an intentional and malicious interference by Defendants with Plaintiffs' contractual rights with the intent to deprive Plaintiffs of their contractual rights.

4.    As a result, Plaintiffs are entitled to compensatory damages, punitive damages, as well as attorney's fees and costs of suit.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, punitive damages, attorney's fees and costs of suit.

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
     Ned M. Cohn

Dated: June 16, 2005

Page - 4

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Ned M. Cohn, Esquire, is hereby designated as trial counsel for the plaintiffs, Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C., in the above matter.

<div style="text-align: right;">

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
    Ned M. Cohn

</div>

Dated: June 16, 2005

## JURY DEMAND

The plaintiffs, Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C., hereby demands trial by a jury on all of the triable issues of the complaint and as to all triable issues of counterclaim, pursuant to R. 1:8-2(b) and R. 4:35-1(a).

<div style="text-align: right;">

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
    Ned M. Cohn

</div>

Dated: June 16, 2005

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceedings to the best of our knowledge or belief. Also, to the best of our belief, no

<div style="text-align: center;">Page - 5</div>

other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
Ned M. Cohn

Dated: June 16, 2005

CivilCplts.9149.Complaint.061605

Page - 6

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc. and Jim
      Moran & Associates, Inc.
DK 4593 (David R. Kott, Esq.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | Civil Action No. 05-3581<br>Honorable Mary L. Cooper |
| Plaintiffs, | **APPLICATION AND ORDER FOR AN EXTENSION OF TIME TO ANSWER, MOVE OR OTHERWISE REPLY** |
| vs. | |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC., | |
| Defendants. | |

Application is hereby made for a Clerk's Order extending the time within which defendants Fidelity Warranty Services, Inc. (hereinafter "Fidelity") and Jim Moran & Associates, Inc. (hereinafter "Jim Moran") may answer, move or otherwise reply to the Complaint filed by plaintiffs herein through and including August 20, 2005; and it is represented that:

1.     No previous extension has been obtained;

2.     Service of process was effected by service of the Summons and Complaint upon the agent for service of process of defendant Fidelity and of defendant Jim Moran on July 1, 2005;

3. The Summons served upon defendant Fidelity and the Summons served upon defendant Jim Moran provided for 35 days for the time for defendant Fidelity and the time for defendant Jim Moran to answer, move or otherwise plead, and accordingly the time for defendant Fidelity and the time for defendant Jim Moran to answer, move or otherwise reply expires on August 5, 2005.

McCARTER & ENGLISH, LLP
Attorneys for Defendant
   Fidelity Warranty Services, Inc. and
   Jim Moran & Associates, Inc.

By: _____
      David R. Kott

DATED: 7 | 21 | 05

## ORDER

The above application is ORDERED GRANTED.

By: _____
      Deputy Clerk

DATED:

5136247.1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                :
LICCARDI FORD, INC., et al.,    :    CIVIL ACTION NO. 05-3581 (MLC)
                                :
        Plaintiffs,             :        ORDER TO SHOW CAUSE
                                :
        v.                      :
                                :
FIDELITY WARRANTY SERVICES,     :
INC., et al.,                   :
                                :
        Defendants.             :
                                :
```

**THIS ACTION** was brought by the plaintiffs — Liccardi Ford,
Inc. ("LFI"), Liccardi Motors, Inc. ("LMI"), and Liccardi
Lincoln-Mercury, L.L.C. ("LLLC") — in New Jersey Superior Court,
Somerset County, on June 16, 2005, to recover damages for breach
of contract.  The defendants Fidelity Warranty Services, Inc.
("FWS"), and Jim Moran & Associates, Inc. ("JMA"), removed the
action under 28 U.S.C. § ("Section") 1332.  (Remov. Not., at 2.)
The defendant JM Family Enterprises, Inc. ("JMFE"), has not been
served.  (Id.)  FWS and JMA — which are Florida citizens (id.) —
bear the burden of demonstrating jurisdiction.  See 28 U.S.C. §
1446(a).  The Court may examine jurisdiction and remand the
action sua sponte.  See 28 U.S.C. § 1447(c).

### LLLC'S CITIZENSHIP

FWS and JMA assert LLLC "is to the knowledge and belief of
defendants, a limited liability company organized under the laws
of the State of New Jersey whose members are residents and
citizens of the State of New Jersey and/or are not residents and

citizens of the State of Florida." (Remov. Not., at 2.) FWS and JMA clearly know that limited liability companies are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Kalian at Poconos v. Saw Creek Ests. Cmty. Ass'n, 275 F.Supp.2d 578, 586 (M.D. Pa. 2003). The Court also assumes that FWS and JMA know that each membership layer of a limited liability company must be analyzed to determine its citizenship. See Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning limited-liability-company member, which was itself a limited liability company). See Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association must be traced through however many layers of members there may be).

But the Court is concerned that FWS and JMA (1) make their assertions on "belief," and (2) assert the members are citizens of New Jersey "and/or" not Florida. These assertions are not sufficient. See Lewis v. Cons. Freightways Corp., No. 04-6102, 2005 WL 503317, at *1 (E.D. Pa. Feb. 28, 2005) (stating citizenship allegation that is "upon information and belief" insufficient); Poling v. Hovnanian Enters., 99 F.Supp.2d 502, 516 (D.N.J. 2000) (granting motion to dismiss for lack of jurisdiction

since, _inter_ _alia_, allegation that "no plaintiff is from same
state as any defendant" insufficient absent averment of particular
states of which parties are citizens), _appeal dismissed_, Nos. 00-
1933 & 00-2041, 2002 WL 521705 (3d Cir. Mar. 28, 2002); _Vail v._
_Doe_, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating "upon
information and belief" citizenship allegation "does not convince
the Court that there is diversity among the parties").

### JMFE'S CITIZENSHIP

FWS and JMA assert that JMFE "is a corporation of the State
of Florida, having its principal place of business in the State
of Florida."  (Remov. Not., at 2.)  FWS and JMA clearly know that
corporations are deemed citizens of the states wherein they (1)
are incorporated and (2) have their principal places of business.
28 U.S.C. § 1332(c)(1).  But the Court's own research on
Westlaw's "Corporate Records" library reveals that JMFE may be a
Delaware corporation with its principal place of business in
Florida, and thus a citizen of both Delaware and Florida.[1]  The

---

[1] FWS and JMA assert that "for purposes of determining
diversity of citizenship . . . [JMFE] can be disregarded."
(Remov. Not., at 2-3.)  That is not correct.  JMFE's citizenship
must be determined even though it has not been served, as removal
of this action must nevertheless "meet[] the requirements of
Section 1332" under Section 1441(b).  _Auerbach v. Tow Boat U.S._,
303 F.Supp.2d 538, 544 (D.N.J. 2004).  _See Seagert v. Smith_, No.
03-10237, 2004 WL 539159, at *2 (E.D. Mich. Mar. 15, 2004)
(stating removing defendant must show court had Section 1332
jurisdiction over action initially).

Court is concerned that the allegations as to JMFE's citizenship are incorrect.

<div align="center">**AVOIDING REMAND**</div>

The Court cannot determine if the plaintiffs are "citizens of different States" in relation to each defendant. 28 U.S.C. § 1332(a)(1).

A challenge to jurisdiction under Section 1332 is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." <u>Grupo Dataflux v. Atlas Global Group</u>, 541 U.S. 567, 571 (2004). Thus, the Court will remand the action to state court for lack of jurisdiction under Section 1332 unless FWS and JMA: (1) name each of LLLC's members as of June 16, 2005, (2) allege properly the citizenship of each LLLC member, (3) demonstrate JMFE's citizenship, and (4) demonstrate complete diversity of citizenship.

FWS and JMA are advised that allegations as to where LLLC's members reside, are domiciled, are licensed, or have places of business — as opposed to are citizens — "[will] not properly invoke this Court's jurisdiction when premised upon diversity of citizenship." <u>Forman v. BRI Corp.</u>, 532 F.Supp. 49, 51 (E.D. Pa. 1982). <u>See</u> <u>Wolfe v. Hartford Life & Annuity Ins. Co.</u>, 148 U.S. 389, 389 (1893); <u>Guerrino v. Ohio Cas. Ins. Co.</u>, 423 F.2d 419, 421 (3d Cir. 1970). They are advised also that responses that

<div align="center">4</div>

are "on information and belief," an assertion that is not
specific (<u>e.g.</u>, citizen of "a state other than Florida"), or a
request for discovery or time to discern jurisdiction, will
result in the remand of the action.  FWS and JMA were required to
ascertain jurisdiction before they chose to remove the action to
federal court.  <u>See</u> <u>Techstar Inv. P'ship v. Lawson</u>, No. 94-6279,
1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating
unsupported Section-1332-jurisdiction allegation may violate Rule
11).  <u>See also</u> <u>Cohen v. Kurtzman</u>, 45 F.Supp.2d 423, 436-38
(D.N.J. 1999) (granting Rule 11 motion for unsupported
jurisdiction allegation).  <u>See also</u> <u>CGB Occ. Therapy v. RHA</u>
<u>Health Servs.</u>, 357 F.3d 375, 382 n.6 (3d Cir. 2004) (stating
"importance of adequately pleading and proving diversity" cannot
be disregarded).  Thus, for good cause appearing:

**IT IS THEREFORE** on this        21st        day of July, 2005

**ORDERED** that the parties shall **SHOW CAUSE** why the action should

not be remanded to New Jersey Superior Court, Somerset County,

for lack of jurisdiction under 28 U.S.C. § 1332; and

**IT IS FURTHER ORDERED** that the parties, if they intend to

respond, must file responses with the Court electronically by 5

P.M. on the following dates:[2]

August 17, 2005        Defendants' responses

August 25, 2005        Plaintiffs' response

September 1, 2005      Defendants' replies; and

**IT IS FURTHER ORDERED** that this order to show cause will be

decided on **FRIDAY, SEPTEMBER 2, 2005,** or soon thereafter, without

oral argument pursuant to Federal Rule of Civil Procedure 78,

unless the parties are notified otherwise by the Court.


                              s/ Mary L. Cooper
                         **MARY L. COOPER**
                         United States District Judge


---

[2]  This is mandatory.  See http://pacer.njd.uscourts.gov
(under "Electronic Filing Info." and "Notice: Mandatory E-filing
(11-3-04)").

6

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LICCARDI FORD, INC., et al      :     CIVIL 05-3581(MLC)

            plaintiff(s)    :

                     :     ARB: Yes __X__  No___

                     :

     v.                   :    __ORDER FOR SCHEDULING__

                     :    __CONFERENCE__

                     :

FIDELITY WARRANTY SERVICES, INC: 

                     :

           defendant(s)    :

-----------------------------------------------------------

To: All Counsel

IT IS on this 4th  Day of August, 2005;

        ORDERED, pursuant to Fed. R. Civ. P. 16, that a scheduling conference be held before the Honorable <u>Tonianne J. Bongiovanni</u>, on  <u>September 27, 2005</u> @ <u>10:30 a.m.</u> in Room 6East at the United States Courthouse, Trenton, New Jersey, and it is further

        ORDERED THAT: (1) Prior to the above conference, all counsel, including individuals who are appearing on his/her own behalf (or "Pro Se"), confer to agree on a joint discovery plan.  SEE LOCAL CIVIL RULE 26.1(b); (2) Not later than seven (7) days prior to the above conference, the joint discovery plan, and any disputes regarding it be submitted to the undersigned.  SEE LOCAL CIVIL RULE 26.1(b); (3) At the above conference, all parties who are not appearing pro se be represented by counsel who shall have full authority to bind theior clients in all pretrial matters.  SEE LOCAL CIVIL RULE 16.1(a); (4) Plaintiff(s) notify any party who hereafter enters an appearance of the above conference and forward to that party a copy hereof; and (5) The parties are to

advise the Honorable   Tonianne J. Bongiovanni   immediately if this action has been settled or terminated so that the above conference may be cancelled.

Finally, counsel and litigants are advised that, pursuant to Fed. R. Civ. P. 26, 30 and 33 early disclosure requirements and limitations on depositions/interrogatories will be enforced.  Therefore, pursuant to the early disclosure requirements, counsel shall exchange the following information without formal discovery requests:

(i)      identities of individuals with knowledge of disputed facts;

(ii)     documents and things in the possession of counsel or the parties regarding the disputed issues;

(iii)    insurance agreements in force; and

(iv)    statement of the basis for any damages claimed;

and it is further

ORDERED that the meeting of parties required by Fed. R. Civ. P. 26(f) shall take place within 14 days of the date of this Order;

and it is further

ORDERED that upon the entry of appearance of any new and/or additional counsel subsequent to the date of this Order, plaintiff's counsel shall send a copy of this Scheduling Order to the newly appearing attorneys(s), but on any third party claim, the counsel for the third party plaintiff shall send a copy of this Order to the newly entering counsel for third party defendant(s).

ORDERED that all parties shall confer to agree and submit a JOINT DISCOVERY PLAN to the Magistrate Judge not less than seven (7) days prior to the above-stated conference date, as required by Local Civil Rule 26.1(b) of this Court.  The

conference date should appear on the caption of the Joint Discovery Plan, which shall include at a minimum, the following items: (1) a brief factual statement of the claims or defenses in the action, as well as a brief statement of the legal issues in the case; (2) a description of all discovery conducted by the parties to date; (3) a description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties suggested resolution of the problems; (4) a description of the parties further discovery needs; (5) the parties estimate of the time needed to complete discovery; (6) a statement regarding whether expert testimony will be necessary, and the parties anticipated schedule for retention of experts and submission of their reports; (7) a statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reasons the limitation is sought; (8) a description of any special discovery needs of the parties (e.g., videotape, telephone depositions, or problems with out-of-state witnesses or documents, or discovery of) digital information. (See, L. Civ. R. 26(d)).

Sanctions may be imposed pursuant to Fed. R. Civ. P. 16(f) if counsel or an individual unrepresented by counsel either fails to appear at the conference or appears unprepared. Each litigant attending the conference shall be fully familiar with the file, and have full authority to bind their clients in all pretrial matters.

/s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
*******************************************************************************
**LAPTOP COMPUTERS AND PORTABLE ELECTRONIC DEVICES ARE NOT**
**PERMITTED IN THE COURTHOUSE.**
**CELLULAR PHONES ARE PERMITTED WITH BAR ID.**

# ALTERNATIVE DISPUTE RESOLUTION
## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution ( "ADR" ) program in this Court. Mediation is governed by Local Rule 301.1. The mediation program under this rule is supervised by a judicial office (at present United States Magistrate Judge Ronald J. Hedges) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages to mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial office responsible for supervision of the program wil select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. The first six hours of a mediator's time is free. The mediator's hourly rate thereafter is $250.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for the Mediation, which are available on the Court's web site PACER, (pacer.njd.uscourts.gov) and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

Civil actions in which there are pro se parties (incarcerated or not) are not eligible for meidation.

DNJ-Med-001 (08/01)

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc., Jim Moran
    & Associates, Inc. and JM Family
    Enterprises, Inc. (improperly plead as
    "JM&A Group a/k/a JM Family Enterprises,
    Inc.")
DK 4593 (David R. Kott, Esq.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | Civil Action No. 05-3581 |
| | Honorable Mary L. Cooper |
| Plaintiffs, | **APPLICATION AND ORDER FOR AN** |
| vs. | **EXTENSION OF TIME TO ANSWER,** |
| | **MOVE OR OTHERWISE REPLY** |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC., | |
| Defendants. | |

       Application is hereby made for a Clerk's Order extending the time within which

defendant JM Family Enterprises, Inc. (improperly plead as "JM&A Group a/k/a JM Family

Enterprises, Inc.") may answer, move or otherwise reply to the Complaint filed by plaintiffs

herein through and including September 9, 2005; and it is represented that:

      1.    No previous extension has been obtained;

      2.    Service of process was attempted by certified mail of the Summons and

Complaint upon defendant JM Family Enterprises, Inc. (improperly plead as "JM&A Group

a/k/a JM Family Enterprises, Inc.") on July 21, 2005;

3.   The Summons purportedly served upon defendant provided for 35 days for the time for defendant JM Family Enterprises, Inc. (improperly plead as "JM&A Group a/k/a JM Family Enterprises, Inc.") to answer, move or otherwise plead, and accordingly the time for defendant JM Family Enterprises, Inc. to answer, move or otherwise reply expires on August 25, 2005.

McCARTER & ENGLISH, LLP
Attorneys for Defendant
    Fidelity Warranty Services, Inc.,
    Jim Moran & Associates, Inc. and JM
    Family Enterprises, Inc. (improperly
    plead as "JM&A Group a/k/a JM Family
    Enterprises")

s/David R. Kott

By:
David R. Kott

DATED:  August 10, 2005

ORDER

The above application is ORDERED GRANTED.

By: _____
Deputy Clerk

DATED:

-2-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LICCARDI FORD, INC., LICCARDI     :
MOTORS, INC. and LICCARDI LINCOLN-   :
MERCURY, L.L.C.,     :
    :
                Plaintiffs,   :
       vs.     :
    :
FIDELITY WARRANTY SERVICES, INC.,   :
JM&A GROUP A/K/A JM FAMILY     :
ENTERPRISES, INC., and JIM MORAN &   :
ASSOCIATES, INC.,     :
    :
              Defendants.   :

Civil Action No. 05-3581
Honorable Mary L. Cooper (MLC)

---

**BRIEF ON BEHALF OF DEFENDANTS, FIDELITY WARRANTY SERVICES, INC., AND JIM MORAN AND ASSOCIATES, INC., IN RESPONSE TO AN ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO NEW JERSEY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

---

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants,
    Fidelity Warranty Services, Inc., and
    Jim Moran & Associates, Inc.
DK 4593 (David R. Kott, Esq.)

David R. Kott, Esq.
    Of Counsel

Matthew J. Tharney, Esq.
    On the Brief

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................................... 1

LEGAL ARGUMENT:

THIS COURT HAS SUBJECT MATTER JURISDICTION
PURSUANT TO 28 U.S.C. §1332 ................................................................................................... 3

A. Each Named Plaintiff Is A New Jersey "Citizen." .................................................................... 3

B. None Of The Defendants Is A New Jersey "Citizen." .............................................................. 4

CONCLUSION ............................................................................................................................... 6

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Carden v. Arkoma Associates*, 494 U.S. 185 (1990) .......................................................................5

*Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567 (2004).........................................................5

*Last v. Elwyn, Inc.*, 935 F. Supp. 594 (E.D. Pa. 1996) ...................................................................5

*Walls v. Ahmed*, 832 F. Supp. 940 (E.D. Pa. 1993) ........................................................................5

*Croff v. Faught*, No.Civ.A. 04-CV-1540, 2005 WL. 230668 (E.D. Pa. Jan. 31, 2005) .................5

### FEDERAL STATUTES

28 U.S.C. §1332.................................................................................................................1, 2, 3, 5

## **PRELIMINARY STATEMENT**

This matter was filed by Plaintiffs, Liccardi Ford, Inc., Liccardi Motors, Inc., and Liccardi Lincoln-Mercury, L.L.C., in the Superior Court of New Jersey, Somerset County, on June 16, 2005. Defendants, Fidelity Warranty Services, Inc., and Jim Moran and Associates, Inc., removed the action under 28 U.S.C. §1332.[1]  On July 21, 2005, the Honorable Mary L. Cooper, U.S.D.J., entered an Order to Show Cause why this action should not be remanded to New Jersey Superior Court, Somerset County, for lack of jurisdiction under 28 U.S.C. §1332. That Order to Show Cause was entered because this Court expressed concern about the allegations set forth in the Defendants' Notice of Removal regarding the citizenship of Plaintiff, Liccardi Lincoln-Mercury, L.L.C., an unincorporated association, as well as the citizenship of JM Family Enterprises, Inc.  The Court could not determine if Plaintiffs were "citizens of different States" in relation to each named Defendant, pursuant to 28 U.S.C. §1332(a)(1).

Defendants now submit this response to the Order to Show Cause. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because complete diversity exists between Plaintiffs and each Defendant and the amount in controversy is alleged to exceed $75,000, exclusive of interests and costs.

As discussed in more detail below, when this matter was filed, each of the Plaintiffs was a New Jersey "citizen" for purposes of determining whether jurisdiction exists under 28 U.S.C. §1332. Plaintiffs, Liccardi Ford, Inc., and Liccardi Motors, Inc., are incorporated in New Jersey,

---

[1] Plaintiffs also have asserted claims against an entity known as "JM&A Group a/k/a JM Family Enterprises, Inc." JM&A Group a/k/a JM Family Enterprises, Inc. is not a legal entity. JM Family Enterprises, Inc., which is a legal entity, has not been served and therefore JM Family Enterprises, Inc. is not subject to the jurisdiction of this Court. JM Family Enterprises, Inc. also was not a party to the Agreement that purportedly gives rise to this suit.

-1-

with their principal places of business in New Jersey. Liccardi Lincoln-Mercury, L.L.C. is comprised of two members – both of whom are citizens of the State of New Jersey.

When this action was filed, none of the named Defendants was a citizen of New Jersey. Fidelity Warranty Services, Inc., is incorporated in, and has its principal place of business in, the State of Florida. Jim Moran and Associates, Inc., is incorporated in, and has its principal place of business in, the State of Florida. JM Family Enterprises, Inc., an entity that has not been named in this suit and that has not been served, is incorporated in the State of Delaware, and has its principal place of business in the State of Florida.

Complete diversity exists between Plaintiffs and each Defendant, and the amount in controversy allegedly exceeds $75,000, exclusive of interests and costs. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. Accordingly, this matter should not be remanded to New Jersey Superior Court, Somerset County.

## LEGAL ARGUMENT

### THIS COURT HAS SUBJECT MATTER JURISDICTION
### PURSUANT TO 28 U.S.C. §1332.

This Court has subject matter jurisdiction over this action because complete diversity exists between Plaintiffs and each Defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. §1332. Accordingly, this matter should not be remanded to the Superior Court of New Jersey, Somerset County.

### A.    Each Named Plaintiff Is A New Jersey "Citizen."

When this action was filed, Plaintiffs Liccardi Motors, Inc., and Liccardi Ford, Inc., were "citizens" of New Jersey because each entity was incorporated in, and had its principal place of business in, the State of New Jersey. *See* Business Entity Status Reports for Liccardi Ford, Inc. and Liccardi Motors, Inc.: attached to Affidavit of David R. Kott ("Kott Aff."), as *Exhibit A.*

The two members of the unincorporated association known as Liccardi Lincoln-Mercury, L.L.C., also are New Jersey citizens. Upon receipt of the Order to Show Cause why this matter should not be remanded for lack of subject matter jurisdiction, the parties engaged in jurisdictional discovery. Defendants propounded Interrogatories designed to elicit information regarding the "citizenship" of Liccardi Lincoln-Mercury, L.L.C. *See* Interrogatories: attached to Kott Aff. as *Exhibit B.* Defendants received certified responses to those Interrogatories, which responses confirm that Liccardi Lincoln-Mercury, L.L.C. is comprised of two members: (1) Clemente Liccardi; and (2) Margaret Liccardi. Those certified responses confirm that, when this action was filed, the domicile for each member of Liccardi Lincoln-Mercury, L.L.C. was 2055 Amwell Road, Somerset, New Jersey. *See* Certified Responses to Interrogatories: attached to Kott Aff. as *Exhibit C*, at Response #3. The certified responses provided on behalf of Liccardi

-3-

Lincoln-Mercury, L.L.C., also confirm that neither member of that company was a citizen or

domiciliary of the States of Florida or Delaware when this action was filed:

> 8. As of June 16, 2005, did any members (at any layer of
> membership) of the unincorporated association known as Liccardi
> Lincoln-Mercury, L.L.C., maintain citizenship, residency,
> domicile, principal place of business and/or licensure in the State
> of Delaware? If so, identify each and every member (at any layer
> of membership) that was a citizen, resident, domiciliary and/or that
> was licensed or had a principal place of business in the State of
> Delaware, as of June 16, 2005.
>
> **Response:** See objection number #6 above. However without
> waiving the objection: *No.*
>
> 9. As of June 16, 2005, did any members (at any layer of
> membership) of the unincorporated association known as Liccardi
> Lincoln-Mercury, L.L.C., maintain citizenship, residency,
> domicile, principal place of business and/or licensure in the State
> of Florida? If so, identify each and every member (at any layer of
> membership) that was a citizen, resident, domiciliary and/or that
> was licensed or had a principal place of business in the State of
> Florida, as of June 16, 2005.
>
> **Response:** See objection number #6 above. However without
> waiving the objection: *No.*

*See* Plaintiff Liccardi Lincoln-Mercury, L.L.C.'s Responses to Interrogatories: Kott Aff., *Exhibit*

*C,* at Response ## 8-9 (emphasis supplied).

It is clear based on the certified responses to jurisdictional interrogatories that, when this

action was filed, Plaintiffs were "citizens" of the State of New Jersey for purposes of assessing

whether this Court has subject matter jurisdiction over this matter. Plaintiffs expressly denied

being "citizens" of Delaware or Florida.

**B.    None Of The Defendants Is A New Jersey "Citizen."**

When this action was filed, none of the Defendants was a New Jersey "citizen." As of

June 16, 2005, Defendant, Fidelity Warranty Services, Inc., was incorporated in, and had its

-4-

principal place of business in, the State of Florida. As of June 16, 2005, Defendant, Jim Moran and Associates, Inc., also was incorporated in, and had its principal place of business in, the State of Florida. *See* Affidavit of Maria Guttuso, Esq., at ¶¶2-3. Finally, as of June 16, 2005, JM Family Enterprises, Inc., an entity not served and not subject to the jurisdiction of this Court, was incorporated in the State of Delaware and had its principal place of business in the State of Florida. *See* Affidavit of John Whelan, at ¶2.

Based on the undisputed information provided via affidavit and via certified responses to interrogatories, it is clear that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332. *See, e.g., Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 571 (2004) (instructing that diversity of citizenship shall be determined as of the date action was filed); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-97 (1990) (explaining proper analysis for determining citizenship of an unincoporated association); *see also, e.g., Last v. Elwyn, Inc.*, 935 F. Supp. 594, 596-97 (E.D. Pa. 1996) ("Citizenship for diversity purposes is synonymous with domicile. Domicile is not the same as residence, and a person may reside in one place but be domiciled in another. Domicile consists of one's physical presence in a state and the intent to remain there." (citations omitted)); *Walls v. Ahmed*, 832 F.Supp. 940, 942 (E.D. Pa. 1993) ("Mere residence in a state is not sufficient to establish citizenship for purposes of diversity. The concept of 'domicile' is controlling. The test for determining domicile centers on two factors: (1) the intent of the person in question to make a particular location their permanent home, and (2) physical presence." (citations omitted)); *Croff v. Faught*, No.Civ.A. 04-CV-1540, 2005 WL 230668 *1 (E.D. Pa. Jan. 31, 2005) (same)).

Accordingly, Defendants respectfully request that this Court refrain from entering an Order remanding this matter to the Superior Court of New Jersey.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court refrain from entering an Order remanding this matter to the Superior Court of New Jersey.

Respectfully submitted,

McCarter & English, LLP
Attorneys for Defendants,
Fidelity Warranty Services, Inc., and
Jim Moran & Associates, Inc.

s/ David R. Kott

By:

David R. Kott
A Member of the Firm

Dated: August 17, 2005

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants,
Fidelity Warranty Services, Inc., and
Jim Moran and Associates, Inc.
DK 4593 (David R. Kott, Esq.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | : : : : | Civil Action No. 05-3581 Honorable Mary L. Cooper (MLC) |
| Plaintiffs, vs. | : : : | **AFFIDAVIT OF DAVID R. KOTT IN SUPPORT OF RESPONSE BY** |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC., | : : : : : | **DEFENDANTS, FIDELITY WARRANTY SERVICES, INC. AND JIM MORAN AND ASSOCIATES, INC., TO AN ORDER TO SHOW CAUSE WHY THIS ACTION** |
| Defendants. | : : | **SHOULD NOT BE REMANDED TO NEW JERSEY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

STATE OF NEW JERSEY )
                    :SS.
COUNTY OF ESSEX     )

DAVID R. KOTT, of full age, being duly sworn, according to law, upon his oath deposes and says:

1. I am a member of the firm of McCarter & English, LLP, attorneys for defendants Fidelity Warranty Services, Inc., Jim Moran and Associates, Inc. and JM Family Enterprises, Inc. I make this Affidavit in support of a response by defendants, Fidelity Warranty Services, Inc. and

Jim Moran and Associates, Inc., to an Order to Show Cause why this action should not be remanded to New Jersey Superior Court for lack of subject matter jurisdiction.

2. Attached hereto as *Exhibit A* is a true and correct copy of New Jersey State Business Gateway Service Business Entity Status Reports for Liccardi Ford, Inc. and Liccardi Motors, Inc.

3. Attached hereto as *Exhibit B* is a true and correct copy of Defendants' First Set of Jurisdictional Interrogatories to Plaintiff, Liccardi Lincoln-Mercury, L.L.C.

4. Attached hereto as *Exhibit C* are true and correct copies of a letter dated August 4, 2005 from plaintiffs' counsel, Nishall N. Jairam, Esq., with accompanying Responses and Objections by Plaintiff, Liccardi Lincoln-Mercury, L.L.C., to Defendants, Fidelity Warranty Services, Inc.'s and Jim Moran and Associates, Inc.'s, First Set of Jurisdictional Interrogatories, as well as Plaintiffs' First Set of Jurisdictional Interrogatories to Defendants.

David R. Kott

Sworn and subscribed to
before me this 17th day
of August, 2005.

DEBRA L. PORCU
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires.

ME1/5180900.1

# EXHIBIT A



# New Jersey State Business Gateway Service
## Corporate and Business Information Reporting

## Business Entity Status Report

**Printing Instructions:** Open your Browser's Page Setup menu and set your page margins to 0.25". Use your Browser's Print option to print the report as seen on screen.

**Saving Instructions:** Save this file to your hard drive for later viewing by using the Browser's "Save As" function.
**All available information is displayed.**

---

**Status Report For: LICCARDI FORD, INC.**

| | |
|---|---|
| **Business Name: LICCARDI FORD, INC.** | **Report Date: 08/11/2005** |
| **Business ID Number: 0100531220** | **Transaction Number: Sequence: 779687: 1** |

**Business Type: DOMESTIC PROFIT CORPORATION**
**Status: ACTIVE**

| | |
|---|---|
| **Filing Date: 10/08/1992** | **Home Jurisdiction: NJ** |
| **Status Change Date:** | **Stock Amount: 1000** |
| **DOR Suspension Start Date:** | **DOR Suspension End Date:** |
| **Tax Suspension Start Date:** | **Tax Suspension End Date:** |

**Annual Report Month: 4**
**Last Annual Report Filed: 06/17/2005**
**For Last Annual Report Paid Year: 2004**

**Incorporator: C. I. S.**
**Agent: GREGORY LICCARD**
**Agent Address: 3 SPRINGCANTA RD**
**FAR HILLS, NJ 07931**
**Office Address Status: Deliverable**
**Main Business Address: 1615 US HIGHWAY 22 WEST**
**WATCHUNG, NJ 07060**
**Principal Business Address: 1615 ROUTE 22 WEST**
**WATCHUNG, NJ 07060**

**Associated Names**
**Name: LICCARDI AUTO GROUP**          **Type Description: Fictitious Name**

---

  

NJ Business Entity Status Reports

**If you would like to receive photocopies of documents filed by this business entity, mail your request to PO Box 450, Trenton, NJ 08625. Indicate the Business Entity Number(s) involved and the type of document you wish to have copies of. Your choices are listed below:

**CHARTER DOCUMENTS**

Original Certificate Only (For example, Certificate of Incorporation);

Changes and Amendments to the Original Certificate Only; **OR**

All Charter Documents (Original Certificate and Changes/Amendments)
   And/or

**ANNUAL REPORTS**

Copy of Latest Annual Report; **OR**

Copy of Annual Report for a Specific Year(s) (List the Year Desired)

**The photocopy fee for all entities except limited liability companies is $1 per page. For limited liability companies, the fee is $10 for the first page and $2 per page thereafter.**

The total fee amount for your order will vary depending on the number of pages associated with each filed document you request. You may supply us with a check with a NOT TO EXCEED instruction to cover the costs. Make the check payable to the Treasurer, State of New Jersey. Alternately, you may pay by credit card (provide card#/expiration date and cardholder information) or depository account. Please include a self-addressed envelope with your order. If you have any questions or would like information on alternative service options such as over-the-counter expedited service, call 609-292-9292 (option 3 on the main menu and then option 8), weekdays, 8:30 a.m. to 4:30 p.m.

Privacy Policy



# New Jersey State Business Gateway Service
**Corporate and Business Information Reporting**

## Business Entity Status Report

**Printing Instructions:** Open your Browser's Page Setup menu and set your page margins to 0.25". Use your Browser's Print option to print the report as seen on screen.

**Saving Instructions:** Save this file to your hard drive for later viewing by using the Browser's "Save As" function. **All available information is displayed.**

---

**Status Report For: LICCARDI MOTORS, INC.**

**Business Name: LICCARDI MOTORS, INC.**                    **Report Date: 08/11/2005**
**Business ID Number: 5407720000**          **Transaction Number: Sequence: 779687: 2**

---

**Business Type: DOMESTIC PROFIT CORPORATION**
**Status: ACTIVE**

---

**Filing Date: 01/13/1954**                          **Home Jurisdiction: NJ**
**Status Change Date:**                       **Stock Amount: 99999999999**
**DOR Suspension Start Date:**              **DOR Suspension End Date:**
**Tax Suspension Start Date:**               **Tax Suspension End Date:**

**Annual Report Month: 4**
**Last Annual Report Filed: 08/04/2005**
**For Last Annual Report Paid Year: 2005**

---

**Incorporator: X**
**Agent: CLEMENTE J LICCARDI**
**Agent Address: 130 ROUTE 22 P.O. BOX 830**
**GREEN BROOK, NJ 08812 - 0000**
**Office Address Status: Deliverable**
**Main Business Address: 1615 ROUTE 22 WEST**
**WATCHUNG, NJ 07069**
**Principal Business Address: 1615 ROUTE 22 WEST**
**WATCHUNG, NJ 07069**

---

**Associated Names**
**Name: LICCARDI AUTO GROUP**                **Type Description: Fictitious Name**

---

  

NJ Business Entity Status Reports

**If you would like to receive photocopies of documents filed by this business entity, mail your request to PO Box 450, Trenton, NJ 08625. Indicate the Business Entity Number(s) Involved and the type of document you wish to have copies of. Your choices are listed below:

**CHARTER DOCUMENTS**

Original Certificate Only (For example, Certificate of Incorporation);

Changes and Amendments to the Original Certificate Only; **OR**

All Charter Documents (Original Certificate and Changes/Amendments)
    And/or

**ANNUAL REPORTS**

Copy of Latest Annual Report; **OR**

Copy of Annual Report for a Specific Year(s) (List the Year Desired)

**The photocopy fee for all entities except limited liability companies is $1 per page. For limited liability companies, the fee is $10 for the first page and $2 per page thereafter.**

The total fee amount for your order will vary depending on the number of pages associated with each filed document you request. You may supply us with a check with a NOT TO EXCEED instruction to cover the costs. Make the check payable to the Treasurer, State of New Jersey. Alternately, you may pay by credit card (provide card#/expiration date and cardholder information) or depository account. Please include a self-addressed envelope with your order. If you have any questions or would like information on alternative service options such as over-the-counter expedited service, call 609-292-9292 (option 3 on the main menu and then option 8), weekdays, 8:30 a.m. to 4:30 p.m.

Privacy Policy

# EXHIBIT B

McCARTER & ENGLISH, LLP
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc. and Jim
    Moran & Associates, Inc.
DK 4593 (David R. Kott, Esq.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | Civil Action No. |
| Plaintiffs, | **DEFENDANTS' FIRST SET OF JURISDICTIONAL INTERROGATORIES TO PLAINTIFF LICCARDI LINCOLN-MERCURY, L.L.C.** |
| vs. | |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC., | |
| Defendants. | |

TO:    Ned M. Cohn, Esq.
       Cohn, Bracaglia & Gropper
       275 East Main Street
       P.O. Box 1094
       Somerville, New Jersey 08876
       Counsel for Plaintiffs

COUNSEL:

        **DEMAND** hereby is made of Plaintiff, LICCARDI LINCOLN-MERCURY, L.L.C., for certified responses to Defendants' First Set of Interrogatories by no later than the close of business on August 4, 2005.

             McCARTER & ENGLISH, LLP
             Attorneys for Defendants,
             Fidelity Warranty Services, Inc. and Jim Moran &
             Associates, Inc.


             By:_____
                  David R. Kott
                  A Member of the Firm

Dated:  July 28, 2005

## JURISDICTIONAL INTERROGATORIES

1.      State the name and address of each member of the unincorporated association known as Liccardi Lincoln-Mercury, L.L.C., as of June 16, 2005.

2.      State the residence of each member of the unincorporated association known as Liccardi Lincoln-Mercury, L.L.C., as of June 16, 2005.

3.      State the domicile of each member of the unincorporated association known as Liccardi Lincoln-Mercury, L.L.C., as of June 16, 2005.

4.      State the principal place of business of each member of the unincorporated association known as Liccardi Lincoln-Mercury, L.L.C., as of June 16, 2005.

5.      As of June 16, 2005, if any constituent members of the unincorporated association known as Liccardi Lincoln-Mercury, L.L.C. were licensed, identify the State(s) in which any such constituent member were licensed.

6.      Identify the residence, domicile, citizenship, principal place of business (if any), and state of licensure (if any), of each member of any unincorporated association or corporation that is a constituent member of Liccardi Lincoln-Mercury, L.L.C., as of June 16, 2005.

7.      For each membership layer of the association known as Liccardi Lincoln-Mercury, L.L.C., identify the specific residence of each member, the domicile of each member, if licensed where licensed, the principal place of business of each member and the citizenship of each member, as of June 16, 2005.

8.      As of June 16, 2005, did any members (at any layer of membership) of the unincorporated association known as Liccardi Lincoln-Mercury, L.L.C., maintain citizenship, residency, domicile, principal place of business and/or licensure in the State of Delaware? If so, identify each and every member (at any layer of membership) that was a citizen, resident, domiciliary and/or that was licensed or had a principal place of business in the State of Delaware, as of June 16, 2005.

9.      As of June 16, 2005, did any members (at any layer of membership) of the unincorporated association known as Liccardi Lincoln-Mercury, L.L.C., maintain citizenship, residency, domicile, principal place of business and/or licensure in the State of Florida? If so, identify each and every member (at any layer of membership) that was a citizen, resident, domiciliary and/or that was licensed or had a principal place of business in the State of Florida, as of June 16, 2005.

## **CERTIFICATION**

        I hereby certify that the copies of any documents annexed hereto are exact copies; that the existence of any reports rendered by proposed expert witnesses not annexed hereto, either written or oral, is unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

        I hereby certify that the foregoing statements made by me is true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

_____

Dated: July    , 2005

# EXHIBIT C

# COHN, BRACAGLIA & GROPPER

A Professional Corporation
COUNSELLORS AT LAW
275 EAST MAIN STREET
P.O. BOX 1094
SOMERVILLE, NEW JERSEY 08876

NED M. COHN
JOHN F. BRACAGLIA, JR.
JILL L. GROPPER

NISHALL N. JAIRAM

TELEPHONE
(908) 526-1131
FACSIMILE
(908) 526-1275

August 4, 2005

**VIA FAX (973-624-7070)**
**AND REGULAR MAIL**
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

# RECEIVED

AUG 0 5 2005

# M. J. T.

Attention: Matthew J. Tharney, Esq.

Re: Liccardi Ford, Inc., et. al. v. Fidelity Warranty Services, Inc., et. al.
Civil Action No.: 05-3581 (MCL)
<u>Our File No.: 9149</u>

Dear Mr. Tharney:

Enclosed is plaintiff Liccardi Lincoln-Mercury, LLC's Response and Objections to Defendants' Fidelity Warranty Services, Inc.'s and Jim Moran & Associates, Inc.'s Jurisdictional Interrogatories. I trust that the answers contained therein will obviate the need for the deposition of a member of Liccardi Lincoln-Mercury, LLC presently scheduled for Monday, August 8, 2005. Please contact me upon receipt of this letter to confirm the same.

In addition, and in keeping with our understanding of the jurisdictional/removal issues set forth by the Honorable Mary L. Cooper, enclosed please find plaintiffs' first set of jurisdictional interrogatories to defendants. Please make every effort to ensure that our office receives your clients' certified responses to said interrogatories no later than the close of the business day August 18, 2005.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
By: _Nishall n. Jairam_
Nishall N. Jairam, Esq.

Encl.
c.c.: Liccardi Lincoln-Mercury, LLC

Nishall:9149.Liccardi Ford (Fidelity).Ltr to Atty.080405

**COHN, BRACAGLIA & GROPPER**
**A Professional Corporation**
**Counselors at Law**
**275 East Main Street**
**P.O. Box 1094**
**Somerville, New Jersey 08876**
**(908) 526-1131**
**Attorneys for Plaintiffs**
**JB – 1479**

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, LLC | : UNITED STATES DISTRICT COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>:<br>: |
| Plaintiffs, | : CIVIL ACTION NO.: 05-3591 (MLC)<br>: |
| vs. | : **PLAINTIFF LICCARDI LINCOLN-**<br>: **MERCURTY, LLC'S RESPONSE AND**<br>: **OBJECTSION TO DEFENDANTS FIDELITY**<br>: **WARRANTY SERVICES, INC.'s and** |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC. | :**JIM MORAN & ASSOCIATES, INC.'s**<br>: **JURISDICTIONAL INTERROGATORIES**<br>:<br>: |
| Defendants. | :<br>: |

To: David R. Kott, Esq.
McCarter & English, LLP
Attorneys for Defendant Fidelity Warranty Services, Inc. &
Jim Moran & Associates, Inc.
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101

Plaintiffs Liccardi Lincoln-Mercury, LLC (hereinafter "plaintiff" or "LLC") hereby

respectfully responds and objects to defendants Fidelity Warranty Services, Inc.'s and Jim Moran

& Associates, Inc.'s (hereinafter collectively "defendants") jurisdictional interrogatories as

follows:

## COMMENTS AND QUALIFICATIONS TO LLC'S RESPONSES

Defendants' request for documents required plaintiff to search for and review the documents. Plaintiff has provided the requested documents on the basis of this search and review. Documents obtained by plaintiff from defendants and/or other persons from future utilization of discovery procedures may be relevant to the substance of plaintiff's responses but are not produced in response to this request. Persons who are not employees of plaintiff may have documents relevant to the subject matter of plaintiff's responses, and plaintiff is not purporting to be providing documents, if any, possessed by such former employees, to defendants, or any other persons.

The documents produced herein are provided without waiving the following: (1) The right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any of said documents for any purpose, in whole or in part, and any subsequent step or proceeding in this action or any other action; (2) The right to object on any and all grounds, at any time, to other document requests or other discovery procedures involving or relating to the subject matter of the documents herein produced; (3) Plaintiff's right to supplement, explain, correct or clarify the answers or objections set forth.

To the extent that the defendants' request can be construed to seek copies of correspondence between Cohn, Bracaglia & Gropper, P.C. and counsel for defendants, or pleadings filed in this action, such documents are not being provided, but will be made available for inspection if counsel, for some reason, does not have copies.

All of the documents produced are provided subject to the above comments and qualifications.

## GENERAL OBJECTIONS AS TO ALL REQUESTS

1.     Plaintiff objects to defendants' entire request for documents (as contained in the interrogatory questions) on the grounds that it is, by virtue of its length and purported scope, burdensome and harassing. Many of the individual requests are over broad and duplicative. As a result, documents produced in response to any one particular request, may also be responsive to

2

other duplicative requests, which is not separately noted.

2.      Many of the requests purport to seek documents which are protected by the attorney-client privilege and the attorney work product privilege and other applicable privileges. These requests are beyond the scope of permissible discovery and the documents will not be produced. Plaintiff does not waive any applicable privilege by providing a document in response to a request.

3.      Plaintiff objects to all requests to the extent that they may be construed to seek documents containing proprietary or confidential information or trade secrets.

4.      Plaintiff objects to the definitions and instructions contained in the document request to the extent they seek to impose any obligations on plaintiff beyond the requirements of the New Jersey Court Rules and other applicable law. In particular, and not by way of limitation, plaintiff objects to any discovery relating to transactions or properties which are not the subject of this litigation.

5.      Plaintiff objects to these requests to the extent they seek documents relating to restructuring or settlement discussions, negotiations or proposals.

6.      Defendants have not provided any definition of the terms "residence," "domicile," or "citizenship." Plaintiff therefore objects to any interrogatory incorporating such term(s) to the extent that such interrogatory requires a legal conclusion from plaintiff.

7.      These objections are asserted as to each request to which it is applicable and they are not waived by providing an answer, objection or document in partial response to any request to which it is applicable and they are not waived by providing an answer, objection or document in partial response to any request.

## <u>RESPONSE TO INTERROGATORIES</u>

Each answer is numbered to correspond with the question asked.

1.    There are two members of the LLC:

Clemente Liccardi
2055 Amwell Road

3

Somerset, NJ 08873

Margaret Liccardi
2055 Amwell Road
Somerset, NJ 08873

2.     See objection number #6 above. However without waiving the objection:

Clemente Liccardi
2055 Amwell Road
Somerset, NJ 08873

Margaret Liccardi
2055 Amwell Road
Somerset, NJ 08873

In addition, Clemente Liccardi and Margaret Liccardi maintain a condominium at:

Chalfonte
500 Ocean Avenue, Apartment 1506 N
Boca Raton, FL 33432

3.     See objection number #6 above. However without waiving the objection:

Clemente Liccardi
2055 Amwell Road
Somerset, NJ 08873

Margaret Liccardi
2055 Amwell Road
Somerset, NJ 08873

4.     The principal place of business of the members of the LLC, as distinct from the LLC itself, is in the State of New Jersey.

5.     To the extent that the members of the LLC possess any licenses, those licenses are from the State of New Jersey.

6.     See objection number #6 above. However without waiving the objection:

Clemente Liccardi
2055 Amwell Road
Somerset, NJ 08873

Margaret Liccardi
2055 Amwell Road

Somerset, NJ 08873

In addition, Clemente Liccardi and Margaret Liccardi maintain a condominium at:

Chalfonte
500 Ocean Avenue, Apartment 1506 N
Boca Raton, FL 33432

The principal place of business of the members of the LLC, as distinct from the LLC itself, is in the State of New Jersey.

To the extent that the members of the LLC possess any licenses, those licenses are from the State of New Jersey.

7.    See objection number #6 above.  However without waiving the objection:

Clemente Liccardi
2055 Amwell Road
Somerset, NJ 08873

Margaret Liccardi
2055 Amwell Road
Somerset, NJ 08873

In addition, Clemente Liccardi and Margaret Liccardi maintain a condominium at:

Chalfonte
500 Ocean Avenue, Apartment 1506 N
Boca Raton, FL 33432

The principal place of business of the members of the LLC, as distinct from the LLC itself, is in the State of New Jersey.

To the extent that the members of the LLC possess any licenses, those licenses are from the State of New Jersey.

8.    See objection number #6 above.  However without waiving the objection:
      No.

9.    See objection number #6 above.  However without waiving the objection:
      No.

**PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement the above

answers.

9149.Liccardi Ford (Fidelity).080205

## <u>CERTIFICATION</u>

I hereby certify that the copies of any documents annexed hereto are exact copies; that the existence of any reports rendered by proposed expert witnesses not annexed hereto, either written or oral, is unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I hereby certify that the foregoing statements made by me is true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

8/2/05
Dated: ~~July       , 2005~~

**COHN, BRACAGLIA & GROPPER**
**A Professional Corporation**
**Counselors at Law**
**275 East Main Street**
**P.O. Box 1094**
**Somerville, New Jersey 08876**
**(908) 526-1131**
**Attorneys for Plaintiffs**
**JB – 1479**

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, LLC | : UNITED STATES DISTRICT COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>:<br>: |
| Plaintiffs, | : CIVIL ACTION NO.: 05-3591 (MLC)<br>:<br>: **PLAINTIFFS' FIRST SET OF** |
| vs. | : **JURISDICTIONAL INTERROGATORIES**<br>: **TO DEFENDANTS** |
| FIDELITY WARRANTY SERVICES, INC.,:<br>JM&A GROUP A/K/A JM FAMILY<br>ENTERPRISES, INC., and JIM MORAN &<br>ASSOCIATES, INC. | :<br>:<br>: |
| Defendants. | :<br>: |

To:    David R. Kott, Esq.
       McCarter & English, LLP
       Attorneys for Defendant Fidelity Warranty Services, Inc. &
       Jim Moran & Associates, Inc.
       Four Gateway Center
       100 Mulberry Street
       P.O. Box 652
       Newark, NJ 07101

**PLEASE TAKE NOTICE**, that plaintiffs Liccardi Ford, Inc., Liccardi Motors, Inc.,

and Liccardi Lincoln Mercury, LLC (hereinafter "plaintiffs") hereby demands that

defendant Fidelity Warranty Services, Inc. (hereinafter "Fidelity") and defendant Jim

Moran & Associates, Inc. ("hereinafter "Jim Moran"), answer the following

Interrogatories no later than the close of the business day on August 18, 2005. These Interrogatories shall be deemed continuing, so as to require supplemental answers if the parties to whom they are addressed obtain further information between the time answers are served and the time of trial. Any such supplemental answers or any amendments shall specify to which Interrogatory number such answer or amendment applies.

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
Ned M. Cohn, Esq.

Dated: August 4, 2005

Rogs:9149.Liccardi Ford.080205

# DEFINITIONS

As used herein:

A. "Address" means the present or last known street name and number, city or town, state and zip code.

B. "Document" or "Documents" means the original and any identical or non-identical copy regardless of origin or location, of any writing or record of any type of description, including, but not limited to, the original and a copy of the book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet, or data processing card, correspondence, table, analysis, schedule, diary, message (including but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication ( including inter-office or intra-office communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phono record, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which plaintiff has or has had access.

C. "Identify", "Identity", "Identification" means, when used in reference to:

1. Natural person,  his or her:

   a.  Full name;

   b.  Home address;

   c.  Business address;  and

   d.  Present or last known position, business affiliation and job description.

2. A company, corporation, association, partner-ship or legal entity other than a natural

3

person:

a. Its full name;

b. A description of the type of organization or entity;

c. The address of its principal place of business;

d. The jurisdiction of incorporation or organization; and

e. Date of its incorporation or organization.

3. A document:

a. Its description (for example, letter, memorandum, report, etc.)

b. Its title;

c. Its date;

d. The number of pages thereof;

e. Its subject matter;

f. The identity of its author, signer, and any person who participated in its preparation;

g. The identity of its addressee or recipient;

h. The identity of each person to whom copies were sent and each person by whom copies were received;

i. Its present location; and

j. The identity of its custodian. (If any such document was, but is no longer in the possession of or subject to the control of the plaintiff, state what disposition was made of it and when).

4. Oral Communication:

   a. The date and time when it occurred;

   b. The place where it occurred;

   c. The complete substance of the communication;

   d. The identity of each person;

      1. To whom such communication was made;

      2. By whom such communication was made; and

      3. Who was present when such communication was made.

   e. If by telephone:

      1. The identity of each person:

         A. Who made each phone call;

         B. Who participated in each call.

      2. The place where each person participating in each call is located.

   f. The identity of all documents memorializing, referring or relating in any way to the subject matter of the communication.

   D. "Oral Communication" or Oral Communications" means any verbal conversation and other statement from on person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

   E. "Person" or "Persons" means the natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

## INSTRUCTIONS

A.  Each interrogatory is intended to, and does, request that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory.  Where an interrogatory relates to more than one person or subject it is to be answered as to each such person or subject separately.

B.  You are to furnish all information which is available to you as of the date of your answers to these interrogatories, including that obtained by or in the possession of you.  If you are unable to answer any of the interrogatories, after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

C.  With respect to the answer to each interrogatory, or subpart thereof, identify all persons and documents consulted by you in preparing your answer thereto, and state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the identity of each person who provided any information included in such answer.  In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof.

D.  When an interrogatory or any of its subparts calls for you to "set forth the factual basis" of any of your allegations or any of your answers, the request calls for you to set forth and describe each fact and identify each document which you contend tends to support your allegation or answer and identify each person who possesses facts supporting your allegation or answer.

E.  If any information required to answer any interrogatory is withheld because you claim that such information is privileged, or is contained in a privileged document or communication:

    a.  Identify each such document or communication;

    b.  Identify the privilege and set forth the factual basis for the privileged claimed;

    c.  Set forth each subparagraph of the interrogatory to which each such document or communication is responsive.

F. Unless otherwise specified, the period covered by these interrogatories is the period commencing with the first act or condition giving rise to the liability alleged to exist in the Complaint, up to and including the present.

G. If there was a document, but it no longer exists, state the circumstances under which it was destroyed or ceased to exist, including:

    a. The identity of each person who determined that each such document would be removed or destroyed;

    b. The identity of each person who authorized the destruction or removal of each such document;

    c. The identity of each such person who removed or destroyed each such document;

    d. The substance and content of each such document;

    e. The date and location at which each such document was removed or destroyed.

1.     In which State is Fidelity incorporated in?

2.     Describe the principal business activity of Fidelity.

3.     State whether Fidelity carries on its principal business activity in the State of New Jersey.

4.     State whether Fidelity is authorized to carry on its principal business activity in the State of New Jersey.

5.     Does Fidelity have a corporate headquarters' in the State of New Jersey?  If yes, state the function of said headquarters.

6.     Does Fidelity carry on any day to day corporate activity in the State of New Jersey?

7.     Does Fidelity have any office(s) in the State of New Jersey?  If yes, describe the type and function of said office(s).

8.     In number 7 above, if yes, state whether said office(s) carries on the day-to-day corporate activity of Fidelity.

9.     In number 7 above, if yes, state whether said office(s) oversees and/or supervises the operation of Fidelity's business.

10.    In number 7 above, if yes, state whether said office(s) carries on any management activity.

11.    In which State is Jim Moran incorporated in?

12.    Describe the principal business activity of Jim Moran.

13.    State whether Jim Moran carries on its principal business activity in the State of New Jersey.

14.    State whether Jim Moran is authorized to carry on its principal business activity in the State of New Jersey.

15.    Does Jim Moran have a corporate headquarters' in the State of New Jersey? If yes, state the function of said headquarters.

16.    Does Jim Moran carry on any day to day corporate activity in the State of New Jersey?

17.    Does Jim Moran have any office(s) in the State of New Jersey? If yes, describe the type and function of said office(s).

18.    In number 17 above, if yes, state whether said office(s) carries on the day-to-day corporate activity of Jim Moran.

19.    In number 17 above, if yes, state whether said office(s) oversees and/or supervises the operation of Jim Moran's business.

20.    In number 17 above, if yes, state whether said office(s) carries on any management activity.

21.     In which State is JM&A Group A/K/A/ JM Family Enterprises (hereinafter "JMA") incorporated in?

22.     Describe the principal business activity of JMA.

23.     State whether JMA carries on its principal business activity in the State of New Jersey.

24.     State whether JMA is authorized to carry on its principal business activity in the State of New Jersey.

25.     Does JMA have a corporate headquarters' in the State of New Jersey?  If yes, state the function of said headquarters.

26.     Does JMA carry on any day to day corporate activity in the State of New Jersey?

27.     Does JMA have any office(s) in the State of New Jersey?  If yes, describe the type and function of said office(s).

28.     In number 27 above, if yes, state whether said office(s) carries on the day-to-day corporate activity of JMA.

29.     In number 27 above, if yes, state whether said office(s) oversees and/or supervises the operation of JMA's business.

30.     In number 27 above, if yes, state whether said office(s) carries on any management activity.

## CERTIFICATION

I certify that the foregoing answers to interrogatories made by me are true to the best of my knowledge and belief. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

Dated: _____    _____

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc., Jim Moran
    & Associates, Inc. and JM Family
    Enterprises, Inc. (improperly pleaded as
    "JM&A Group a/k/a JM Family Enterprises,
    Inc.")
DK 4593 (David R. Kott, Esq.)

|  |  |
|---|---|
|  | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | Civil Action No. 05-3581 Honorable Mary L. Cooper (MLC) |
| Plaintiffs, | **AFFIDAVIT OF MARIA K. GUTTUSO, ESQ. IN SUPPORT OF MOTION TO DISMISS PURSUANT TO** *FED. R. CIV. P.* 12(b)(6) |
| vs. | |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC., | |
| Defendants. | |

STATE OF FLORIDA    )
                 :SS.
COUNTY OF BROWARD  )

      Maria K. Guttuso, Esq., of full age, being duly sworn according to law, upon her oath,

deposes and says:

1. I serve as Vice-President and General Counsel for both Fidelity Warranty Services, Inc., and Jim Moran and Associates, Inc. I also serve as the Assistant Corporate Secretary for both of those entities. I have personal knowledge about the facts asserted herein.

2. Fidelity Warranty Services, Inc. is incorporated in, and has its principal place of business in, the State of Florida.

3. Jim Moran & Associates, Inc. is incorporated in, and has its principal place of business in, the State of Florida.

4. Attached hereto as Exhibit A is a true and correct copy of the Administrative Agreement dated August 13, 1990, Addendum L, and Amendment to Administrative Agreement dated August 31, 1990, between Fidelity Warranty Services, Inc. and Liccardi Motors, Liccardi Lincoln-Mercury, LLC, and Liccardi Ford.

Sworn and subscribed to
before me this 16 day
of _AUGUST_, 2005.

_Kathleen M. O'Hare_
NOTARY

Kathleen M O'Hare
My Commission DD181081
Expires February 20, 2007

# **EXHIBIT A**

# ADMINISTRATIVE AGREEMENT

ADMINISTRATIVE AGREEMENT made and entered into as of this __13th__ day of __August__ , 19 90

by and between FIDELITY WARRANTY SERVICES, INC. (hereinafter *FWS*), and _____
Liccardi Motors

<div align="center">(Dealer)</div>

130 Route 22, Greenbrook, NJ 08812

(Street)        (City)        (State and Zip)

(hereinafter the *Dealer*). The Dealer as referred herein also includes all *dealers* as listed on the attached Addendum L.

## WITNESSETH

The Dealer desires to establish and operate an automotive mechanical failure service program, whereby it will enter into automotive mechanical service Agreements, under which Agreements it will be obligated to provide certain coverages in the event of specified mechanical breakdown or failure of the covered vehicle (the *Program*).

Implementation of the *Program* depends upon the Dealer's application for, and the Dealer's obtaining coverage under, an automotive mechanical service contractual liability insurance policy (the *Insurance Policy*) by which an insurance company will reimburse the Dealer for certain losses incurred pursuant to its obligations under certain automotive mechanical service Agreements, and/or reimburse *FWS*.

The Dealer desires to have *FWS* perform certain administrative functions in connection with the operation of the *Program*, and *FWS* desires to perform such services. In consideration of the mutual promises contained herein the parties agree as follows:

## I. AGREEMENT PERIOD

The term of this Agreement (the *Agreement Period*) shall begin on the above date and shall continue until three (3) years from the above date, but this Agreement shall be automatically renewed at the end of such period and the end of each subsequent renewal period for a term of one (1) year. After the initial three (3) year agreement period has been completed then this Agreement may be terminated by either party by giving notice of termination to the other party not less than thirty (30) days prior to such date.

## II. RESPONSIBILITIES OF FWS

1. *FWS* agrees to consult with and advise the Dealer regarding the operation of the *Program* and to provide the Dealer with forms of the mechanical failure service agreement attached here as Schedule A (hereinafter *FWS Contract*) and with supplies that will assist *FWS* in the administration of the *Program*. The quality of *FWS Contracts* and supplies provided to the Dealer shall be those which are needed for the successful operation of the *Program* as determined by *FWS* in the exercise of its reasonable judgment. The Dealer agrees to immediately return the *FWS Contract* and supplies to *FWS* at the end of the agreement period or upon cancellation of this Agreement by either party. *FWS* will design and produce assorted brochures and other marketing materials as determined by *FWS* to be of assistance to the dealer in the sale of the *Program*.

2. The Dealer appoints *FWS* to act as the *Authorized Agent of the Obligor* in connection with each *FWS Contract* issued by the Dealer during the Agreement period and *FWS* accepts the appointment. The Dealer authorizes *FWS* to exercise all such powers of the Authorized Agent of Obligor referred to in the *FWS Contract* and all powers reasonably incident thereto.

3. The Dealer, at its option, may advance to *FWS* funds necessary to discharge the Dealer's reimbursement obligations arising under *FWS Contracts* issued by the Dealer during the Agreement Period, together with instructions for the proper payment of such funds to the customer to whom the Dealer is obligated. If *FWS* shall make such reimbursement payments to the customer in accordance with the *FWS Contract* then *FWS* will help the Dealer process any claims which the Dealer may have under its *Insurance Policy*. The Dealer authorizes *FWS* (Pursuant to Addendum A — Assignment Form) to collect payments on its behalf which in turn will be forwarded to the Dealer. Instead of forwarding to the Dealer such funds collected from the Insurance Company on behalf of the Dealer, *FWS*, subject to any instructions from the Dealer, may forward such funds directly to the customer to whom the Dealer is obligated for such amount. Other than the funds in *FWS's* possession which have been advanced by the Dealer or collected for the Dealer under the *Insurance Policy* in accordance with this paragraph, *FWS*, or any of its affiliates, shall have no liability or obligation to any party arising in connection with the Dealer's reimbursement obligations to customers, nor shall *FWS*, or any of its affiliates, have any obligation to advance any funds on behalf of the Dealer.

24-501-1 (04/88)

— 1 —

FILMED
FILE COPY

4. *FWS* agrees to assist the Dealer to secure and maintain the *Insurance policy* required by this Agreement.

5. *FWS* agrees to provide the dealer quarterly management reports reflecting certain performance aspects of the *Program*.

## III. SUBMISSION OF REPORTS

From time to time, *FWS* may request the dealer to submit to *FWS*, within ten (10) days after the end of each month, a report which shall state: (1) the number and nature of *FWS Contracts* issued during such month, (2) the actual amount charged the customer for each *FWS Contract* issued by it during such month, (3) the cancellations or terminations of *FWS Contracts* occurring during such month, and (4) such other information regarding the *Program* as may be reasonably requested by *FWS*. These reports shall be on forms supplied by *FWS* .

## IV. FWS CHARGE

1. As payment for the services performed by *FWS* under this Agreement, the Dealer agrees to remit to *FWS* on all *FWS Contracts* the respective *FWS Charge* as determined according to Schedule B attached. *FWS* will in turn remit the appropriate insurance premium to the Dealer's insurance carrier. (Amounts per Schedule C.) *FWS* will also disburse any management and incentive holdback amounts from Schedule F, as instructed on Addendum B and Addendum C respectively. *FWS Charge* is calculated as shown on Schedule F.

2. The *FWS Charge* payable on each *FWS Contract* shall be paid in U.S. currency to *FWS* no later than ten (10) days following the end of the month during which such *FWS Contract* was validly issued by the Dealer.

3. If the *FWS Contract* is properly cancelled or terminated under its terms, *FWS* will return to the Dealer the unused pro-rata portion of the *FWS* charge, plus the pro-rata refund of the insurance premium, less the administration fee as designated on the *FWS Contract*. Such amount shall be paid or credited to the Dealer no later than thirty (30) days after the end of the month during which *FWS* has received from the Dealer written notice of such cancellation or termination and evidence that the customer was paid the appropriate unused portion of the purchase price paid by the customer for the *FWS Contract*.

4. Dealer agrees to honor cancellation requests and make refunds in accordance with the terms stated in the *FWS Contract*.

## V. CANCELLATION

1. This Agreement may be cancelled (except for the obligations of *FWS* under paragraph II (4) of this Agreement, which in the event of cancellation shall remain in effect until the expiration of the *FWS Contracts* issued prior to cancellation) by either party with thirty (30) days written notice once the initial three (3) year agreement period has been reached. This Agreement shall be cancelled automatically upon the Dealer's bankruptcy, insolvency, or assignment for the benefit of creditors.

2. Cancellation of this Agreement shall not affect the duties or rights of either party as to the *FWS Contracts* validly issued before the effective date of a cancellation. It is expressly understood that the Dealer shall deliver to *FWS* the *FWS Charge* for each *FWS Contract* validly issued by it prior to the effective date of cancellation.

## VI. SUBSTITUTION OF FWS CONTRACT FORM AND FWS CHARGE TABLE

1. It is understood and agreed by both the dealer and *FWS* that the *FWS Contracts* and the *FWS Charge* as to be attached hereto as Schedules A and B respectively have been designed and priced in a manner that is mutually agreeable to both parties and the Insurance Co.

2. The Dealer agrees and understands that the insurance premium portion of the *FWS Charge* is determined by the Insurance Co. and is subject to change according to their terms and any changes made by the Insurance Co. do not alter any of the other terms specified in this Agreement.

3. Once each calendar year the Dealer may request to change the terms and coverages of the *FWS Contracts* in order to remain competitive in his market. Any changes however, must be by mutual agreement of *FWS* and the Insurance Co.

4. Twelve months from the date of this Agreement and each twelve month period thereafter, *FWS* may change, at its sole option, its portion of the *FWS Charge*. However, any change may not be more than the amount defined as *The Consumer Price Index* change for the last twelve months. Any changes made by *FWS* for its portion of the *FWS Charge* does not alter any of the other terms specified in this Agreement.

5. Any changes to the *FWS Charge*, the *FWS Contract* or any other item affecting the terms of this Agreement shall be effected by giving written notice to all parties affected.

24-501-2 (04/88)

— 2 —

FILE COPY

## VII. INSPECTION AND EXAMINATION

*FWS* shall be permitted to inspect and examine the Dealer's books and records related to the operation of the *Program* at any time during the Agreement period, during any extensions of the Agreement and for one (1) year after the expiration of the *FWS Contract* validly issued during the Agreement Period.

## VIII. NO *FWS* LIABILITY UNDER DESIGNATED CONTRACTS

1. It is expressly understood that the Dealer shall be the sole obligor under the *FWS Contracts* and that neither *FWS* nor any of its affiliates shall have any liability, obligation or responsibility whatsoever to the customer under any of the *FWS Contracts*, and the Dealer agrees to make no representation or to create any impression that *FWS* or any of its affiliates or any other person is obligated under the *FWS Contracts*. This Agreement shall in no manner affect its right at a later time to enforce the same, and no waiver of any nature by *FWS*, whether by conduct or otherwise, shall be a continuing waiver.*

2. Dealer agrees to indemnify *FWS* for any damages that *FWS* may sustain as a result of Dealer's failure to comply in a material way with this Agreement, the *FWS Contract*, or the Insurance Policy.

## IX. FINAL CLAIMS AUTHORIZATION RESPONSIBILITY

1. The dealer agrees and understands that *FWS*, as *agent of the obligor*, has full authorization and responsibility to adjust and administer all claim requests on behalf of the Dealer and the Insurance Company. The Dealer agrees to hold *FWS* and the Insurance Company harmless for any liability arising out of and in connection with any claim denial where *FWS* used good reasonable judgment in the denial of the claim.

2. The Dealer agrees and understands that *FWS* on occasion will incur extraordinary expenses arising out of and in connection with the adjustment of particularly questionable claims (loss adjustment expense). The Dealer further agrees and understands that this expense is to the mutual benefit of the Dealer and the Insurance Company and accepts responsibility to reimburse *FWS* for these expenses as they are incurred. This responsibility is unaffected by the termination of this Agreement for any reason.

## X. RETROSPECTIVE COMMISSIONS

1. *FWS*, subject to the Insurance Company's approval, agrees and understands that the Dealer will receive retrospective commissions (defined below) based upon the underwriting results of the Dealer's claim reserve. *FWS* further agrees and understands that the dealer will receive net investment income (defined below) on claim reserves available for investment.

2. The Dealer's retrospective commission will be calculated on a cumulative basis as:

        Earned reserve

    plus    Investment income
    less    Claims incurred
    less    Premium taxes
    less    Loss adjustment expenses
    less    Previous paid retrospective commissions
    equals  Current retrospective commission.

3. The Dealer will receive 100% of the net investment income from his reserve funds which are available to invest as described on Addendum I.

4. Available retrospective commissions and net investment income payments will be calculated and paid as described on *Addendum R — Retrospective Commissions* attached.

*Section VIII, Paragraph 1., does not apply to a Florida Dealer.

FILE COPY

## XI  GENERAL

1. *Giving of Notice.* All notices (and submissions of reports) under this Agreement shall be given by U.S. malls, postage prepaid, addressed, if to *FWS*, to 190 N.W. 12th Ave., Deerfield Beach, Florida, 33442, its principle office, or, if to the Dealer, to the Dealer's address set forth in this Agreement or such other address as may be delivered in writing to *FWS*.

2. *Assignment.* This Agreement may not be assigned or transferred, including no assignment or transfer by operation of law, by either party without the prior written consent of the other party.

3. *No Benefit to Third Parties.* The rights and privileges afforded by this Agreement are solely for the benefit of the parties to this Agreement, and in no circumstances shall any other party have any rights or privileges or be entitled to any benefits under this Agreement.

4. *Changes.* Except as provided in Paragraph VI hereof, this Agreement may be amended or modified, and the terms and conditions of the Agreement may be waived, only by the written consent of both parties. The failure of *FWS* at any time to require performance of any provision of this Agreement shall in no manner affect its right at a later time to enforce the same, and no waiver of any nature by *FWS*, whether by conduct or otherwise, shall be a continuing waiver.

5. *Entire Agreement.* This Agreement sets forth the entire agreement and understanding of the parties in respect to the transactions contemplated hereby.

6. *Governing Law.* This Agreement shall be governed by and construed and enforced in accordance with the laws of Florida, and the parties agree that any litigation regarding this Agreement shall take place only in Broward County, Florida.

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the date set forth below.

FIDELITY WARRANTY SERVICES, INC.

By: _____

_____
TITLE

_____10/27/92_____
DATE


Liccardi Motors
DEALERSHIP NAME

By: _____

_____
TITLE

_____10-7-92_____
DATE

FILE COPY          (11/08/87)

Case 0:05-cv-61741-KAM Document 1 Entered on FLSD Docket 11/06/2005 Page 102 of 236

## ADDENDUM L

JUL 3 0 1999

## DEALERS INCLUDED IN THIS AGREEMENT

Liccardi Motors _____ (Dealer) and *FWS* have, on
this date, executed an Administrative Agreement with respect to a *program* as more specifically defined
in the Administrative Agreement.

The parties listed below are enjoined with the *Dealer* and become one in the same with the *Dealer* for
the purposes of any and all obligations of the *Dealer's* and *FWS's* part. The *Dealer* acknowledges that
he has authority to enjoin these parties into this Agreement and accepts ultimate responsibility to *FWS*
in the event any one or all of the parties should desire to breach any section of this Agreement.

Each of the following parties hereby acknowledges and agrees to the terms of this Agreement.



**Liccardi Motors**
DEALERSHIP

**130 Route 22**
ADDRESS

**Greenbrook, NJ 08812**
CITY · STATE · ZIP

BY: _____
NAME · TITLE

SIGNATURE · DATE

**Liccardi Lincoln- Mercury**
DEALERSHIP

ADDRESS

CITY · STATE · ZIP

BY: _____
NAME · TITLE

SIGNATURE · DATE

**Liccardi Ford (30543)**
DEALERSHIP

ADDRESS

CITY · STATE · ZIP

BY: _____
NAME · TITLE

SIGNATURE · DATE

**Liccardi Motors**
DEALER AS LISTED ABOVE

DEALERSHIP

ADDRESS

CITY · STATE · ZIP

BY: _____
NAME · TITLE

SIGNATURE · DATE

DEALERSHIP

ADDRESS

CITY · STATE · ZIP

BY: _____
NAME · TITLE

SIGNATURE · DATE

DEALERSHIP

ADDRESS

CITY · STATE · ZIP

BY: _____
NAME · TITLE

SIGNATURE · DATE

SIGNATURE

*FILMED*

FILE COPY

24-601-111 (10/90)

JUL 14 2005 16:41 954 418 0088

# AMENDMENT
# TO
# ADMINISTRATIVE AGREEMENT

THIS AMENDMENT TO ADMINISTRATIVE AGREEMENT between Fidelity Warranty

Services, Inc. (hereinafter "FWS") and <u>Liccardi Motors</u>

<u>30516</u>        <u>130 Route 22, Green Brook, NJ 08812</u>    <sup>(THE DEALER)</sup>
(CODE #)                                      (ADDRESS)

hereinafter "Dealer") is made and entered into as of this <u>31st</u> day of <u>August</u> , 1990 .
The Dealer as referred to herein also includes all dealers as listed on Addendum L to the Administrative Agreement.

## W I T N E S S E T H :

The Dealer desires to offer in conjunction with and/or in addition to the automotive mechanical failure service program a pre-paid maintenance program whereby it will enter into contracts with its customers under which it will be obligated to provide certain scheduled maintenance services (the "Car Care Service Plan").

The Dealer desires to have FWS perform certain administrative functions in connection with the Car Care Service Plan and FWS desires to perform such services in accordance with the terms and subject to the conditions hereinafter set forth.

In consideration of the mutual promises contained herein the parties agree as follows:

## I. AGREEMENT PERIOD

The term of this Amendment shall be concurrent with the Administrative Agreement.

## II. RESPONSIBILITIES OF FWS

1. FWS agrees to consult with and advise the Dealer regarding the operation of the Car Care Service Plan and to provide contract forms for the Dealer to offer to its customers.

2. The Dealer appoints FWS to act as the authorized administrator in conjunction with each Car Care Service Plan contract issued by the Dealer during the Agreement Period and FWS accepts the appointment.

3. FWS agrees to establish and maintain sufficient records and procedures to enable it to perform its administrative obligations.

4. FWS agrees to provide customers with coupon books for the pre-paid Car Care Service Plan contracts as issued by the Dealer.

5. FWS agrees to reimburse the Dealer the value of coupons submitted to FWS by the Dealer.

6. FWS agrees to pay the Dealer the reimbursement value of missed coupons as of the end of each calendar year by February 15 of the next year. Such payments will be made as long as this agreement is in force and provided the Dealer has reported sales of a minimum of five (5) Car Care contracts per month in the last quarter of the year. A missed coupon is defined for the purpose of this provision as a coupon which has not been presented for redemption prior to, on, or within six (6) months after the anticipated redemption date. The anticipated redemption date will be based approximately on an assumption of 1,000 miles driven each month. On contracts cancelled prior to expiration only coupons with anticipated redemption dates prior to the cancellation date may be considered missed coupons. If the value of a missed coupon has been paid to the Dealer and the coupon is subsequently validly redeemed, whether at the Dealer's facility or other, the Dealer agrees to accept billing from FWS for the value of the coupon.

FM 04-19 791-1 (02/23/91)

## III. RESPONSIBILITIES OF DEALER

1. Dealer agrees to report all sales of Car Care Service Plan contracts in the same manner as requried by the Administrative Agreement for FWS contracts.

2. Dealer agrees to remit to FWS for all Car Care Service Plan contracts the amount required by FWS as previously agreed upon in the FWS agreement. FWS will in turn disburse holdback monies as previously agreed upon in the FWS agreement.

3. Dealer agrees to provide maintenance services for Car Care Service Plan customers as pre-scribed by the contract, including the use of only products meeting the quality specifications of the manufacturer or distributor.

4. Dealer agrees to submit coupons to FWS for redemption as maintenance services are provided for customers and accept reimbursement from FWS.

5. Dealer agrees to honor cancellation requests and make refunds in accordance with the terms of the Car Care Service Plan contracts. FWS will return unused pro-rata portions of the amounts originally paid to FWS less any administrative fees.

6. Dealer agrees to collect taxes for the sales of this plan as regulated in the Dealer's location by state or local authorities. The Dealer should rely on the Dealer's accountant and legal counsel for the tax laws that apply to the local jurisdiction in which it does business. The Dealer will hold FWS harmless for the incorrect collection and failure on the part of the Dealer to remit to the proper authorities state and local sales and use tax levied on the service and parts consumed by the Dealer in fulfilling the contract coverage.

## IV. GENERAL

All other provisions of the Administrative Agreement shall remain in effect and act to govern this Amendment.

**IN WITNESS WHEREOF,** the parties have duly executed this Amendment as of the date set forth below.

Liccard, Motors
(Dealer)

By: Dorothy Krempger

Contraller
Title

3-6-92
Date

FIDELITY WARRANTY SERVICES, INC.

By:

Gen MGn
Title

3-6-92
Date

FWS
By M. Distkough
4/30/92

PM 24-19 794-2 (02/23/91)

McCARTER & ENGLISH, LLP
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc., Jim Moran
    & Associates, Inc. and JM Family
    Enterprises, Inc. (improperly pleaded as
    "JM&A Group a/k/a JM Family Enterprises,
    Inc.")
DK 4593 (David R. Kott, Esq.)

|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | FOR THE DISTRICT OF NEW JERSEY |

LICCARDI FORD, INC., LICCARDI          :
MOTORS, INC. and LICCARDI LINCOLN-     :
MERCURY, L.L.C.,                       :
                                       :
                          Plaintiffs,  :
                                       :
        vs.                            :
                                       :
FIDELITY WARRANTY SERVICES, INC.,      :
JM&A GROUP A/K/A JM FAMILY             :
ENTERPRISES, INC., and JIM MORAN &     :
ASSOCIATES, INC.,                      :
                                       :
                          Defendants.  :

Civil Action No. 05-3581
Honorable Mary L. Cooper )(MLC)

**AFFIDAVIT OF
JOHN J. WHELAN
IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO
*FED. R. CIV. P.* 12(b)(6)**

STATE OF FLORIDA       )
                       :SS.
COUNTY OF BROWARD      )

John J. Whelan, of full age, being duly sworn according to law, upon his oath, deposes

and says:

    1.    I serve as Vice President and Corporate Secretary for JM Family Enterprises, Inc.

and have been employed with the company for twenty-four (24) years.

2.    The entity identified by plaintiffs as "JM&A Group a/k/a JM Family Enterprises,

Inc." is not a proper name for the entity known as JM Family Enterprises, Inc.  JM Family

Enterprises, Inc. is incorporated in the State of Delaware and has its principal place of business

in the State of Florida.



Sworn and subscribed to
before me this  day
of August 16, 2005.



Notary Public State of Florida
Melanie G Mikaelian
My Commission DD429564
Expires 07/07/2009

Notary Public State of Florida
Melanie G Mikaelian
My Commission DD429564
Expires 07/07/2009

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc.,
    and Jim Moran & Associates, Inc.
DK 4593 (David R. Kott, Esq.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | : : : : | Civil Action No. 05-3581 Honorable Mary L. Cooper (MLC) |
| Plaintiffs, | : : | **Date of Argument: September 15, 2005** |
| vs. | : : | |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC., | : : : : : | **DEFENDANTS, FIDELITY WARRANTY SERVICES, INC.'S AND JIM MORAN AND ASSOCIATES, INC.'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO** |
| Defendants. | : : | ***FED. R. CIV. P.* 12(b)(6)** |

TO: Ned M. Cohn, Esq.
    Nishall N. Jairam, Esq.
    Cohn, Bracaglia & Gropper
    275 East Main Street
    P.O. Box 1094
    Somerville, New Jersey 08876
    Master Group Policy No. 29103900
    File Nos. 9149 and 3540
    Attorneys for Plaintiff

      **PLEASE TAKE NOTICE** that on Tuesday, September 15, 2005, at 10:00 o'clock in the

forenoon, or as soon thereafter as counsel may be heard, the undersigned counsel for defendants,

Fidelity Warranty Services, Inc. and Jim Moran and Associates, Inc., shall apply to the United

States District Court for the District of New Jersey, the Honorable Mary L. Cooper, U.S.D.J.,

Clarkson S. Fisher Federal Building and U.S. Courthouse, 402 E. State Street, Trenton, New

Jersey 08608, for entry of an Order Dismissing Plaintiffs' Complaint under Federal Rule of Civil

Procedure 12(b)(6);

    **PLEASE TAKE FURTHER NOTICE** that in support of the motion we shall rely upon

the Brief on behalf of defendants, Fidelity Warranty Services, Inc. and Jim Moran and

Associates, Inc., and the Affidavit of Maria Guttuso, Esq., submitted herewith;

    **PLEASE TAKE FURTHER NOTICE** that defendants request oral argument if

opposition is filed; and

    **PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted with

this motion.


               McCARTER & ENGLISH, LLP
               Attorneys for Defendants,
               Fidelity Warranty Services, Inc., and
               Jim Moran & Associates, Inc.

                    s/ David R. Kott

          By:

                    David R. Kott
                    A Member of the Firm

Dated: August 17, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LICCARDI FORD, INC., LICCARDI
MOTORS, INC. and LICCARDI LINCOLN-
MERCURY, L.L.C.,

                     Plaintiffs,

           vs.

FIDELITY WARRANTY SERVICES, INC.,
JM&A GROUP A/K/A JM FAMILY
ENTERPRISES, INC., and JIM MORAN &
ASSOCIATES, INC.,

                   Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 05-3581
Honorable Mary L. Cooper (MLC)

**DATE OF ARGUMENT: September 15, 2005**

---

**BRIEF ON BEHALF OF DEFENDANTS, FIDELITY WARRANTY
SERVICES, INC. AND JIM MORAN AND ASSOCIATES, INC., IN
SUPPORT OF MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.* 12(b)(6)**

---

          **McCARTER & ENGLISH, LLP**
          Attorneys At Law
          Four Gateway Center
          100 Mulberry Street
          P.O. Box 652
          Newark, New Jersey 07101-0652
          (973) 622-4444
          Attorneys for Defendants,
              Fidelity Warranty Services, Inc., and
              Jim Moran and Associates, Inc.
          DK 4593 (David R. Kott, Esq.)

David R. Kott, Esq.
    Of Counsel

Matthew J. Tharney, Esq.
    On the Brief

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................................1

TABLE OF AUTHORITIES ........................................................................................................ ii

STATEMENT OF FACTS ..........................................................................................................3

LEGAL ARGUMENT:

POINT I:  THE AGREEMENT DESIGNATING BROWARD COUNTY
FLORIDA AS THE EXCLUSIVE FORUM SHOULD BE ENFORCED
AND THIS ACTION SHOULD BE DISMISSED PURSUANT TO
*FED. R. CIV. P.* 12(b)(6) ...........................................................................................................5

A.  Applicable Law Regarding Enforcement Of
Forum Selection Clause ..............................................................................................................5

B.  The Subject Forum Selection Clause Is Valid
And Enforceable  ........................................................................................................................7

(1)  The forum selection clause is fair and reasonable.....................................................................7

(2)  The clause was not the product of fraud or
overweening bargaining power..................................................................................................11

(3)  Enforcement of the forum selection clause
will not violate any public policy.................................................................................................13

(4)  Litigation in Florida will not be unreasonably inconvenient ..................................................13

CONCLUSION  ........................................................................................................................15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Arentowicz v. CAP Gemini Ernst & Young U.S. LLC*, No. Civ. 03-5881, 2004
WL 1834600 (D.N.J. July 16, 2004)................................................6, 7, 10, 12

*BABN Technologies Corp. v. Bruno*, 25 F. Supp. 2d 593 (E.D. Pa. 1998).......................11
*Cadapult Graphic Systems, Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560 (D.N.J.
2000) ...........................................................................................................6

*Carnival Cruise Lines v. Shute*, 499 U.S. 585 ......................................7, 8, 12, 14

*Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341, 344 (3d. Cir.
1966) ...........................................................................................................14

*Coastal Steel v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190 (3d Cir.), *cert.
denied*, 464 U.S. 938 (1983) ...........................................................................7, 9

*Crescent International, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943 (3d Cir.
1988) .........................................................................................................5, 8, 9

*Danka Funding v. Page, Scranton, Sprouse, Tucker & Ford*,
21 F. Supp. 2d 465 (D.N.J. 1998).........................................5, 7, 11, 12, 13, 14

*Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287 (3d Cir. 1996) ...............................7

*Foster Chesapeake Insurance Co., Ltd.*, 933 F.2d 1207 (3d Cir. 1991).............................7

*Hodes v. S.N.C. Achille Lauro ed Altri-Gestione*, 585 F.2d 905 (3d Cir. 1988),
*cert. denied*, 490 U.S. 1001 (1989)...............................................................12

*Hoffer v. Infospace.com, Inc.*, 102 F. Supp. 556 (D.N.J. 2000)................................5, 6, 11

*Interfaith Com. Organization v. AlliedSignal, Inc.*, 928 F. Supp. 1339 (D.N.J.
1996) ...........................................................................................................3

*Intermetals Corp. v. Hanover Int'l, et al.*, 36 Fed. Appx. 491 (3d Cir. 2002).....................9

*John Wyeth & Brother Ltd v. Cigna International Corp.*, 119 F.3d 1070 (3d Cir.
1997) ...........................................................................................................9

*Jumara v. State Farm Insurance Co.*, 55 F.3d 873 (3d Cir. 1995) ..............................6, 13

*National Micrographics Systems, Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671
(D.N.J. 1993)...........................................................................................5, 9, 11

*On Air Entertainment Corp. v. National Indemnity Co.*, 210 F.3d 146 (3d Cir. 2000) .......................................................................................................6

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994) ....................3

*Salovaara v. Jackson National Life Insurance*, 246 F.3d 289 (3d Cir. 2001) ................5, 9

*Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974) ...........................................................11

*Schreiber v. Camm.*, 848 F. Supp. 1170, 1174 (D.N.J. 1994) ...............................................6

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)...........................................6

*The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972).....................................6, 7, 11, 13

## STATE CASES

*Bombardier Capital Inc. v. Progressive Marketing Group, Inc.*, 801 So. 2d 131 (Fla. 4th DCA 2001) ........................................................................................5

*Carroll v. United Airlines, Inc.*, 325 N.J. Super. 353 (App. Div. 1999)............................13

*Caspi v. Microsoft Networks, LLC*, 323 N.J. Super. 118 (App. Div. 1999) .....................12

*Chemical Bank of New Jersey v. Bailey*, 296 N.J. Super. 515 (App. Div.), *certif. denied*, 150 N.J. 28 (1997) ...............................................................13

*Copelco Capital Inc. v. Shapiro*, 331 N.J. Super. 1 (App. Div. 2000) ...............................6

*Shelter Systems Group Corp. v. Lanni Builders, Inc.*, 263 N.J. Super. 373 (App. Div. 1993) ............................................................5

## FEDERAL STATUTES

28 U.S.C. §1391..................................................................................................................5

*Fed. R. Civ. P.* 12(b)(6)..........................................................................................2, 3, 5, 14

## **PRELIMINARY STATEMENT**

This action arises from an Administrative Agreement ("Agreement") originally entered into in August 1990 by and between Plaintiffs, Liccardi Lincoln-Mercury, L.L.C., Liccardi Ford and Liccardi Motors ("Plaintiffs"), and defendant, Fidelity Warranty Services, Inc. ("FWS").[1] Pursuant to that Agreement, Plaintiffs sold to their customers two types of contracts related to vehicle maintenance: (1) vehicle service contracts; and (2) prepaid maintenance contracts. Service contracts sold by Plaintiffs to their customers provided protection for vehicles in the event of certain mechanical breakdowns. Prepaid maintenance contracts sold by Plaintiffs provided customers with coupon books for regular oil changes and other services redeemable at the dealership. Plaintiffs claim that monies are due and owing in relation to both service contracts and prepaid maintenance contracts and that the Defendants have breached the Agreement.

The Agreement enumerates the parties' rights and obligations, and Plaintiffs now claim that Defendants are in breach of certain provisions of that Agreement. Of critical importance on this Motion, the Agreement includes a mandatory forum selection clause. That valid and enforceable forum selection clause provides that any litigation regarding the Agreement shall take place only in Broward County, Florida.

---

[1] Plaintiffs also have asserted claims against Jim Moran and Associates, Inc., and an entity known as "JM&A Group a/k/a JM Family Enterprises, Inc." JM&A Group a/k/a JM Family Enterprises, Inc. is not a legal entity. JM Family Enterprises, Inc., which is a legal entity, has not been served and therefore JM Family Enterprises, Inc. is not subject to the jurisdiction of this Court. JM Family Enterprises, Inc. also was not a party to the Agreement that purportedly gives rise to this suit.

In light of the forum selection clause contained in the governing Agreement, Defendants Fidelity Warranty Services, Inc. and Jim Moran and Associates, Inc. now move to dismiss the within action pursuant to *Fed. R. Civ. P.* 12(b)(6).

## STATEMENT OF FACTS

Plaintiffs have asserted claims against defendants, FWS and Jim Moran & Associates, Inc.[2] *See* Plaintiffs' Complaint. Pursuant to that Agreement, Plaintiffs sold to their customers two types of contracts related to vehicle maintenance: (1) vehicle service contracts; and (2) prepaid maintenance contracts. Service contracts sold by Plaintiffs to their customers provided protection for vehicles in the event of certain mechanical breakdowns. Prepaid maintenance contracts sold by Plaintiffs provided customers with coupon books for regular oil changes and other services redeemable at the dealership. Plaintiffs claim that monies are due and owing in relation to both service contracts and prepaid maintenance contracts and that the Defendants have breached the Agreement. *See* Agreement; attached to Affidavit of Maria Guttuso, Esq. as *Exhibit A.*[3]

The Agreement enumerated the parties' rights and obligations. Plaintiffs now allege that Defendants are in breach of the Agreement for failure to reimburse the value of missed coupons. *See* Plaintiffs' Complaint, at First Count, ¶¶ 4-6. Plaintiffs also allege that Defendants are in breach of the Agreement for failure to pay Plaintiffs retrospective commissions to which Plaintiffs claim entitlement. *Id.* at Third Count, ¶¶ 2-6.

The Agreement upon which Plaintiffs rely in asserting claims against Defendants includes a valid and enforceable forum selection clause. Pursuant to that provision, which is

---

[2] When the within Motion was filed, JM Family Enterprises, Inc. had not yet been served and is not subject to the jurisdiction of this Court.

[3] In deciding a Rule 12(b)(6) motion the Court may refer to documents on which the Complaint is based, including indisputedly authentic documents attached to a motion to dismiss if the Plaintiff's claims are based on those documents, documents attached to the Complaint, and documents specifically referred to in the Complaint without triggering conversion to a motion under Rule 56. *Interfaith Com. Organization v. AlliedSignal, Inc.*, 928 F. Supp. 1339, 1345 (D.N.J. 1996); The Court may also consider public records. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); 12 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 12.34[2] (3d ed. 1998).

located immediately above the parties' respective signatures, the parties agreed that any litigation

regarding the Agreement shall take place only in Broward County, Florida. The forum selection

clause specifically provides:

> Governing Law. This Agreement shall be governed by and construed in accordance with the laws of Florida, and the parties agree that any litigation regarding this Agreement shall take place only in Broward County, Florida.

*See* Agreement, Article XI, Sec. 6; attached to Affidavit of Maria Guttuso, Esq., as *Exhibit A*.

# LEGAL ARGUMENT

## POINT I

**THE AGREEMENT DESIGNATING BROWARD COUNTY, FLORIDA, AS THE EXCLUSIVE FORUM SHOULD BE ENFORCED AND THIS ACTION SHOULD BE DISMISSED PURSUANT TO *FED. R. CIV. P.* 12(b)(6).**

### A.    Applicable Law Regarding Enforcement of Forum Selection Clause.

A motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6) is an appropriate method of enforcing a forum selection clause.    *See, e.g., Crescent International, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944-45 (3d Cir. 1988) (affirming District Court's dismissal of plaintiff's complaint pursuant to Rule 12(b)(6) based on forum selection clause); *Salovaara v. Jackson National Life Insurance*, 246 F.3d 289, 299 (3d Cir. 2001) ("Our holding in *Crescent* leaves no doubt that a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum."); *National Micrographics Systems, Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 678-79 (D.N.J. 1993) (instructing that Rule 12(b)(3) does not apply when a matter could have been brought in a particular forum pursuant to 28 U.S.C. §1391, but for a contractual forum selection clause mandating that suit be brought in an alternative forum).

"In Federal Court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law."[4] *Arentowicz v. CAP Gemini Ernst & Young U.S.*

---

[4] It should be noted that one court in this District determined that State law should be applied regarding the enforceability of a contractual forum selection clause.  In so doing, the court reasoned that "[t]he Circuit has noted that the construction of a contract usually is a matter of State, not Federal, common law." *Hoffer*, 102 F. Supp.2d at 562 (citing *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441 (3d Cir. 1999); *Danka Funding*, 21 F. Supp.2d at 474)).  Were this Court to find that analysis persuasive, it should be noted that no conflict of law exists as between the substantive law of New Jersey and Florida, with respect to the enforceability of the contractual forum selection clause at issue. *See Shelter Systems Group Corp. v. Lanni Builders, Inc.*, 263 N.J. Super. 373, 375 (App. Div. 1993) (confirming that, under New Jersey law, enforcement of clause is proper unless (1) clause is product of fraud or overreaching, (2) enforcement would violate strong New Jersey public policy, or (3) enforcement would seriously inconvenience the trial); *Bombardier Capital Inc. v. Progressive Mktg. Group, Inc.*, 801 So.2d 131, 134

*LLC*, No. Civ. 03-5881, 2004 WL 1834600 *3 (D.N.J. July 16, 2004) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27-32 (1988). The United States Supreme Court has instructed that "forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *National Micrographics Systems, Inc.*, 825 F. Supp. at 680 n.16 (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (internal quotations omitted)); *see also The Bremen*, 407 U.S. at 15 (explaining that enforcement of forum selection clause is proper "unless [the resisting party] could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."); *Hoffer v. Infospace.com, Inc.*, 102 F. Supp. 556, 563 n.4, 567-68 (D.N.J. 2000) (same); *Danka Funding v. Page, Scranton, Sprouse, Tucker & Ford*, 21 F. Supp.2d 465, 470 (D.N.J. 1998); *Copelco Capital Inc. v. Shapiro*, 331 N.J. Super. 1, 4 (App. Div. 2000) ("[F]orum selection clauses are generally enforced in New Jersey.").

The presumptive validity of a forum selection clause can only be overcome if "the resisting party makes a 'strong showing' that the clause is 'unreasonable.'" *Arentowicz*, at *3 (quoting *Cadapult Graphic Systems, Inc. v. Tektronix, Inc.*, 98 F. Supp.2d 560, 564-65 (D.N.J. 2000) (citing *The Bremen*, 407 U.S. at 10)). To show that a forum selection clause is "unreasonable," the party objecting to its enforcement must establish: (1) that it is the result of fraud or overreaching; (2) that enforcement would violate a strong public policy of the forum; or (3) that enforcement would in the particular circumstances of the case result in litigation in a

(Fla. 4th DCA 2001) (confirming that, under Florida law, clause will be enforced unless (1) clause is tainted by fraud, (2) clause is product of overreaching, or (3) clause is sole basis for jurisdiction in forum). Thus, New Jersey law would apply under New Jersey's choice of law analysis. *See Hoffer*, 102 F. Supp.2d at 562 (citing *On Air Entertainment Corp. v. Nat'l Indem. Co.*, 210 F.3d 146, 149 (3d Cir. 2000), and *Danka Funding*, 21 F. Supp.2d at 469 (citing *Schreiber v. Camm*, 848 F. Supp. 1170, 1174 (D.N.J. 1994)). New Jersey law is substantially in accord with Federal law on this issue. *See Hoffer*, at 562-63.

jurisdiction so seriously inconvenient as to be unreasonable. *Arentowicz*, at *3 (citing *Coastal Steel v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir.), *cert. denied*, 464 U.S. 938 (1983); *see also Foster Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (noting that forum selection clause is "unreasonable" where resisting party can make a "strong showing" that the selected forum is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court....") (citing *The Bremen*, 407 U.S. at 15-18)); *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1297-83 (3d Cir. 1996); *Danka Funding*, 21 F. Supp.2d at 1470).

Plaintiffs have the burden of demonstrating that the forum selection clause fits within one of the three narrow exceptions enumerated above. *Arentowicz*, at *3-*4 (citations omitted). Plaintiffs cannot establish facts in support of any such exception, and therefore the forum selection clause is valid and enforceable.

**B.    The Subject Forum Selection Clause Is Valid And Enforceable.**

**(1)    The forum selection clause is fair and reasonable.**

Plaintiffs have commenced this action seeking to enforce certain provisions of the governing Agreement. Plaintiffs cannot pick and choose which provisions apply. Indeed, Plaintiffs would be hard-pressed to offer a cogent argument regarding why the subject clause should not apply, insofar as Plaintiffs are sophisticated business entities capable of negotiating agreements at arm's-length.

The fairness of enforcing the forum selection clause here is illustrated by *Carnival Cruise Lines v. Shute*, 499 U.S. 585. In *Carnival Cruise Lines*, two individuals from the state of Washington argued that the forum selection clause in an ordinary commercial cruise ticket

-7-

should not be enforced because the clause was not the product of negotiation and its enforcement would deprive plaintiffs of their day in court. The Supreme Court rejected that argument and found that the forum selection clause -- even in a form contract -- was part of an allocation of risks and benefits between the parties; the plaintiffs received many benefits in return for the inconvenience of litigating their disputes in Florida. *Carnival Cruise Lines v. Shute*, 499 U.S. at 594. Moreover, the plaintiffs had notice of the clause, did not reject the ticket out of hand, and had not satisfied the "heavy burden of proof" required to set aside a forum selection clause on grounds of inconvenience. *Id.* at 595.

Here, Plaintiffs are sophisticated business entities that negotiated the Agreement at arm's-length. Plaintiffs now attempt to enforce certain provisions bargained for in the Agreement, and Plaintiffs must not be permitted to disregard other portions of that Agreement. Indeed, the Third Circuit repeatedly has affirmed the dismissal, pursuant to Rule 12(b)(6), of actions filed in violation of valid forum selection clauses.

In *Crescent International, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943 (3d Cir. 1988), a Florida corporation and a Pennsylvania corporation entered into a contract containing a forum selection clause that required "'any litigation ... [to] be maintained' in a state or federal court in Miami, Florida." 857 F.2d 943, 944. Nevertheless, one of the parties commenced an action in the Eastern District of Pennsylvania. In response, the other party filed a motion to dismiss pursuant to Rule 12(b)(6), arguing breach of a forum selection clause. The District Court granted the motion to dismiss and the Third Circuit affirmed that dismissal. *See id.*, 857 F.2d at 944-45. The Third Circuit affirmed the dismissal of all plaintiff's claims even though plaintiff attempted to argue that certain claims were not based on a breach of contract. In particular, plaintiff in *Crescent* argued that claims asserting fraud, tortious interference with business

relationships, etc., were not contractual claims subject to the forum selection clause, and therefore that the action should not be dismissed in its entirety. *See id.* at 944. The Third Circuit in *Crescent* affirmed the District Court's rejection of that argument, and instructed that "[a]lthough only one of Crescent's claims is based on a breach of contract theory, all of them involve allegations arising out of the agreement implicating its terms." *Ibid.*; *see also National Micrographics Systems, Inc. v. Canon U.S.A., Inc.,* 825 F. Supp. 671, 677 (D.N.J. 1993) ("The Third Circuit recognizes that all claims arising out of a business relationship may be subject to the forum selection clause of the contract defining the parties' duties."); *John Wyeth & Brother Ltd v. Cigna Int'l Corp.,* 119 F.3d 1070, 107 (3d Cir. 1997) (in construing a forum selection clause, the court found the phrase "related to" to be extremely broad); *Coastal Steel Corp. v. Tilgham Wheelabrator, Ltd.,* 709 F.2d 190, 203 (3d Cir.) (enforcing forum selection clause even though plaintiff asserted claim not for breach of the agreement, but rather a claim for defective design of certain machinery and other torts, and stressing that the agreement was "the basic source of any duty to [plaintiff and] [t]here is no evidence suggesting that the clause was not intended to apply to all claims growing out of the contractual relationship.") *cert. denied,* 464 U.S. 938 (1983).

Likewise, the Third Circuit affirmed the dismissal of an action pursuant to Rule 12(b)(6) in *Salovaara v. Jackson Nat'l Life Ins. Co.,* 246 F.3d 289 (3d Cir. 2001). In *Salovaara,* the District Court dismissed plaintiff's claims based on a forum selection clause that precluded any claims in any fora other than New York. In affirming that dismissal, the Third Circuit stressed that "[o]ur holding in *Crescent* leaves no doubt that a 12(b)(6) dismissal is a permissible means enforcing a forum selection clause that allows suit to be filed in another federal forum." *Id.* at 298; *see also Intermetals Corp. v. Hanover Int'l, et al.,* 36 Fed.Appx. 491 (3d Cir. 2002)

-9-

(affirming, in an unreported opinion, this Court's dismissal of plaintiff's claims pursuant to Rule 12(b)(6) based on a forum selection clause).

In *Arentowicz v. Cap Gemini Ernst & Young U.S., LLC*, No. Civ. 03-5881, 2004 WL 1834600 *3 (D.N.J. July 16, 2004), the District Court likewise dismissed an action pursuant to Rule 12(b)(6) based on a forum selection clause. In that case, plaintiff signed an employment agreement with defendant. The agreement contained an arbitration clause requiring any dispute to be arbitrated in New York. *Id*. at *1. The agreement also contained a provision that required any claims not otherwise subject to arbitration to be brought in a competent court in the City of New York. *Ibid*. Plaintiff failed to abide by those provisions and brought suit in the Superior Court of New Jersey, and defendants removed the case to Federal Court. The District Court found that plaintiff failed to make a "strong showing" of any exception that would undermine the presumptive validity of the forum selection clause at issue. *Id*. at *4. In dismissing plaintiff's complaint pursuant to Rule 12(b)(6), the District Court also specifically rejected plaintiff's argument that the action should have been transferred to another venue rather than dismissed outright. *Id*. at *5.

In other words, there can be no doubt that the Third Circuit itself, as well as courts within the Third Circuit, will not hesitate to enforce forum selection clauses unless one of three narrow exceptions under Federal law apply. Here, enforcement of the forum selection clause is fair and reasonable:

> Governing Law. This Agreement shall be governed by and construed in accordance with the laws of Florida, and the parties agree that any litigation regarding this Agreement shall take place only in Broward County, Florida.

*See* Agreement, Article XI, Sec. 6; attached to Affidavit of Maria Guttuso, Esq. as *Exhibit A*.

-10-

The clause is not buried deep in finely printed matter; rather, it is located just above the parties' respective signatures in the same typeface as the rest of the Agreement—including the provisions upon which Plaintiffs rely in their Complaint. Thus, no basis exists for Plaintiffs to assert that the clause should not be enforced. *See The Bremen*, 407 U.S. at 12 n.14 (holding that there was no evidence of fraud or undue bargaining power where "[t]he forum selection clause could hardly be ignored [because] [i]t is in the final sentence of the agreement, immediately preceding the date and the parties' signatures."); *see also BABN Technologies Corp. v. Bruno*, 25 F. Supp.2d 593, 595-96 (E.D. Pa. 1998) (holding that a forum selection clause is not a product of fraud where it is "written in plain English and is located in uniform type directly above [the party's' signature line in the agreement.").

It is fair and reasonable to enforce the forum selection clause here. Indeed, it would be unfair to allow Plaintiffs to renege on their contractually agreed and bargained-for obligation to litigate "only in Broward County, Florida." Accordingly, this action should be dismissed pursuant to Rule 12(b)(6).

### 2.   The clause was not the product of fraud or overweening bargaining power.

Plaintiffs cannot show that the forum selection clause is the product of fraud or coercion. Courts within the Third Circuit repeatedly stress that a resisting party must establish that the particular forum selection clause itself, rather than an agreement in general, was the product of fraud. *See, e.g., Hoffer*, 102 F. Supp.2d at 563-64 ("While it is true that a forum selection clause may be set aside if it is the product of fraud or overreaching, *see Danka Funding*, 21 F. Supp.2d at 470, this is so *only* where the inclusion of that clause in the contract was the product of fraud or overreaching." (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)); *National Micrographics Sys.*, 825 F. Supp. at 675 ("It is insufficient to allege that one was

-11-

induced generally to enter into the contract itself as a result of fraud."); *see also Arentowicz*, at
\*4 ("Here, Arentowicz has not argued that the inclusion of the forum selection clause
specifically was the product of coercion; rather, he has only claimed that he was induced
generally to enter into the Agreement.").

Plaintiffs also cannot show that the forum selection clause was the product of
overweening bargaining power. To invalidate a forum selection clause on that basis a court must
focus on whether there is an inequality of bargaining power that was unfairly exploited by a
more powerful party. *See Hodes v. S.N.C. Achille Lauro ed Altri-Gestione*, 585 F.2d 905 (3d
Cir. 1988), *cert. denied*, 490 U.S. 1001 (1989). Plaintiffs here clearly were not subject to
overwhelming bargaining power. Put simply, this was an arm's-length Agreement negotiated by
sophisticated business people. *See Arentowicz*, at \*4 (stressing that plaintiff's "claim of having
to sign the agreement on a take-it-or-leave-it basis is not compelling given that he was a
"sophisticated business man...."); *see also Danka Funding*, 21 F. Supp.2d at 471 (holding that
the "defendant must be considered to have entered into exactly the type of arm's-length
negotiation by experienced and sophisticated businessmen that favors upholding such [forum
selection] clauses" where attorney who signed lease on defendant's behalf had been a vice-
president and partner of defendant law firm for over 23 years). Indeed, courts have enforced
forum selection clauses even when consumers – as opposed to sophisticated business entities
such as Plaintiffs – enter into contracts containing such clauses. *See Carnival Cruise Lines*, 499
U.S. at 595 (enforcing clause located on back of cruise ticket); *see also Caspi v. Microsoft
Networks, LLC*, 323 N.J. Super. 118, 122-23 (App. Div. 1999) (finding individual consumer was
not subject to overwhelming bargaining power where consumer had various choices for Internet
access providers and Microsoft was not its only available server).

### 3. Enforcement of the forum selection clause will not violate any public policy.

Plaintiffs cannot assert any compelling argument that enforcement of the subject forum selection clause would be contrary to a strong public policy. Plaintiffs must not be permitted to renege on contractually-agreed choice of forum for any litigation arising from the Agreement. Indeed, public policy strongly favors enforcement of valid contracts. To that end, when (as here) terms of an agreement are clear, courts do not re-write those terms to make a better contract for one of the parties. That is especially true in a commercial arm's length transaction, such as that which gave rise to the Agreement in this case. *See Carroll v. United Airlines, Inc.*, 325 N.J. Super. 353, 359 (App. Div. 1999); *Chemical Bank of New Jersey v. Bailey*, 296 N.J. Super. 515, 527 (App. Div.), *certif. denied,* 150 N.J. 28 (1997).

### 4. Litigation in Florida will not be unreasonably inconvenient.

"[A] forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995). Plaintiffs will not be seriously inconvenienced by having to litigate this case in Florida. As the United States Supreme Court instructed:

> In such circumstances it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so ***gravely difficult and inconvenient, that he will be for all practical purposes deprived of his day in court***.

*The Bremen*, 407 U.S. at 18. (emphasis added).

Any alleged financial constraints and difficulties in producing witnesses in Florida are insufficient reasons for setting aside the forum selection clause. *See Danka Funding*, 21 F. Supp.2d at 472 ("Mere inconvenience or additional expenses is not the test for unreasonableness."). The fact that an individual plaintiff might have to travel to the

contractually agreed forum also is no reason to invalidate the clause. In *Carnival Cruise Lines*, the United States Supreme Court rejected plaintiff's position that the forum selection clause should be disregarded because she was physically and financially unable to travel from Washington to Florida to prosecute her personal injury claim. The Court found that a sister state was not, as plaintiffs argued, a "remote alien forum" inappropriate for the litigation of a local dispute "inherently more suited" to resolution in plaintiff's home state. *Carnival Cruise Lines*, 499 U.S. at 594.

Indeed, witness availability and the necessity of travel are foreseeable risks and do not affect the enforceability of a forum selection clause because the law presumes that such inconveniences are compensated for by other benefits in the contract. *See e.g., Carnival Cruise Lines*, 499 U.S. at 594; *see also Danka Funding*, 21 F.Supp.2d 465, 472 (D.N.J. 1998) ("Mere inconvenience or additional expense is not the test of unreasonableness, since it may be assumed that the plaintiff received under the contract consideration for these things") (citing *Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341, 344 (3d Cir. 1966)). Any inconvenience to Plaintiffs for litigating their claims in Florida – the contractually selected forum – is not so substantial as to deprive Plaintiffs of their day in court.

Accordingly, and because the subject forum selection clause is broad, valid and enforceable, Plaintiffs' claims must be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendants Fidelity Warranty Services, Inc. and Jim Moran and Associates, Inc. respectfully request that Plaintiffs' claims be dismissed pursuant to *Fed. R. Civ. P.* 12(b)(6).

Respectfully submitted,

McCarter & English, LLP
Attorneys for Defendants,
Fidelity Warranty Services, Inc., and
Jim Moran & Associates, Inc.

s/ David R. Kott

By:

David R. Kott
A Member of the Firm

Dated: August 17, 2005

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc., Jim Moran
    & Associates, Inc. and JM Family
    Enterprises, Inc. (improperly pleaded as
    "JM&A Group a/k/a JM Family Enterprises,
    Inc.")
DK 4593 (David R. Kott, Esq.)

|  |  |
|---|---|
|  | UNITED STATES DISTRICT COURT |
|  | FOR THE DISTRICT OF NEW JERSEY |

LICCARDI FORD, INC., LICCARDI
MOTORS, INC. and LICCARDI LINCOLN-
MERCURY, L.L.C.,

                          Plaintiffs,

             vs.

FIDELITY WARRANTY SERVICES, INC.,
JM&A GROUP A/K/A JM FAMILY
ENTERPRISES, INC., and JIM MORAN &
ASSOCIATES, INC.,

                        Defendants.

Civil Action No. 05-3581
Honorable Mary L. Cooper (MLC)

**AFFIDAVIT OF
MARIA K. GUTTUSO, ESQ.
IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO
*FED. R. CIV. P.* 12(b)(6)**

STATE OF FLORIDA    )
                    :SS.
COUNTY OF BROWARD  )

      Maria K. Guttuso, Esq., of full age, being duly sworn according to law, upon her oath,

deposes and says:

1.    I serve as Vice-President and General Counsel for both Fidelity Warranty Services, Inc., and Jim Moran and Associates, Inc. I also serve as the Assistant Corporate Secretary for both of those entities. I have personal knowledge about the facts asserted herein.

2.    Fidelity Warranty Services, Inc. is incorporated in, and has its principal place of business in, the State of Florida.

3.    Jim Moran & Associates, Inc. is incorporated in, and has its principal place of business in, the State of Florida.

4.    Attached hereto as Exhibit A is a true and correct copy of the Administrative Agreement dated August 13, 1990, Addendum L, and Amendment to Administrative Agreement dated August 31, 1990, between Fidelity Warranty Services, Inc. and Liccardi Motors, Liccardi Lincoln-Mercury, LLC, and Liccardi Ford.



Sworn and subscribed to
before me this 16 day
of _AUGUST_ , 2005.

_Kathleen M. O'Hare_
NOTARY

Kathleen M O'Hare
My Commission DD161061
Expires February 20, 2007

# **EXHIBIT A**

Case 0:05-cv-06151-KAM Document 1 D FROM LEGAL DEPT Filed 11/2005 #0349 P.008 132 of 236

## ADMINISTRATIVE AGREEMENT

ADMINISTRATIVE AGREEMENT made and entered into as of this ___13th___ day of ___August___, 19___90___

by and between FIDELITY WARRANTY SERVICES, INC. (hereinafter *FWS*), and _____
Liccardi Motors

_____
(Dealer)

130 Route 22, Greenbrook, NJ 08812
(Street)                                   (City)                                   (State and Zip)

(hereinafter the *Dealer*). The Dealer as referred herein also includes all *dealers* as listed on the attached Addendum L.

## WITNESSETH

The Dealer desires to establish and operate an automotive mechanical failure service program, whereby it will enter into automotive mechanical service Agreements, under which Agreements it will be obligated to provide certain coverages in the event of specified mechanical breakdown or failure of the covered vehicle (the *Program*).

Implementation of the *Program* depends upon the Dealer's application for, and the Dealer's obtaining coverage under, an automotive mechanical service contractual liability insurance policy (the *Insurance Policy*) by which an insurance company will reimburse the Dealer for certain losses incurred pursuant to its obligations under certain automotive mechanical service Agreements, and/or reimburse *FWS*.

The Dealer desires to have *FWS* perform certain administrative functions in connection with the operation of the *Program*, and *FWS* desires to perform such services. In consideration of the mutual promises contained herein the parties agree as follows:

### I.  AGREEMENT PERIOD

The term of this Agreement (the *Agreement Period*) shall begin on the above date and shall continue until three (3) years from the above date, but this Agreement shall be automatically renewed at the end of such period and the end of each subsequent renewal period for a term of one (1) year. After the initial three (3) year agreement period has been completed then this Agreement may be terminated by either party by giving notice of termination to the other party not less than thirty (30) days prior to such date.

### II.  RESPONSIBILITIES OF *FWS*

1. *FWS* agrees to consult with and advise the Dealer regarding the operation of the *Program* and to provide the Dealer with forms of the mechanical failure service agreement attached here as Schedule A (hereinafter *FWS Contract*) and with supplies that will assist *FWS* in the administration of the *Program*. The quality of *FWS Contracts* and supplies provided to the Dealer shall be those which are needed for the successful operation of the *Program* as determined by *FWS* in the exercise of its reasonable judgment. The Dealer agrees to immediately return the *FWS Contract* and supplies to *FWS* at the end of the agreement period or upon cancellation of this Agreement by either party. *FWS* will design and produce assorted brochures and other marketing materials as determined by *FWS* to be of assistance to the dealer in the sale of the *Program*.

2. The Dealer appoints *FWS* to act as the *Authorized Agent of the Obligor* in connection with each *FWS Contract* issued by the Dealer during the Agreement period and *FWS* accepts the appointment. The Dealer authorizes *FWS* to exercise all such powers of the Authorized Agent of Obligor referred to in the *FWS Contract* and all powers reasonably incident thereto.

3. The Dealer, at its option, may advance to *FWS* funds necessary to discharge the Dealer's reimbursement obligations arising under *FWS Contracts* issued by the Dealer during the Agreement Period, together with instructions for the proper payment of such funds to the customer to whom the Dealer is obligated. If *FWS* shall make such reimbursement payments to the customer in accordance with the *FWS Contract* then *FWS* will help the Dealer process any claims which the Dealer may have under its *Insurance Policy*. The Dealer authorizes *FWS* (Pursuant to Addendum A — Assignment Form) to collect payments on its behalf which in turn will be forwarded to the Dealer. Instead of forwarding to the Dealer such funds collected from the Insurance Company on behalf of the Dealer, *FWS*, subject to any instructions from the Dealer, may forward such funds directly to the customer to whom the Dealer is obligated for such amount. Other than the funds in *FWS's* possession which have been advanced by the Dealer or collected for the Dealer under the *Insurance Policy* in accordance with this paragraph, *FWS*, or any of its affiliates, shall have no liability or obligation to any party arising in connection with the Dealer's reimbursement obligations to customers, nor shall *FWS*, or any of its affiliates, have any obligation to advance any funds on behalf of the Dealer,

24-501-1 (04/86)

— 1 —

FILMED FILE COPY

4. *FWS* agrees to assist the Dealer to secure and maintain the *insurance policy* required by this Agreement.

5. *FWS* agrees to provide the dealer quarterly management reports reflecting certain performance aspects of the *Program*.

## III. SUBMISSION OF REPORTS

From time to time, *FWS* may request the dealer to submit to *FWS*, within ten (10) days after the end of each month, a report which shall state: (1) the number and nature of *FWS Contracts* issued during such month, (2) the actual amount charged the customer for each *FWS Contract* issued by it during such month, (3) the cancellations or terminations of *FWS Contracts* occurring during such month, and (4) such other information regarding the *Program* as may be reasonably requested by *FWS*. These reports shall be on forms supplied by *FWS* .

## IV. *FWS* CHARGE

1. As payment for the services performed by *FWS* under this Agreement, the Dealer agrees to remit to *FWS* on all *FWS Contracts* the respective *FWS Charge* as determined according to Schedule B attached. *FWS* will in turn remit the appropriate insurance premium to the Dealer's insurance carrier. (Amounts per Schedule C.) *FWS* will also disburse any management and incentive holdback amounts from Schedule F, as instructed in Addendum B and Addendum C respectively. *FWS Charge* is calculated as shown on Schedule F.

2. The *FWS Charge* payable on each *FWS Contract* shall be paid in U.S. currency to *FWS* no later than ten (10) days following the end of the month during which such *FWS Contract* was validly issued by the Dealer.

3. If the *FWS Contract* is properly cancelled or terminated under its terms, *FWS* will return to the Dealer the unused pro-rata portion of the *FWS* charge, plus the pro-rata refund of the insurance premium, less the administration fee as designated on the *FWS Contract*. Such amount shall be paid or credited to the Dealer no later than thirty (30) days after the end of the month during which *FWS* has received from the Dealer written notice of such cancellation or termination and evidence that the customer was paid the appropriate unused portion of the purchase price paid by the customer for the *FWS Contract*.

4. Dealer agrees to honor cancellation requests and make refunds in accordance with the terms stated in the *FWS Contract*.

## V. CANCELLATION

1. This Agreement may be cancelled (except for the obligations of *FWS* under paragraph II (4) of this Agreement, which in the event of cancellation shall remain in effect until the expiration of the *FWS Contracts* issued prior to cancellation) by either party with thirty (30) days written notice once the initial three (3) year agreement period has been reached. This Agreement shall be cancelled automatically upon the Dealer's bankruptcy, insolvency, or assignment for the benefit of creditors.

2. Cancellation of this Agreement shall not affect the duties or rights of either party as to the *FWS Contracts* validly issued before the effective date of a cancellation. It is expressly understood that the Dealer shall deliver to *FWS* the *FWS Charge* for each *FWS Contract* validly issued by it prior to the effective date of cancellation.

## VI. SUBSTITUTION OF *FWS CONTRACT* FORM AND *FWS CHARGE* TABLE

1. It is understood and agreed by both the dealer and *FWS* that the *FWS Contracts* and the *FWS Charge* as to be attached hereto as Schedules A and B respectively have been designed and priced in a manner that is mutually agreeable to both parties and the Insurance Co.

2. The Dealer agrees and understands that the insurance premium portion of the *FWS Charge* is determined by the Insurance Co. and is subject to change according to their terms and any changes made by the Insurance Co. do not alter any of the other terms specified in this Agreement.

3. Once each calendar year the Dealer may request to change the terms and coverages of the *FWS Contracts* in order to remain competitive in his market. Any changes however, must be by mutual agreement of *FWS* and the Insurance Co.

4. Twelve months from the date of this Agreement and each twelve month period thereafter, *FWS* may change, at its sole option, its portion of the *FWS Charge*. However, any change may not be more than the amount defined as The Consumer Price Index change for the last twelve months. Any changes made by *FWS* for its portion of the *FWS Charge* does not alter any of the other terms specified in this Agreement.

5. Any changes to the *FWS Charge*, the *FWS Contract* or any other item affecting the terms of this Agreement shall be effected by giving written notice to all parties affected.

24-501-2 (04/00)

— 2 —

FILE COPY

## VII. INSPECTION AND EXAMINATION

*FWS* shall be permitted to inspect and examine the Dealer's books and records related to the operation of the *Program* at any time during the Agreement period, during any extensions of the Agreement and for one (1) year after the expiration of the *FWS Contract* validly issued during the Agreement Period.

## VIII. NO *FWS* LIABILITY UNDER DESIGNATED CONTRACTS

1. It is expressly understood that the Dealer shall be the sole obligor under the *FWS Contracts* and that neither *FWS* nor any of its affiliates shall have any liability, obligation or responsibility whatsoever to the customer under any of the *FWS Contracts*, and the Dealer agrees to make no representation or to create any impression that *FWS* or any of its affiliates or any other person is obligated under the *FWS Contracts*. This Agreement shall in no manner affect its right at a later time to enforce the same, and no waiver of any nature by *FWS*, whether by conduct or otherwise, shall be a continuing waiver.*

2. Dealer agrees to indemnify *FWS* for any damages that *FWS* may sustain as a result of Dealer's failure to comply in a material way with this Agreement, the *FWS Contract*, or the Insurance Policy.

## IX. FINAL CLAIMS AUTHORIZATION RESPONSIBILITY

1. The dealer agrees and understands that *FWS*, as *agent of the obligor*, has full authorization and responsibility to adjust and administer all claim requests on behalf of the Dealer and the Insurance Company. The Dealer agrees to hold *FWS* and the Insurance Company harmless for any liability arising out of and in connection with any claim denial where *FWS* used good reasonable judgment in the denial of the claim.

2. The Dealer agrees and understands that *FWS* on occasion will incur extraordinary expenses arising out of and in connection with the adjustment of particularly questionable claims (loss adjustment expense). The Dealer further agrees and understands that this expense is to the mutual benefit of the Dealer and the Insurance Company and accepts responsibility to reimburse *FWS* for these expenses as they are incurred. This responsibility is unaffected by the termination of this Agreement for any reason.

## X. RETROSPECTIVE COMMISSIONS

1. *FWS*, subject to the Insurance Company's approval, agrees and understands that the Dealer will receive retrospective commissions (defined below) based upon the underwriting results of the Dealer's claim reserve. *FWS* further agrees and understands that the dealer will receive net investment income (defined below) on claim reserves available for investment.

2. The Dealer's retrospective commission will be calculated on a cumulative basis as:

> Earned reserve
>
> plus    Investment Income
> less    Claims Incurred
> less    Premium taxes
> less    Loss adjustment expenses
> less    Previous paid retrospective commissions
> equals  Current retrospective commission.

3. The Dealer will receive 100% of the net investment income from his reserve funds which are available to invest as described on Addendum I.

4. Available retrospective commissions and net investment income payments will be calculated and paid as described on *Addendum R — Retrospective Commissions* attached.

*Section VIII, Paragraph 1., does not apply to a Florida Dealer.*

24-501-3aa (04/88)

— 3 —

FILE COPY

## XI  GENERAL

1. *Giving of Notice.* All notices (and submissions of reports) under this Agreement shall be given by U.S. mails, postage prepaid, addressed, if to *FWS*, to 190 N.W. 12th Ave., Deerfield Beach, Florida, 33442, its principle office, or, if to the Dealer, to the Dealer's address set forth in this Agreement or such other address as may be delivered in writing to *FWS.*

2. *Assignment.* This Agreement may not be assigned or transferred, including no assignment or transfer by operation of law, by either party without the prior written consent of the other party.

3. *No Benefit to Third Parties.* The rights and privileges afforded by this Agreement are solely for the benefit of the parties to this Agreement, and in no circumstances shall any other party have any rights or privileges or be entitled to any benefits under this Agreement.

4. *Changes.* Except as provided in Paragraph VI hereof, this Agreement may be amended or modified, and the terms and conditions of the Agreement may be waived, only by the written consent of both parties. The failure of *FWS* at any time to require performance of any provision of this Agreement shall in no manner affect its right at a later time to enforce the same, and no waiver of any nature by *FWS*, whether by conduct or otherwise, shall be a continuing waiver.

5. *Entire Agreement.* This Agreement sets forth the entire agreement and understanding of the parties in respect to the transactions contemplated hereby.

6. *Governing Law.* This Agreement shall be governed by and construed and enforced in accordance with the laws of Florida, and the parties agree that any litigation regarding this Agreement shall take place only in Broward County, Florida.

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the date set forth below.

FIDELITY WARRANTY SERVICES, INC.

By: _____

_____
TITLE

_10/27/92_____
DATE


Liccarda Motars
DEALERSHIP NAME

By: _____

_____
TITLE

_10 - 7 - 92_____
DATE

84-501-4 (04/88)          FILE COPY          (11/08/87)

# ADDENDUM L

JUL ? 0 1999

## DEALERS INCLUDED IN THIS AGREEMENT

Liccardi Motors _____ (Dealer) and *FWS* have, on
this date, executed an Administrative Agreement with respect to a *program* as more specifically defined
in the Administrative Agreement.

The parties listed below are enjoined with the *Dealer* and become one in the same with the *Dealer* for
the purposes of any and all obligations of the *Dealer's* and *FWS's* part. The *Dealer* acknowledges that
he has authority to enjoin these parties into this Agreement and accepts ultimate responsibility to FWS
in the event any one or all of the parties should desire to breach any section of this Agreement.

Each of the following parties hereby acknowledges and agrees to the terms of this Agreement.

Liccardi Motors
**DEALERSHIP**

130 Route 22
**ADDRESS**

Greenbrook, NJ 08812
**CITY**      **STATE**      **ZIP**

**BY:**
**NAME**      **TITLE**

**SIGNATURE**      **DATE**

**DEALERSHIP**

**ADDRESS**

**CITY**      **STATE**      **ZIP**

**BY:**
**NAME**      **TITLE**

**SIGNATURE**      **DATE**

Liccardi Lincoln- Mercury
**DEALERSHIP**

**ADDRESS**

**CITY**      **STATE**      **ZIP**

**BY:**
**NAME**      **TITLE**

**SIGNATURE**      **DATE**

**DEALERSHIP**

**ADDRESS**

**CITY**      **STATE**      **ZIP**

**BY:**
**NAME**      **TITLE**

**SIGNATURE**      **DATE**

Liccardi Ford (30543)
**DEALERSHIP**

**ADDRESS**

**CITY**      **STATE**      **ZIP**

**BY:**
**NAME**      **TITLE**

**SIGNATURE**      **DATE**

Liccardi Motors
**DEALER AS LISTED ABOVE**

**DEALERSHIP**

**ADDRESS**

**CITY**      **STATE**      **ZIP**

**BY:**
**NAME**      **TITLE**

**SIGNATURE**      **DATE**

**SIGNATURE**

*FILMED*

FILE COPY

24-601-111 (10/90)

Case Case 6:05-cv-03581-MCC-ument 1 Document 1 FLSP Docket 1/16/2005 Page 137 of 236
JUL-14-2005 16:41 984-448 Document 1 Entered on FLSD Docket 11/16/2005 Page 130
#0343 P.004

# AMENDMENT
# TO
# ADMINISTRATIVE AGREEMENT

THIS AMENDMENT TO ADMINISTRATIVE AGREEMENT between Fidelity Warranty

Services, Inc. (hereinafter "FWS") and ___Liccardi Motors___

_____30516_____     ___130 Route 22, Green Brook, NJ 08812___

(CODE #)    (ADDRESS)    (THE DEALER)

hereinafter "Dealer") is made and entered into as of this ___31st___ day of ___August___ , 1990.
The Dealer as referred to herein also includes all dealers as listed on Addendum L to the Administrative
Agreement.

## W I T N E S S E T H :

The Dealer desires to offer in conjunction with and/or in addition to the automotive mechanical
failure service program a pre-paid maintenance program whereby it will enter into contracts with its
customers under which it will be obligated to provide certain scheduled maintenance services (the "Car
Care Service Plan").

The Dealer desires to have FWS perform certain administrative functions in connection with the
Car Care Service Plan and FWS desires to perform such services in accordance with the terms and subject
to the conditions hereinafter set forth.

In consideration of the mutual promises contained herein the parties agree as follows:

**I.**    **AGREEMENT PERIOD**

The term of this Amendment shall be concurrent with the Administrative Agreement.

**II.**    **RESPONSIBILITIES OF FWS**

1. FWS agrees to consult with and advise the Dealer regarding the operation of the Car Care
Service Plan and to provide contract forms for the Dealer to offer to its customers.

2. The Dealer appoints FWS to act as the authorized administrator in conjunction with each Car
Care Service Plan contract issued by the Dealer during the Agreement Period and FWS accepts the
appointment.

3. FWS agrees to establish and maintain sufficient records and procedures to enable it to perform
its administrative obligations.

4. FWS agrees to provide customers with coupon books for the pre-paid Car Care Service Plan
contracts as issued by the Dealer.

5. FWS agrees to reimburse the Dealer the value of coupons submitted to FWS by the Dealer.

6. FWS agrees to pay the Dealer the reimbursement value of missed coupons as of the end of each
calendar year by February 15 of the next year. Such payments will be be made as long as this agreement
is in force and provided the Dealer has reported sales of a minimum of five (5) Car Care contracts per
month in the last quarter of the year. A missed coupon is defined for the purpose of this provision as a
coupon which has not been presented for redemption prior to, on, or within six (6) months after the
anticipated redemption date. The anticipated redemption date will be based approximately on an assump-
tion of 1,000 miles driven each month. On contracts cancelled prior to expiration only coupons with
anticipated redemption dates prior to the cancellation date may be considered missed coupons. If the
value of a missed coupon has been paid to the Dealer and the coupon is subsequently validly redeemed,
whether at the Dealer's facility or other, the Dealer agrees to accept billing from FWS for the value of the
coupon.

FM-124-10) 751-1 (02/23/91)

## III.    RESPONSIBILITIES OF DEALER

1. Dealer agrees to report all sales of Car Care Service Plan contracts in the same manner as requried by the Administrative Agreement for FWS contracts.

2. Dealer agrees to remit to FWS for all Car Care Service Plan contracts the amount required by FWS as previously agreed upon in the FWS agreement. FWS will in turn disburse holdback monies as previously agreed upon in the FWS agreement.

3. Dealer agrees to provide maintenance services for Car Care Service Plan customers as pre-scribed by the contract, including the use of only products meeting the quality specifications of the manufacturer or distributor.

4. Dealer agrees to submit coupons to FWS for redemption as maintenance services are provided for customers and accept reimbursement from FWS.

5. Dealer agrees to honor cancellation requests and make refunds in accordance with the terms of the Car Care Service Plan contracts. FWS will return unused pro-rata portions of the amounts originally paid to FWS less any administrative fees.

6. Dealer agrees to collect taxes for the sales of this plan as regulated in the Dealer's location by state or local authorities. The Dealer should rely on the Dealer's accountant and legal counsel for the tax laws that apply to the local jurisdiction in which it does business. The Dealer will hold FWS harmless for the incorrect collection and failure on the part of the Dealer to remit to the proper authorities state and local sales and use tax levied on the service and parts consumed by the Dealer in fulfilling the contract coverage.

## IV.    GENERAL

All other provisions of the Administrative Agreement shall remain in effect and act to govern this Amendment.

**IN WITNESS WHEREOF,** the parties have duly executed this Amendment as of the date set forth below.

Liccard Motors
(Dealer)

By: _Dorothy Krumpffer_

_Controller_
Title

_3 - 6 - 92_
Date

FIDELITY WARRANTY SERVICES, INC.

By: _____

_Gen Mgr._
Title

_3 - 6 - 92_
Date

FWS
By: _____
4/30/92

FM 124-10 791-2 (02/23/91)

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc., and
    Jim Moran & Associates, Inc.
DK 4593 (David R. Kott, Esq.)

|  |  |  |
|---|---|---|
| | | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY |
| LICCARDI FORD, INC., LICCARDI<br>MOTORS, INC. and LICCARDI LINCOLN-<br>MERCURY, L.L.C., | : <br> : <br> : | Civil Action No. 05-3581<br>Honorable Mary L. Cooper (MLC) |
| Plaintiffs, | : <br> : | **ORDER DISMISSING PLAINTIFFS'** |
| vs. | : | **COMPLAINT WITH PREJUDICE** |
| | : | **PURSUANT TO *FED. R. CIV. P.* 12(b)(6)** |
| FIDELITY WARRANTY SERVICES, INC.,<br>JM&A GROUP A/K/A JM FAMILY<br>ENTERPRISES, INC., and JIM MORAN &<br>ASSOCIATES, INC., | : <br> : <br> : <br> : | |
| Defendants. | : | |

    **THIS MATTER** having been opened to the Court by McCarter & English, LLP,

attorneys for defendants, Fidelity Warranty Services, Inc. and Jim Moran and Associates, Inc.,

seeking to dismiss Plaintiffs' Complaint pursuant to *Fed. R. Civ. P.* 12(b)(6); and the Court

having considered the papers submitted in support of and in opposition to the motion, and having

heard oral argument;

**IT IS** on this           day of                    , 2005;

**ORDERED** that defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to *Fed. R. Civ. P.* 12(b)(6) be and hereby is granted and Plaintiffs' Complaint be and hereby is dismissed with prejudice and without costs.

_____
Hon. Mary L. Cooper, U.S.D.J.

# COHN, BRACAGLIA & GROPPER

A Professional Corporation
COUNSELLORS AT LAW
275 EAST MAIN STREET
P.O. BOX 1094
SOMERVILLE, NEW JERSEY 08876

NED M. COHN
JOHN F. BRACAGLIA, JR.
JILL L. GROPPER

NISHALL N. JAIRAM

TELEPHONE
(908) 526-1131
FACSIMILE
(908) 526-1275

August 25, 2005

**VIA OVERNIGHT MAIL**

Hon. Mary L. Cooper, U.S.D.J.
U.S. District Court for the District of New Jersey
402 East State Street, Room 5000
Trenton, NJ 08608

> Re:  Liccardi Ford, Inc., et. al. v. Fidelity Warranty
> Services, Inc., et. al
> Civil Action No.: 05-3581
> Our File No.: 9149

Dear Judge Cooper:

We represent the plaintiff Liccardi Ford, Inc., plaintiff
Liccardi Motors, Inc., and plaintiff Liccardi Lincoln-Mercury,
LLC in the above captioned matter.  Please accept Plaintiffs'
Letter Brief in Lieu of a more formal response to the Order to
Show Cause Why This Action Should Not Be Remanded To the New
Jersey Superior Court For Lack of Subject Matter Jurisdiction.

While plaintiffs take no position on whether defendant
Fidelity Warranty Services, Inc. and defendant Jim Moran &
Associates, Inc. (hereinafter both "responding defendants") have
in fact demonstrated complete diversity of citizenship pursuant
to 28 U.S.C. § 1332(a), plaintiffs still maintain that there are
other reasons why the within action should remain in the
Superior Court of New Jersey.  However, on the issue of
diversity of citizenship, it should be noted that the members of
plaintiff Liccardi Lincoln-Mercury, LLC (hereinafter "LLC") do
in fact maintain a condominium in Boca Raton, Florida.

# COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW

Hon. Mary L. Cooper, U.S.D.J.
Plaintiffs' Letter Brief
8/25/2005
2

By way of background, the subject Order To Show Cause was brought on by the Court pursuant to 28 U.S.C. § 1447(c) regarding the existence of subject matter jurisdiction. In particular, the Court was concerned that responding defendants had failed to properly ascertain the citizenship of all of the members of the "LLC" and citizenship of defendant JM&A Group a/k/a JM Family Enterprises, Inc. (hereinafter "JM Family").

Subsequent to the issuance of the Order To Show Cause, responding defendants' obtained information on the citizenship of the members of the LLC and on the citizenship of JM Family and provided the same to the Court. Plaintiffs therefore leave responding defendants to their proof on the issue of diversity of citizenship. However, as previously intimated, plaintiffs believe that the Court should consider certain additional factors before ruling on the Order to Show Cause.

First, responding defendants do not and cannot claim that that the federal court is more convenient to the parties. The current request for removal is from the State Court of New Jersey to District Court of New Jersey. This is not a request for removal or transfer to different district.

Second, responding defendants do not and cannot claim that they will suffer any undue prejudice if this action were to remain in state court. Again, the fact is that the District Court of New Jersey is physically situated within the borders of the State of New Jersey. In fact, in all likelihood, a car dealership is more apt to suffer prejudice in state court than is a warranty company.

Third, the within matter is a relatively straight forward breach of contract action. It is suggested that such an action does not merit federal court supervision as the matter can easily be adjudicated by the state court.

Fourth, given the volume of cases besetting the federal court system, it is more likely that the parties would receive

## COHN, BRACAGLIA & GROPPER

A Professional Corporation
COUNSELLORS AT LAW

Hon. Mary L. Cooper, U.S.D.J.
Plaintiffs' Letter Brief
8/25/2005
3

an earlier trial date in state court than they would in federal court.

Plaintiffs ask that the Court consider all relevant factors in determining whether the within action should remain with the Superior Court of New Jersey or whether it should be removed to the District Court of New Jersey.

Respectfully submitted,

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys For Plaintiffs

By: _____
Ned M. Cohn, Esq.

Dated: August 25, 2005

c.c. Clerk of the Court, via electronic (ECF) filing;
David R. Kott, Esq., at McCarter & English, LLP via facsimile and overnight mail; and
Liccadi Ford, via regular mail.

CivMot:9149.Liccardi Ford (JMA).Ltr Brief to Court.082405

**COHN, BRACAGLIA & GROPPER**
**A Professional Corporation**
**Counselors at Law**
**275 East Main Street**
**P.O. Box 1094**
**Somerville, New Jersey 08876**
**(908) 526-1131**
**Attorneys for Plaintiffs**

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, LLC | : UNITED STATES DISTRICT COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>:<br>: |
| Plaintiffs, | : CIVIL ACTION NO.: 05-3591 (MLC)<br>: |
| vs. | : **PROOF OF SERVICE OF PLAINTIFFS'**<br>: **LETTER BRIEF IN RESPONSE TO**<br>: **THE ORDER TO SHOW CAUSE** |
| FIDELITY WARRANTY SERVICES, INC.,<br>JM&A GROUP A/K/A JM FAMILY<br>ENTERPRISES, INC., and JIM MORAN &<br>ASSOCIATES, INC. | :<br>:<br>:<br>: |
| Defendants. | :<br>: |

1. I, Nishall N. Jairam, am an associate of the law firm of Cohn, Bracaglia, & Gropper.

2. On August 25, 2005, I caused to be forwarded by overnight mail one copy of the following document:

    a. Plaintiff's Letter Brief in Response To the Order To Show Cause

addressed to:

        David R. Kott, Esq.
        McCarter & English, LLP
        Four Gateway Center
        100 Mulberry Street
        Newark, NJ 07102

at said addressee's last known address.

2.      On August 25, 2005, I also caused to be forwarded by facsimile one copy of the

following document:

a.      Plaintiff's Letter Brief in Response To the Order To Show Cause

faxed to:

> David R. Kott, Esq.
> McCarter & English, LLP
> Four Gateway Center
> 100 Mulberry Street
> Newark, NJ 07102
> Fax Number: 973-624-7070

at said addressee's last known facsimile number..

I certify that the foregoing statements are true.  I am aware that if any of the foregoing

statements made by me are willfully false, I am subject to punishment.

NISHALL N. JAIRAM

Dated: August 25, 2005

Civ Mot:9149.Liccardi Ford (JMA).Proof of Service.082505

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | : : : : | Civil Action No. 05-3581 Honorable Mary L. Cooper (MLC) |
|  | Plaintiffs, : |  |
| vs. | : : |  |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC., | : : : : : |  |
|  | Defendants. : |  |

**BRIEF ON BEHALF OF DEFENDANTS,
FIDELITY WARRANTY SERVICES, INC. AND
JIM MORAN AND ASSOCIATES, INC.,
IN FURTHER REPLY TO AN ORDER TO SHOW CAUSE WHY
THIS ACTION SHOULD NOT BE REMANDED TO
NEW JERSEY SUPERIOR COURT FOR
LACK OF SUBJECT MATTER JURISDICTION**

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants,
Fidelity Warranty Services, Inc., and
Jim Moran and Associates, Inc.
DK 4593 (David R. Kott, Esq.)

David R. Kott, Esq.
Of Counsel

Matthew J. Tharney
On the Brief

## LEGAL ARGUMENT

Defendants, Fidelity Warranty Services, Inc. ("FWS") and Jim Moran and Associates, Inc. ("JM&A"), submit this reply to the Order To Show Cause Why This Case Should Not Be Remanded To New Jersey Superior Court For Lack Of Subject Matter Jurisdiction. As these defendants' original submission in response to the Order to Show Cause demonstrates, complete diversity exists and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court should refrain from entering an Order remanding the case to the Superior Court of New Jersey.[1]

Plaintiffs submit a letter brief in response to the Order To Show Cause, yet "take no position on whether defendant Fidelity Warranty Services, Inc. and defendant Jim Moran & Associates, Inc. ... have in fact demonstrated complete diversity of citizenship pursuant to 28 U.S.C. §1332(a)...." Pl. Letter Br. at 1. With respect to the issue of the "citizenship" of Liccardi Lincoln-Mercury, L.L.C., plaintiffs do assert that the two members of that unincorporated association maintain a condominium in Florida. That fact is not relevant to the issue of whether complete diversity of citizenship exists between plaintiffs and defendants. First, plaintiffs expressly deny in their certified responses to jurisdictional interrogatories that any member of the unincorporated entity known as Liccardi Lincoln-Mercury, L.L.C. maintained citizenship, residence or domicile in the States of Florida or Delaware, as of June 16, 2005. *See* Defendants'

---

[1] It should be noted that, since defendants submitted their original response to the Order To Show Cause, plaintiffs provided certified responses to Jurisdictional Interrogatories served upon Liccardi Ford, Inc. and Liccardi Motors, Inc. Those certified responses confirm that, as of June 16, 2005, Liccardi Motors, Inc. and Liccardi Ford, Inc. were incorporated in, and had their principal places of business in, the State of New Jersey. *See* Defendants' First Set of Jurisdictional Interrogatories to Liccardi Ford, Inc. and Liccardi Motors, Inc., nos. 1-2, and Plaintiffs' responses thereto: attached to Supplemental Affidavit of David R. Kott ("Kott Supp. Aff.") as *Exhibits A* and *B*.

First Set of Jurisdictional Interrogatories to Liccardi Lincoln-Mercury, L.L.C., nos. 8-9, and

Plaintiffs' responses thereto: attached to Affidavit of David R. Kott ("Kott Aff.") as *Exhibits B*

and *C*. Second, even if the individual members of Liccardi Lincoln-Mercury, L.L.C. maintain a

condominium in Florida, residence is not sufficient to establish citizenship in that State. *Last v.*

*Elwyn, Inc.*, 935 F. Supp. 594, 596-97 (E.D. Pa. 1996) ("Citizenship for diversity purposes is

synonymous with domicile. Domicile is not the same as residence, and a person may reside in

one place but be domiciled in another. Domicile consists of one's physical presence in a state

and the intent to remain there." (citations omitted)); *Walls v. Ahmed*, 832 F.Supp. 940, 942 (E.D.

Pa. 1993) ("Mere residence in a state is not sufficient to establish citizenship for purposes of

diversity. The concept of 'domicile' is controlling. The test for determining domicile centers on

two factors: (1) the intent of the person in question to make a particular location their permanent

home, and (2) physical presence." (citations omitted)); *Croff v. Faught*, No.Civ.A. 04-CV-1540,

2005 WL 230668 *1 (E.D. Pa. Jan. 31, 2005) (same)).

Without any support from governing statutes or decisional law, plaintiffs next assert that

this Court should consider factors such as convenience to the parties, potentiality of an earlier

trial date in state court, etc., when determining whether remand is proper. *See* Pl. Br. at 2-3.

Those arguments lack merit and do not justify an Order to remand. Complete diversity exists

and this Court has subject matter jurisdiction over this matter.

**CONCLUSION**

For the foregoing reasons, FWS and JM&A respectfully request that this Court refrain

from entering an Order remanding the case to the Superior Court of New Jersey.

McCARTER & ENGLISH, LLP
Attorneys for Defendants,
Fidelity Warranty Services, Inc., and
Jim Moran and Associates, Inc.

By:

David R. Kott
A Member of the Firm

Dated: September 1, 2005

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants,
Fidelity Warranty Services, Inc., and
Jim Moran and Associates, Inc.
DK 4593 (David R. Kott, Esq.)

|  | UNITED STATES DISTRICT COURT |
| --- | --- |
|  | FOR THE DISTRICT OF NEW JERSEY |

| | | |
| --- | --- | --- |
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | : : : : | Civil Action No. 05-3581 Honorable Mary L. Cooper (MLC) |
| Plaintiffs, | : : | **SUPPLEMENTAL AFFIDAVIT** |
| vs. | : : | **OF DAVID R. KOTT IN SUPPORT OF BRIEF OF** |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC., | : : : : : | **DEFENDANTS, FIDELITY WARRANTY SERVICES, INC. AND JIM MORAN AND ASSOCIATES, INC., IN FURTHER REPLY TO AN ORDER TO SHOW CAUSE WHY** |
| Defendants. | : : | **THIS ACTION SHOULD NOT BE REMANDED TO NEW JERSEY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

STATE OF NEW JERSEY )
                                         :SS.
COUNTY OF ESSEX        )

DAVID R. KOTT, of full age, being duly sworn, according to law, upon his oath deposes and says:

1. I am a member of the firm of McCarter & English, LLP, attorneys for defendants Fidelity Warranty Services, Inc., Jim Moran and Associates, Inc. I make this Affidavit in support of a reply by defendants, Fidelity Warranty Services, Inc. and Jim Moran and Associates,

Inc., to an Order to Show Cause why this action should not be remanded to New Jersey Superior Court for lack of subject matter jurisdiction.

1.  Attached hereto as *Exhibit A* is a true and correct copy of Defendants' First Set of Jurisdictional Interrogatories to Liccardi Motors, Inc. and Liccardi Ford, Inc.

2.  Attached hereto as *Exhibit B* are true and correct copies of a letter dated August 16, 2005 from plaintiffs' counsel, Nishall N. Jairam, Esq., with accompanying responses and objections of plaintiffs, Liccardi Motors, Inc. and Liccardi Ford, Inc., to defendants' first set of jurisdictional interrogatories.

                                                    _____
                                                    David R. Kott

Sworn and subscribed to
before me this 1st day
of September, 2005.

_____
DEBRA L. PORCU
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires

ME1/5209305.1

# EXHIBIT A

McCARTER & ENGLISH, LLP
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc., Jim Moran
    & Associates, Inc. and JM Family
    Enterprises, Inc.
DK 4593 (David R. Kott, Esq.)

|  |  |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF NEW JERSEY |

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., : : : : | Civil Action No. |
| Plaintiffs, : | **DEFENDANTS' FIRST SET OF** |
| vs. : | **JURISDICTIONAL INTERROGATORIES** |
| : | **TO PLAINTIFFS, LICCARDI FORD, INC.** |
| FIDELITY WARRANTY SERVICES, INC., : JM&A GROUP A/K/A JM FAMILY : ENTERPRISES, INC., and JIM MORAN & : ASSOCIATES, INC., : : | **AND LICCARDI MOTORS, INC.** |
| Defendants. : | |

TO:    Ned M. Cohn, Esq.
        Cohn, Bracaglia & Gropper
        275 East Main Street
        P.O. Box 1094
        Somerville, New Jersey 08876
        Counsel for Plaintiffs

COUNSEL:
        **DEMAND** hereby is made of Plaintiffs, LICCARDI FORD, INC., and
LICCARDI MOTORS, INC., for certified responses to Defendants' First Set of Jurisdictional
Interrogatories by no later than the close of business on August 16, 2005.

McCARTER & ENGLISH, LLP
Attorneys for Defendants,
Fidelity Warranty Services, Inc.,  Jim Moran &
Associates, Inc., and JM Family Enterprises, Inc.

s/ David R. Kott

By:_____

David R. Kott
A Member of the Firm

Dated:  August 12, 2005

## **DEFINITION**

      1.     The term "principal place of business" means the location of the headquarters of day-to-day corporate activity and management.

## JURISDICTIONAL INTERROGATORIES

1.      Identify the principal place of business and state of incorporation for the entity known as Liccardi Ford, Inc., as of June 16, 2005?

2.      Identify the principal place of business and state of incorporation for the entity known as Liccardi Motors, Inc., as of June 16, 2005?

## CERTIFICATION

I hereby certify that the copies of any documents annexed hereto are exact copies; that the existence of any reports rendered by proposed expert witnesses not annexed hereto, either written or oral, is unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Dated: August      , 2005

# **EXHIBIT B**

# COHN, BRACAGLIA & GROPPER

A Professional Corporation
COUNSELLORS AT LAW
275 EAST MAIN STREET
P.O. BOX 1094
SOMERVILLE, NEW JERSEY 08876

NED M. COHN
JOHN F. BRACAGLIA, JR.
JILL L. GROPPER

August 16, 2005

TELEPHONE
(908) 526-1131
FACSIMILE
(908) 526-1275

NISHALL N. JAIRAM

**VIA FAX (973-624-7070) AND REGULAR MAIL**
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Attention: Matthew J. Tharney, Esq.

Re:  Liccardi Ford, Inc., et. al. v. Fidelity Warranty Services, Inc., et. al.
Civil Action No.: 05-3581 (MCL)
Our File No.: 9149

Dear Mr. Tharney:

Enclosed is plaintiff Liccardi Ford, Inc.'s and plaintiff Liccardi Motors, Inc.'s responses and objections to defendant's jurisdictional interrogatories.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,

COHN, BRACAGLIA & GROPPER
A Professional Corporation
Counsellors at Law

By: _____
Nishall N. Jairam, Esq.

NNJ:clm
Enclosure
cc:  Liccardi Ford
clm: 9149.tharney.081605

COHN, BRACAGLIA & GROPPER
A Professional Corporation
Counselors at Law
275 East Main Street
P.O. Box 1094
Somerville, New Jersey 08876
(908) 526-1131
Attorneys for Plaintiffs
JB — 1479

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, LLC | : UNITED STATES DISTRICT COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>:<br>: |
| Plaintiffs, | : CIVIL ACTION NO.: 05-3591 (MLC)<br>: |
| vs. | : **PLAINTIFF LICCARDI FORD, INC.'S and**<br>: **PLAINTIFF LICCARDI MOTORS, INC.'S**<br>: **RESPONSES AND OBECTIONS TO**<br>: **TO DEFENDANTS JURISDICTIONAL**<br>: **INTERROGATORIES** |
| FIDELITY WARRANTY SERVICES, INC.,: JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & : ASSOCIATES, INC. | :<br>:<br>: |
| Defendants. | :<br>: |

To:    David R. Kott, Esq.
       McCarter & English, LLP
       Attorneys for Defendant Fidelity Warranty Services, Inc. &
       Jim Moran & Associates, Inc.
       Four Gateway Center
       100 Mulberry Street
       P.O. Box 652
       Newark, NJ 07101

       Plaintiff Liccardi Ford, Inc. (hereinafter "Ford") and Plaintiff Liccardi Motors, Inc.

(hereinafter "Motors") (collectively hereinafter "plaintiffs") hereby respectfully responds and

objects to defendants Fidelity Warranty Services, Inc.'s, Jim Moran & Associates, Inc.'s, and JM

1

Family Enterprises's (hereinafter collectively "defendants") jurisdictional interrogatories as
follows:

## COMMENTS AND QUALIFICATIONS TO LLC'S RESPONSES

Defendants' request for documents required plaintiffs to search for and review the
documents. Plaintiffs have provided the requested documents on the basis of this search and
review. Documents obtained by plaintiffs from defendants and/or other persons from future
utilization of discovery procedures may be relevant to the substance of plaintiff's responses but
are not produced in response to this request. Persons who are not employees of plaintiffs may
have documents relevant to the subject matter of plaintiffs' responses, and plaintiffs are not
purporting to be providing documents, if any, possessed by such former employees, to
defendants, or any other persons.

The documents produced herein are provided without waiving the following: (1) The
right to object on the grounds of competency, privilege, relevancy, materiality, or any other
proper ground, to the use of any of said documents for any purpose, in whole or in part, and any
subsequent step or proceeding in this action or any other action; (2) The right to object on any
and all grounds, at any time, to other document requests or other discovery procedures involving
or relating to the subject matter of the documents herein produced; (3) Plaintiffs' right to
supplement, explain, correct or clarify the answers or objections set forth.

To the extent that the defendants' request can be construed to seek copies of
correspondence between Cohn, Bracaglia & Gropper, P.C. and counsel for defendants, or
pleadings filed in this action, such documents are not being provided, but will be made available
for inspection if counsel, for some reason, does not have copies.

All of the documents produced are provided subject to the above comments and
qualifications.

## GENERAL OBJECTIONS AS TO ALL REQUESTS

1.      Plaintiffs object to defendants' entire request for documents (as contained in the
interrogatory questions) on the grounds that it is, by virtue of its length and purported scope,

2

burdensome and harassing. Many of the individual requests are over broad and duplicative. As a result, documents produced in response to any one particular request, may also be responsive to other duplicative requests, which is not separately noted.

2.  Many of the requests purport to seek documents which are protected by the attorney-client privilege and the attorney work product privilege and other applicable privileges. These requests are beyond the scope of permissible discovery and the documents will not be produced. Plaintiffs do not waive any applicable privilege by providing a document in response to a request.

3.  Plaintiffs object to all requests to the extent that they may be construed to seek documents containing proprietary or confidential information or trade secrets.

4.  Plaintiffs object to the definitions and instructions contained in the document request to the extent they seek to impose any obligations on plaintiff beyond the requirements of the New Jersey Court Rules and other applicable law. In particular, and not by way of limitation, plaintiffs object to any discovery relating to transactions or properties which are not the subject of this litigation.

5.  Plaintiffs object to these requests to the extent they seek documents relating to restructuring or settlement discussions, negotiations or proposals.

6.  These objections are asserted as to each request to which it is applicable and they are not waived by providing an answer, objection or document in partial response to any request to which it is applicable and they are not waived by providing an answer, objection or document in partial response to any request.

## RESPONSE TO INTERROGATORIES

Each answer is numbered to correspond with the question asked.

1.  Liccardi Ford, Inc.'s principal place of business as of June 16, 2005 is located at 1615 Route 22 West, Watchung, NJ 07060.

    Liccardi Ford, Inc. is incorporated in the State of New Jersey.

3

2.     Liccardi Motors, Inc.'s principal place of business as of June 16, 2005 is located at 130
       Route 22 West, P.O. Box. 830, Greenbrook, NJ 08812.

       Liccardi Motors, Inc. is incorporated in the State of New Jersey.

       **PLEASE TAKE NOTICE** that plaintiffs reserve the right to supplement the above

answers.

RogAns.9149.Liccardi Ford (Fidelity).2nd Set.081505

4

## CERTIFICATION

I hereby certify that the copies of any documents annexed hereto are exact copies; that the existence of any reports rendered by proposed expert witnesses not annexed hereto, either written or oral, is unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Gregory Liccardi

Dated: August 16, 2005

MB1/517345N.1

Case 0:05-cv-61171-KAM-MDC Document 1 Entered on FLSD Docket 11/16/2005 Page 165 of 236
Aug-16-05 03:07P                                                                      P.08

## CERTIFICATION

I hereby certify that the facsimile signature attached to the Certification has been acknowledged by the affiant as his signature and that a copy of the Certification with an original signature affixed will be filed if requested by the Court or any party to this action.

<div align="right">

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

</div>

By: _____
Nishall N. Jairam, Esq.

Dated: August 16, 2005

## COHN, BRACAGLIA & GROPPER

A Professional Corporation
COUNSELLORS AT LAW
275 EAST MAIN STREET
P.O. BOX 1094
SOMERVILLE, NEW JERSEY 08876

NED M. COHN
JOHN F. BRACAGLIA, JR.
JILL L. GROPPER
—
NISHALL N JAIRAM

TELEPHONE
(908) 526-1131
FACSIMILE
(908) 526 1275

# FACSIMILE TRANSMITTAL COVER SHEET

DATE:      8/16/05                          RE:    Liccardi Ford v. Fidelity Warranty

Number of Pages (including cover sheet)   8        OUR FILE NO.:      9149

TO:   Matthew J. Tharney, Esq.            FROM:      Nishall Jairam


Facsimile #:   973-624-7070                       Facsimile #:   (908) 526-1275

If you are missing any pages, or have any questions regarding the
above matter, please contact this office at:  (908) 526-1131.

**REMARKS:**

THIS FACSIMILE TRANSMISSION CONTAINS CONFIDENTIAL AND/OR LEGALLY PRIVILEGED
INFORMATION FROM THE LAW FIRM OF COHN, BRACAGLIA & GROPPER, P.C. INTENDED ONLY FOR THE
USE OF THE INDIVIDUAL(S) OR ENTITY(IES) NAMED ON THIS TRANSMISSION SHEET. IF THE READER OF
THIS FACSIMILE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE,
COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION RELYING ON THE CONTENTS OF THIS
FACSIMILE TRANSMISSION IS PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR,
PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR RETURN OF THE
DOCUMENTS TO US AT NO COST TO YOU.

**THANK YOU!**

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants,
Fidelity Warranty Services, Inc., and
Jim Moran and Associates, Inc.
DK 4593 (David R. Kott, Esq.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | : : : : | Civil Action No. 05-3581 Honorable Mary L. Cooper (MLC) |
| Plaintiffs, | : | **CERTIFICATION OF SERVICE** |
| vs. | : : | |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC., | : : : : : | |
| Defendants. | : | |

Debra L. Martinez, of full age, certifies as follows:

1. I am employed by the firm of McCarter & English, LLP, attorneys for

defendants, Fidelity Warranty Services, Inc. and Jim Moran and Associates, Inc.

2. On September 1, 2005, I caused a copy of the Brief on Behalf of Defendants,

Fidelity Warranty Services, Inc. and Jim Moran and Associates, Inc., in Further Reply to an

Order to Show Cause Why This Action Should Not be Remanded to New Jersey Superior Court

for Lack of Subject Matter Jurisdiction and Supplemental Affidavit of David R. Kott in support

thereof, to be filed electronically filed with the court, courtesy copies served upon the Honorable

Mary L. Cooper, J.S.C. by overnight mail, and copies to be served upon all counsel of record by overnight mail at the following address(es) listed below:

Ned M. Cohn, Esq.
Cohn, Bracaglia & Gropper
275 East Main Street
P.O. Box 1094
Somerville, New Jersey 08876

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

_Debra L. Martinez_

Dated: September 1, 2005

**COHN, BRACAGLIA & GROPPER**
**A Professional Corporation**
**Counselors at Law**
**275 East Main Street**
**P.O. Box 1094**
**Somerville, New Jersey 08876**
**(908) 526-1131**
**Attorneys for Plaintiffs**

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, LLC | : UNITED STATES DISTRICT COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>:<br>: |
| Plaintiffs, | : CIVIL ACTION NO.: 05-3581 (MLC)<br>: HON. MARY L. COOPER (MLC)<br>: |
| vs. | : **DATE OF ARGUMENT: September 19, 2005**<br>:<br>: **CERTIFICATION OF GREGORY** |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC. | **LICCARDI IN OPPOSITION**<br>: **TO MOTION TO DISMISS PURSUANT**<br>: ***FED R. CIV. P. 12(b)(6)***<br>: |
| Defendants. | :<br>: |

GREGORY LICCARDI, of full age, hereby certifies as follows:

1.    I am one of the authorized representatives of

plaintiff Liccardi Ford, Inc., Liccardi Motors, Inc., and

Liccardi Lincoln-Mercury, L.L.C. (all "plaintiffs"). I have

dealt directly with representatives of defendant Fidelity

Warranty Services, Inc. ("Fidelity"), and defendant Jim Moran &

Associates, Inc. ("Jim Moran"), and therefore indirectly with

JM&A Group a/k/a JM Family Enterprises, Inc. ("JM family", all

"defendants") over the subject matter which forms the basis of plaintiffs' Complaint. As such, I have personal knowledge of all statement made herein. Attached hereto as Exhibit "A" is a copy of plaintiffs' Complaint.

2.  I make this Certification in opposition to defendants' motion to dismiss plaintiffs' Complaint pursuant to *Fed R. Civ. P.* 12(b)(6) on the basis that the forum selection clause in the parties' August 1990 states that this action must be in Broward County, Florida.

3.  Plaintiffs were and are only local New Jersey based car dealers. Defendants are a national warranty company doing business in the State of New Jersey with offices in the State of New Jersey. In defendant Fidelity's and defendant Jim Moran's answers to plaintiffs' jurisdiction interrogatories, defendant Fidelity admits to doing business in "many of these United States including New Jersey" and defendant Jim Moran admits to doing business in "many of these United States including New Jersey" and to maintaining offices in the State of New Jersey. See ¶6,14,17 of said answers to interrogatories, a copy of which is attached hereto as Exhibit "B."

4.  On various occasion, defendants' representatives visited the plaintiffs' offices in New Jersey, for, *inter alia*, the purpose of soliciting business from plaintiffs including but

2

not limited to the August 1990 Agreement. These representatives were from defendants' New Jersey offices.

5. The subject Agreement was executed in New Jersey at plaintiffs' offices.

6. The language in the August 1990 Agreement, upon which defendants rely, was not negotiated since the Agreement was on defendants' standard form. In fact, plaintiffs were not even aware that such language was in said Agreement.

7. All of plaintiffs and defendants' communications, including personal visits, telephone calls, and correspondences, were all done in the State of New Jersey. Plaintiffs have only ever dealt with defendants' New Jersey representatives.

8. All of the Car Care Service plans, or any warranty plan relating to defendants, were bought and sold in New Jersey.

9. All of the coupons which plaintiffs' customers presented to plaintiffs, were presented in New Jersey. The vast majority of plaintiffs' customers are residents of New Jersey.

10. Every used coupon which plaintiffs redeemed from defendants, were redeemed through defendants' local New Jersey offices.

11. Every unused coupon which plaintiffs redeemed (or are seeking to redeem) were done through defendants' local New Jersey offices.

3

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

GREGORY LICCARDI

Dated: September 6, 2005

Briefs:9149.Liccardi Ford (JMA).Cert.090205

4

## CERTIFICATION

I hereby certify that pursuant to Rule 1:4-4(c) that the facsimile signature attached to the Certification has been acknowledged by the affiant as his signature and that a copy of the Certification with an original signature affixed will be filed if requested by the Court or any party to this action.

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

By:
Ned M. Cohn, Esq.

Dated: September 6, 2005

RECEIVED/FILED
SUPERIOR COURT

2005 JUN 16 PM 1:57

SOMERSET COUNTY
DEPUTY CLERK

COHN, BRACAGLIA & GROPPER
A Professional Corporation
Counsellors at Law
275 East Main Street
P.O. Box 1094
Somerville, New Jersey 08876
(908) 526-1131
Attorneys for Plaintiff

|  |  |  |
|---|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
|  | : | SOMERSET COUNTY |
| Plaintiffs, | : | DOCKET NO. *SOM L-8170-05* |
| vs. | : | Civil Action |
| FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC., | : | |
|  | : | COMPLAINT |
| Defendants. | : | |

Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C.

with an address at 130 Route 22 West, Greenbrook, Somerset County, New Jersey

08812 (hereinafter *Plaintiffs*), complaining of Fidelity Warranty Services, Inc., JM&A

Group a/k/a JM Family Enterprises, Inc. and Jim Moran & Associates, Inc. (hereinafter

*Defendants*), say:

## FIRST COUNT

1.     Plaintiffs and Defendants entered into an agreement on August 31, 1990,

pursuant to which Plaintiffs expressed a desire to offer in conjunction with and/or in

Page - 1

EXHIBIT

A

addition to the automotive mechanical failure service program provided by Defendants, a pre-paid maintenance program whereby it entered into contracts with its customers under which it became obligated to provide certain scheduled maintenance services (*Car Care Service Plan*).

    2.    Defendants, pursuant to such agreement, provided Plaintiffs' customers with coupon books for the pre-paid Car Care Service Plan contracts as issued by Plaintiffs.

    3.    Pursuant to the agreement, Defendants agreed to reimburse Plaintiffs the value of coupons submitted to Defendants by Plaintiffs.

    4.    In addition, Defendants agreed to pay Plaintiffs to reimbursement value of missed coupons as of the end of each calendar by February 15 of the next year.

    5.    The agreement was in full force and effect during the 2001/2002/2003 years, yet the Plaintiffs were not paid the reimbursement value of missed coupons as required by the agreement.

    6.    The Defendants are, therefore, in breach of contract.

    7.    As a direct and proximate result of Defendants' breach of contract, Plaintiffs are damaged and continue to be damaged.

    **WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, together with interest, attorney's fees and costs of suit.

<div align="center">

**SECOND COUNT**

</div>

    1.    The allegations of the First Count are repeated as if set forth at length herein.

2.  The Defendants' failure and refusal to make payment for value of missed coupons is an intentional and malicious act on the part of the Defendants, intended to deprive the Plaintiffs of their contractual rights.

3.  The action of the Defendants as to the Plaintiffs is an intentional and malicious interference by Defendants with Plaintiffs' contractual rights with the intent to deprive Plaintiffs of their contractual rights.

4.  As a result, Plaintiffs are entitled to compensatory damages, punitive damages, as well as attorney's fees and costs of suit.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, punitive damages, attorney's fees and costs of suit.

### THIRD COUNT

1.  The allegations of the First and Second Counts are repeated as if set forth at length herein.

2.  While the above referenced agreement was in full force and effect, Plaintiffs where entitled to participate in a retrospective commission plan with respect to service contracts issued by Plaintiffs and reported to Defendants in accordance with a remittance schedule.

3.  Such plan for retrospective commission payment to Plaintiffs was based on underwriting and investment income as defined between the parties.

4.  As of September 30, 2004, Plaintiff, Liccardi Ford, Inc. was entitled to $417,973 in retrospective commission.

5.  As of September 30, 2004, Plaintiff, Liccardi Lincoln-Mercury, L.L.C.. was entitled to $83,238 of retrospective commission.

6. The Defendants have intentionally failed to make payment in these amounts to the said Defendants.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of $417,973, plus $83,238, or the total sum of $501,211, together with interest, attorney's fees and costs of suit.

## FOURTH COUNT

1. The allegations of the First, Second and Third Counts are repeated as if set forth at length herein.

2. The Defendants' failure and refusal to make payment for retrospective commissions is an intentional and malicious act on the part of the Defendants, intended to deprive the Plaintiffs of their contractual rights.

3. The action of the Defendants as to the Plaintiffs is an intentional and malicious interference by Defendants with Plaintiffs' contractual rights with the intent to deprive Plaintiffs of their contractual rights.

4. As a result, Plaintiffs are entitled to compensatory damages, punitive damages, as well as attorney's fees and costs of suit.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, punitive damages, attorney's fees and costs of suit.

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
Ned M. Cohn

Dated: June 16, 2005

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Ned M. Cohn, Esquire, is hereby designated as trial counsel for the plaintiffs, Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C., in the above matter.

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
Ned M. Cohn

Dated: June 16, 2005

## JURY DEMAND

The plaintiffs, Liccardi Ford, Inc., Liccardi Motors, Inc. and Liccardi Lincoln-Mercury, L.L.C., hereby demands trial by a jury on all of the triable issues of the complaint and as to all triable issues of counterclaim, pursuant to R. 1:8-2(b) and R. 4:35-1(a).

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

BY: _____
Ned M. Cohn

Dated: June 16, 2005

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceedings to the best of our knowledge or belief. Also, to the best of our belief, no

other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

> COHN, BRACAGLIA & GROPPER
> A Professional Corporation
> COUNSELLORS AT LAW
> Attorneys for Plaintiffs
>
> BY: _____
> Ned M. Cohn

Dated: June 16, 2005

CivilCplts.9149.Complaint.061605

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    Fidelity Warranty Services, Inc., Jim Moran
    & Associates, Inc. and JM Family
    Enterprises, Inc. (improperly pleaded as
    "JM&A Group a/k/a JM Family Enterprises,
    Inc.")
DK 4593 (David R. Kott, Esq.)

|  |  |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C.,<br><br>                      Plaintiffs,<br><br>       vs.<br><br>FIDELITY WARRANTY SERVICES, INC., JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC.,<br><br>                       Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 05-3581<br>Honorable Mary L. Cooper (MLC)<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF JURISDICTIONAL INTERROGATORIES** |

TO:    Ned M. Cohn, Esq.
        Nishall Jairam, Esq.
        Cohn, Bracaglia & Gropper
        275 East Main Street
        P.O. Box 1094
        Somerville, NJ 08876
        Counsel for Plaintiffs



EXHIBIT

B

COUNSEL:

Defendants, Fidelity Warranty Services, Inc., and Jim Moran & Associates, Inc. respond

to Plaintiffs' First Set of Jurisdictional Interrogatories to Defendants as set forth herein.

McCARTER & ENGLISH, LLP
Attorneys for Defendants,
Fidelity Warranty Services, Inc., and
Jim Moran & Associates, Inc.

By:

David R. Kott
A Member of the Firm

Dated: August 18, 2005

## GENERAL OBJECTIONS, QUALIFICATIONS AND RESERVATION OF RIGHTS

1.  Defendants object to certain of Plaintiffs' interrogatories as unduly vague, ambiguous, unduly burdensome and harassing to the extent that those interrogatories are not limited in scope to a relevant time period and therefore such interrogatories are not likely to lead to the discovery of admissible evidence.

2.  Defendants object to certain of Plaintiffs' interrogatories as unduly vague and ambiguous, to the extent that those interrogatories include key terms such as "principal business activity," "corporate headquarters," "day-to-day corporate activity," "management activity," and "corporate activity" that remain undefined and/or insufficiently defined such that those terms are susceptible to a variety of meanings.

3.  Defendants object to certain of Plaintiffs' interrogatories as overbroad, unduly burdensome, harassing, and as not likely to lead to the discovery of admissible evidence to the extent that certain interrogatories seek information relating to matters beyond the scope of the limited subject matter jurisdictional discovery consented to by Defendants and permissible under the applicable Rules of Court (*Fed. R. Civ. P.* 26(d) and (f)) at this time.

4.  Defendants reserve the right to assert any and all appropriate defenses based on lack of *in personam* jurisdiction over certain or all of these Defendants.

5.  Defendants object to Plaintiffs' interrogatories to the extent that such interrogatories seek to impose upon Defendants any obligations beyond those obligations set forth under the Rules of Court.

6.  The foregoing general objections apply to each interrogatory unless otherwise noted, and said objections are not waived by virtue of Defendants' attempt to provide responses despite the objectionable nature of the interrogatories.

7.  Any responses provided by Defendants to Plaintiffs' interrogatories necessarily are limited by the information available to Defendants as of the date of such responses, and such responses are subject to amendment or modification should such modifications or amendments be required.

## DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF
## JURISDICTIONAL INTERROGATORIES

1.    In which State is Fidelity incorporated in?

**RESPONSE:  Fidelity Warranty Services, Inc., (identified by Plaintiffs as "Fidelity") is incorporated in Florida.**

2.    Describe the principal business activity of Fidelity.

**RESPONSE:  Objection.  Without waiving any objections noted in the "General Objections, Qualifications and Reservation of Rights" set forth above, this interrogatory impermissibly seeks information beyond the scope of subject matter jurisdictional discovery consented to by Defendants.  See further, objections 1, 2, 3, 4, 5 and 6 set forth above.**

3.    State whether Fidelity carries on its principal business activity in the State of New Jersey.

**RESPONSE:  See objections 1 and 2, set forth above.  Without waiving any objections, no.**

4.    State whether Fidelity is authorized to carry on its principal business activity in the State of New Jersey.

**RESPONSE:  Objection.  As phrased, this interrogatory is not relevant to the limited issue of whether subject matter jurisdiction exists in this case pursuant to 28 U.S.C. §1332, and about which Defendants consented to provide responses.  Without waiving any objections, please be advised that Defendant, Fidelity Warranty Services, Inc., is a foreign corporation authorized in New Jersey to conduct business.  Please further be advised that Defendant's principal place of business is in Deerfield Beach, Florida.**

5.    Does Fidelity have a corporate headquarters' in the State of New Jersey?  If yes, state the function of said headquarters.

**RESPONSE:  See objections 1, 2 and 4, above.  Without waiving any objections, no.**

6.    Does Fidelity carry on any day to day corporate activity in the State of New Jersey?

**RESPONSE:  See objections 1-6, above.  In addition, this interrogatory, as phrased, is not relevant to the limited issue of whether subject matter jurisdiction exists in this case pursuant to 28 U.S.C. §1332, and about which Defendants consented to provide responses.  Without waiving any objections, see response to interrogatories 1, 3 and 5 and objections thereto, above.  Answering further, this Defendant has occasion to conduct certain business**

activities in many of these United States, including New Jersey. **This Defendant further states that its principal place of business is in Deerfield Beach, Florida.**

7.      Does Fidelity have any office(s) in the State of New Jersey? If yes, describe the type and function of said office(s).

**RESPONSE: See response to number 6, above. Without waiving any objections, no.**

8.      In number 7 above, if yes, state whether said office(s) oversees and/or supervises the operation of Fidelity's business.

**RESPONSE: N/A**

9.      In number 7 above, if yes, state whether said office(s) oversees and/or supervises the operation of Fidelity's business.

**RESPONSE: N/A**

10.     In number 7 above, if yes, state whether said office(s) carries on any management activity.

**RESPONSE: N/A**

11.     In which State is Jim Moran incorporated in?

**RESPONSE: Jim Moran and Associates, Inc. (identified by Plaintiffs as "Jim Moran"), is incorporated in Florida.**

12.     Describe the principal business activity of Jim Moran.

**RESPONSE: Objection. Without waiving any objections noted in the "General Objections, Qualifications and Reservation of Rights" set forth above, this interrogatory impermissibly seeks information beyond the scope of subject matter jurisdictional discovery consented to by Defendants. See further, objections 1, 2, 3, 4, 5 and 6 set forth above.**

13.     State whether Jim Moran carries on its principal business activity in the State of New Jersey.

**RESPONSE: See objections 1 and 2, set forth above. Without waiving any objections, no.**

14.     State whether Jim Moran is authorized to carry on its principal business activity in the State of New Jersey.

**RESPONSE: Objection. As phrased, this interrogatory is not relevant to the limited issue of whether subject matter jurisdiction exists in this case pursuant to 28 U.S.C.**

§1332, and about which Defendants consented to provide responses. **Without waiving any objections, please be advised that Defendant, Jim Moran & Associates, Inc., is a foreign corporation authorized in New Jersey to conduct business. Please further be advised that Defendant's principal place of business is in Deerfield Beach, Florida.**

15.    Does Jim Moran have a corporate headquarters' in the State of New Jersey? If yes, state the function of said headquarters.

**RESPONSE: See objections 1, 2 and 4, above. Without waiving any objections, no.**

16.    Does Jim Moran carry on day to day corporate activity in the State of New Jersey?

**RESPONSE: See objections 1-6, above. In addition, this interrogatory, as phrased, is not relevant to the limited issue of whether subject matter jurisdiction exists in this case pursuant to 28 U.S.C. §1332, and about which Defendants consented to provide responses. Without waiving any objections, see response to interrogatories 11, 13 and 15 and objections thereto, above. Answering further, this Defendant has occasion to conduct certain business activities, including certain sales activities, in many of these United States, including New Jersey. This Defendant further states that its principal place of business is in Deerfield Beach, Florida.**

17.    Does Jim Moran have any office(s) in the State of New Jersey? If yes, describe the type and function of said office(s).

**RESPONSE: See response to number 6, above. Answering further, this Defendant states that it maintains an office located at 89 Headquarters Plaza, North Tower, 12th Floor, Morristown, NJ 07960. This Defendant further clarifies that the New Jersey office conducts certain sales activities. The ultimate corporate management and supervision of its sales force and of all other business activity by or on behalf of this Defendant is conducted from its principal place of business in Deerfield Beach, Florida.**

18.    In number 17 above, if yes, state whether said office(s) carries on the day-to-day corporate activity of Jim Moran.

**RESPONSE: See response to number 16 and 17, above. The office located in New Jersey does not conduct the ultimate supervision and management of the sales force operations or of any other business activity conducted by this Defendant. While the office space is used by certain employees of this Defendant, the ultimate coordination, supervision and management of sales force operations and of all other business activity undertaken by or on behalf of this Defendant takes place in Deerfield Beach, Florida.**

19.    In number 17 above, if yes, state whether said offices(s) oversees and/or supervises the operation of Jim Moran's business.

**RESPONSE: See response to number 16, 17 and 18, above.**

20.     In number 17 above, if yes, state whether said office(s) carries on any management activity.

**RESPONSE:  See response to number 16, 17 and 18, above.**

21.     In which State is JM&A Group A/K/A JM Family Enterprises (hereinafter JMA") incorporated in?

**RESPONSE:   Objection. The Plaintiffs name "JM&A Group A/K/A JM Family Enterprises, Inc." as a defendant in this action. JM&A Group is not a legal entity.  The Plaintiffs have failed to properly serve JM Family Enterprises, Inc., which is the parent corporation of Fidelity Warranty Services, Inc., and Jim Moran and Associates, Inc.  JM Family Enterprises, Inc.'s response to the purported service is due on or before September 9, 2005. Until proper service is effectuated, discovery directed at JM Family Enterprises, Inc., is premature.**

22.     Describe the principal business activity of JMA.

**RESPONSE:  Please see response to number 21.**

23.     State whether JMA carries on its principal business activity in the State of New Jersey.

**RESPONSE:  Please see response to number 21.**

24.     State whether JMA is authorized to carry on its principal business activity in the State of New Jersey.

**RESPONSE:  Please see response to number 21.**

25.     Does JMA have a corporate headquarters' in the State of New Jersey?  If yes, state the function of said headquarters.

**RESPONSE:  Please see response to number 21.**

26.     Does JMA carry on any day to day corporate activity in the State of New Jersey?

**RESPONSE:  Please see response to number 21.**

27.     Does JMA have any office(s) in the State of New Jersey?  If yes, describe the type and function of said office(s)

**RESPONSE:  Please see response to number 21.**

28.     In number 27 above, if yes, state whether said office(s) carries on the day-to-day corporate activity of JMA.

**RESPONSE:  Please see response to number 21.**

29.    In number 27 above, if yes, state whether said office(s) oversees and/or supervises the operation of JMA's business.

**RESPONSE:  Please see response to number 21.**

30.    In number 27 above, if yes, state whether said office(s) carries on any management activity.

**RESPONSE:  Please see response to number 21.**

## CERTIFICATION ON BEHALF OF FIDELITY WARRANTY SERVICES, INC. AND JIM MORAN AND ASSOCIATES, INC.

I, Maria K. Guttuso, Esq., of full age, hereby certify that I serve as Vice-President, General Counsel and Assistant Corporate Secretary for Fidelity Warranty Services, Inc., and Jim Moran and Associates, Inc., that I sign the foregoing Answers to Jurisdictional Interrogatories for and on behalf of Fidelity Warranty Services, Inc., and Jim Moran and Associates, Inc., that the matters stated in the foregoing Answers to Jurisdictional Interrogatories are not all within my personal knowledge and that I am informed that there is no single official or employee of Fidelity Warranty Services, Inc., and Jim Moran and Associates, Inc. who has personal knowledge of all such matters, that the facts stated in the foregoing Answers to Jurisdictional Interrogatories have been assembled at my direction by employees and counsel of Fidelity Warranty Services, Inc., and Jim Moran and Associates, Inc., and that I am informed by said employees and counsel that the matters set forth in the aforesaid Answers to Jurisdictional Interrogatories are in accordance with information available to Fidelity Warranty Services, Inc., and Jim Moran and Associates, Inc., and records maintained by Fidelity Warranty Services, Inc., and Jim Moran and Associates, Inc., and are true, in so far as it is possible to verify them.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Maria K. Guttuso, Esq.

Dated: August 18 , 2005

-9-

Error! Unknown document property name.

COHN, BRACAGLIA & GROPPER
**A Professional Corporation**
**Counselors at Law**
**275 East Main Street**
**P.O. Box 1094**
**Somerville, New Jersey 08876**
**(908) 526-1131**
**Attorneys for Plaintiffs**

|  |  |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, LLC | : UNITED STATES DISTRICT COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>:<br>: |
| Plaintiffs, | : CIVIL ACTION NO.: 05-3581 (MLC)<br>: HON. MARY L. COOPER (MLC)<br>: |
| vs. | : **DATE OF ARGUMENT: September 19, 2005**<br>: |
| FIDELITY WARRANTY SERVICES, INC.,<br>JM&A GROUP A/K/A JM FAMILY<br>ENTERPRISES, INC., and JIM MORAN &<br>ASSOCIATES, INC. | :<br>:<br>:<br>: |
| Defendants. | :<br>: |

---

### BRIEF ON BEHALF OF PLAINTIFFS LICCARDI FORD, INC., LICCARDI MOTORS, INC. AND LICCARDI LINCOLN-MERCURY, L.L.C. IN OPPOSITION TO MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P. 12(b)(6)*

---

NED M. COHN, ESQ.
**COHN, BRACAGLIA & GROPPER**
A Professional Corporation
Counselors At Law
275 East Main Street
P.O. Box 1094
Somerville, NJ 08876
(908) 526-1131

Attorneys for Plaintiffs
    Liccardi Ford, Inc.,
    Liccardi Motors, Inc., and
    Liccardi Lincoln-Mercury, LLC

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................ii

STATEMENT OF FACTS..................................................................1

LEGAL ARGUMENTS

ARGUMENT:        THIS ACTION SHOULD EITHER REMAIN
IN THE DISTRICT COURT OF NEW JERSEY
OR BE REMANDED BACK TO THE
SUPERIOR COURT OF NEW JERSEY......................5

A.      Introduction..........................................................................5

B.      The Forum Selection Clause Is Not Dispositive................................6

      1.     Enforcement Of The Forum Selection Clause In the
Particular Circumstances Of The Case Would Result
In Litigation So Seriously Inconvenient As To Be
Unreasonable................................................................7

      2.     Enforcement Of The Forum Selection Clause Would
Violate A Strong Public Policy Of The Forum.........................12

C.      The Forum Selection Clause Language Is Ambiguous As To
Whether Only A State Court Sitting In Broward County,
Florida Can Hear This Matter....................................................13

D.      Conclusion.........................................................................15

OVERALL CONCLUSION..............................................................17

# TABLE OF AUTHORITIES

CASES                                                                PAGE NO.

Arentowicz v. Cap Gemini Trust & Young U.S., L.L.C,
    No. Civ. 03-5881 WGB, 2003 WL 18346000 (D.N.J. 2004).....................6

Beckley v. Auto Profit Masters, L.L.C.,
    266 F.Supp.2d 1001 (S.D. Iowa 2003)...........................................10

Coastal Steel Corp. v. Tilghman Wheelbrator, Ltd.,
    709 F.2d 190 (3rd Cir. 1983), *cert. denied* 464 U.S. 938 (1983).................6

Copperweld Steel Co. v. Demag-Mannesmann-Bohler,
    578 F.2d 953 (3rd Cir. 1978)......................................................9

Danka Funding, L.L.C. v. Page Scrantom, Sprouse, Tucker & Ford, P.C.,
    21 F. Supp.2d 465 (D.N.J. 1998)...................................................13

Jumara v. State Farm Ins. Co.,
    55 F.3d 873 (3rd Cir. 1995)........................................................13, 14

Midwest Mechanical Contractors, Inc. v. Tampa Constructors, Inc.,
    659 F.Supp. 526 (W.D. Mo. 1987).................................................13

Nat'l Micrographics Systems, Inc. v. Canon U.S.A., Inc.,
    825 F. Supp. 671 (D.N.J. 1993)....................................................6

O'Brien v. Okemo Mountain, Inc.,
    17 F.Supp.2d 98 (D.Conn. 1998)..................................................10

## STATEMENT OF FACTS

The within action stems from plaintiff Liccardi Ford, Inc.'s, plaintiff Liccardi Motors, Inc.'s, and plaintiff Liccardi Lincoln-Mercury, L.L.C.'s ("plaintiffs") claim against Fidelity Warranty Services, Inc. ("Fidelity"), Jim Moran & Associates, Inc. ("Jim Moran") (hereinafter both referred to as "defendants")[1], and JM&A Group a/k/a JM Family Enterprises, Inc. ("JM Family"), that defendants not only deliberately breached the contract between the parties but intentionally and maliciously sought to interfere and deprive plaintiffs of certain rights.

The facts of this case are contained in the Certification of Gregory Liccardi ("Liccardi Cert."), a copy of which is submitted herewith and is incorporated herein by reference.

Plaintiffs and defendants entered into agreements dated August 1990 (hereinafter "Agreement") whereby it was agreed that, *inter alia*, plaintiffs would offer a pre-paid maintenance program (hereinafter "Car Care Service Plan") to plaintiffs' customers but that defendants would provide plaintiffs' customers with coupon books for use with the Car Care Service Plan. Defendants would then reimburse plaintiffs the value of

---

[1] While defendant JM Family has not yet appeared in this action, defendant Fidelity and defendant Jim Moran have admitted that defendant JM Family is the parent company of both defendant Fidelity and defendant Jim Moran. Since the subject motion is being made only in the name of defendant Fidelity and defendant Jim Moran then use of the term "defendants" shall refer to both defendant Fidelity and defendant Jim Moran.

1

the coupons submitted to defendants by plaintiffs and would further reimburse plaintiffs for any unused coupons.  However, though the Agreement was in full force and effect during the years 2001, 2002, and 2003, plaintiffs were not paid for certain coupons.  See Liccardi Cert., Exhibit "A," Plaintiffs' Complaint, First Count & Second Count.

In addition, the Agreement provided that plaintiffs would be entitled to participate in a retrospective commission plan with respect to certain service contracts (hereinafter "Service Contracts") issued by plaintiffs and reported to defendants in accordance with a remittance schedule.  Again, plaintiffs have not been paid the retrospective commission owed to plaintiffs on said Service Contracts.  See Liccardi Cert., Exhibit "A," Plaintiffs' Complaint, Third Count & Fourth Count.

The result is the within action by plaintiffs against defendants.  Defendant Fidelity and defendant Jim Moran responded to plaintiffs action by filing a Notice of Removal, pursuant to 28 U.S.C. § 1332, removing this action from the Superior Court of New Jersey to the District Court of New Jersey.  Thereafter, pursuant to 28 U.S.C. § 1447(c), this Court, *sua sponte*, brought an Order to Show Cause requiring the parties to show cause why this action should be not be remanded back to the Superior Court of New Jersey.  Said Order to Show Cause was returnable before this Court on September 2, 2005 and

2

is being decided on the papers.  Notwithstanding the Order to
Show Cause (pending at the time when defendants initially filed
this motion), defendant Fidelity and defendant Jim Moran,
pursuant to *Fed R. Civ. P.* 12(b)(6), have made the instant
motion to dismiss based upon a clause within the Agreement which
states as follows:

> This Agreement Shall be governed by and construed in
> accordance with the laws of Florida and the parties agree
> that any litigation regarding the Agreement shall take
> place only in Broward County, Florida.
>
> See Exhibit "A" to defendants' Brief in Support of Motion
> to Dismiss.

Plaintiffs' were and are only local New Jersey car dealers
doing business in New Jersey only.  Defendants are a national
warranty company believed doing business in "many of these
United States including New Jersey" with offices in the State of
New Jersey.[2]  See Liccardi Cert. ¶3.

Defendants New Jersey based representatives visited
plaintiffs at plaintiffs' local New Jersey offices and solicited
business from plaintiffs including the within Agreement.  See
Liccardi Cert. ¶4.  The Agreement was executed in the State of
New Jersey.  However, the Agreement was not subject to
negotiations and the language upon which defendants rely, or any

---

[2] In addition to plaintiffs' knowledge of defendants' New Jersey activities,
defendants have admitted in answers to interrogatories that Fidelity does
business within the State of New Jersey and that Jim Moran is authorized to
do business in the State of New Jersey and maintains offices in the State of
New Jersey.

other language in the Agreement, was and is contained in defendants' pro forma contract. See Liccardi Cert. ¶5-6

All of plaintiffs' communications with defendants including personal visits, telephone calls and correspondences, have always been with defendants' representatives in the State of New Jersey. See Liccardi Cert. ¶7. Except for the involvement of counsel in matters immediately preceding the commencement of this lawsuit, plaintiffs have always, and only ever, dealt with defendants' New Jersey representatives. See Liccardi Cert. ¶7.

All of the Car Care Service plans, or any warranty plan relating to defendants, were sold to customers in the State of New Jersey. All of the maintenance and/or warranty services rendered by plaintiffs were rendered in the State of New Jersey. Any coupon presented to plaintiffs by any customer was presented to plaintiffs in the State of New Jersey. Every used coupon which plaintiffs redeemed from defendants were redeemed through defendants' local New Jersey offices. Every unused coupon which plaintiffs redeemed (or are seeking to redeem) was done through defendants' local New Jersey offices. See Liccardi Cert. ¶8-11.

Based upon the facts of this case and the case law supporting it, plaintiffs oppose defendant Fidelity's and defendant Jim Moran's motion to dismiss.

4

**LEGAL ARGUMENTS**

**ARGUMENT:** **THIS ACTION SHOULD EITHER REMAIN IN THE DISTRICT COURT OF NEW JERSEY OR BE REMANDED BACK TO THE SUPERIOR COURT OF NEW JERSEY.**

**A. Introduction.**

Defendants' motion to dismiss plaintiffs' Complaint is pursuant to *Fed R. Civ. P.* 12(b)(6). Defendants' base their motion on language within the Agreement regarding the applicability of Florida law and litigation occurring in Broward County, Florida and ask this Court to take the drastic remedy of dismissing plaintiffs' Complaint. Very importantly, defendants, in making this motion, do not contend that the District Court of New Jersey, absent the forum selection clause[3], would still be the improper forum for this action. Defendants only basis for the motion is their reliance upon boilerplate language in an Agreement which they prepared and which was not the subject of any negotiation.

Therefore, for the reasons which will follow, plaintiffs ask that this Court not apply the forum selection clause and keep this matter within New Jersey.

---

[3] Defendants refer to this clause as a forum selection clause. Plaintiffs do not concede that this is a per se "forum selection clause." However, for reference purposes only, plaintiffs will also refer to said clause as a forum selection clause.

**B.      The Forum Selection Clause Is Not Dispositive.**

Contrary to the impression defendants' are giving, the mere inclusion of a boilerplate forum selection clause does not automatically mandate that said forum must be the only forum for the action.   In fact, though a forum selection clause is accorded significant weight in deciding whether a case should be transferred, it is not dispositive.   Nat'l Micographics Systems, Inc. v. Canon U.S.A., Inc., 825 F.Supp. 671, 680 (D.N.J. 1993).

Moreover, while it is true that forum selection clauses are presumptively valid unless the resisting party makes a strong showing that the clause is "unreasonable," it should not be forgotten that the resisting party can make such a showing of unreasonableness in one of three ways.   See Arentowicz v. Cap Gemini Trust & Young U.S., L.L.C., No. Civ. 03-5881 WGB, 2003 WL 1834600 *3 (D.N.J. 2004).

As stated by the Court in Coastal Steel Corp. v. Tilghman Wheelbrator, Ltd., 709 F.2d 190, 202 (3rd Cir. 1983), *cert. denied* 464 U.S. 938 (1983), a forum selection clause is "unreasonable" if (1) it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable (*emphasis added*).

1.   **Enforcement Of The Forum Selection Clause In the Particular Circumstances Of The Case Would Result In Litigation So Seriously Inconvenient As To Be Unreasonable.**

It is plaintiffs' position that if the circumstances of this case were examined, then the Court will see that the within matter involves national companies (defendants), doing business in the State of New Jersey, availing themselves of the benefits of the State of New Jersey, capable of (and are now doing so) defending this action in the State of New Jersey, but who are instead relying upon non-negotiated boilerplate language in their agreement for the apparent purpose of discouraging anyone from commencing an action against them, except in the State of Florida. In fact, to be precise, prevent anyone from commencing an action against them except in Broward County, State of Florida. This cannot be deemed reasonable under the particular circumstance of this case.

Every aspect of this action, for both plaintiffs and defendants, lies within the State of New Jersey[4]. Defendants' representatives, based in New Jersey, visited plaintiffs at plaintiffs' local New Jersey offices and directly solicited business from plaintiffs including the within Agreement. The Agreement was executed in the State of New Jersey. See Liccardi

---

[4] References to the State of New Jersey is not intended as a reference to the Superior Court of New Jersey but refers to the State of New Jersey as a location inclusive of both the District Court of New Jersey and the Superior Court of New Jersey.

7

Cert. ¶4-5. Every communication between plaintiffs and
defendants, including but not limited to personal visits,
telephone calls, and correspondences, were done within the State
of New Jersey. See Liccardi Cert. ¶7. In fact, except for the
involvement of counsel in this matter, plaintiffs have always
and only ever dealt with defendants' New Jersey representatives.
See Liccardi Cert. ¶7.

Moreover, all of the Care Service plans, or any related
warranty plans, were sold to customers in the State of New
Jersey. All of the maintenance and/or warranty services
rendered by plaintiffs were rendered in the State of New Jersey.
Any coupons presented by customers for use on a plan were
presented to plaintiffs in the State of New Jersey. In fact,
virtually all of the plaintiffs' customers are residents of the
State of New Jersey. In turn, every coupon which plaintiffs
sought to redeem (be reimbursed for) from defendants were
redeemed from defendants through defendants' local New Jersey
offices. See Liccardi Cert. ¶8-11.

Essentially, there is not a single aspect of this case
involving any state of the union except the State of New Jersey.
Nevertheless, defendants want this matter heard in Broward
County, Florida. Moreover, they have argued, and will
undoubtedly continue to argue, that the mere inconvenience and
additional expense of traveling to Florida is not enough to

defeat defendants' forum selection clause. However, plaintiffs ask that the Court consider that this is not a situation involving inconvenience and expenses, though that is a relevant factor. Rather, this is a situation where though every aspect of the within action is tied to the State of New Jersey, defendants ask that the Court take the drastic remedy of dismissing the action based upon a forum selection clause.

This is not even a situation where an out of state party (defendants) are being forced into a forum (New Jersey) in which they (defendants) have no connection. (Defendants by their own admission are doing business in "many of these United States. See Liccardi Cert. ¶3). This is a converse situation. That is to say that plaintiffs, as local businesses, are being forced into a forum (Broward County, Florida) in which plaintiffs have no business connection whatsoever.

In Copperweld Steel Co. v. Demag-Mannesmann-Bohler, 578 F.2d 953, 965 (3rd Cir. 1978), the Court said that where the facility which was the subject of the contract was located in Ohio, where the facility was fabricated in the United States, where all records concerning operation of the plan were in the United States, where all of the purchaser's personnel who negotiated the contract were in the United States, where some of the seller's personnel were in the United States, and where practically all of the activities in connection with the

9

contract took place in the English language, the trial court did not err in determining that enforcement of forum selection clause in the contract which called for disputes to be brought before the German courts would be unreasonable and thus properly exercised jurisdiction over the suit.

Other jurisdictions have also found instances where applicability of a forum selection clause, given the circumstances of the case, would be deemed unreasonable.

In Beckley v. Auto Profit Masters, L.L.C., 266 F.Supp.2d 1001 (S.D. Iowa 2003), the court essentially found that a transfer of venue from Iowa to Colorado was not warranted in Iowa business's action against Colorado consultants for breach of consulting agreement, fraudulent inducement, rescission, and violation of RICO, despite clause in agreement selecting Colorado as proper forum for bringing suit. Among the factors considered was that all non-party witnesses were in Iowa, all significant activity that formed the basis of the dispute occurred in Iowa, and business's damages were sustained in Iowa.

In O'Brien v. Okemo Mountain, Inc., 17 F.Supp.2d 98 (D.Conn. 1998), the court found that a transfer of an injured skier's negligence action against a Vermont ski resort, filed in Connecticut where skier resided, to Vermont, was not warranted, despite the fact that resorts' tickets contained a forum selection clause limiting suits against resort to Vermont's

10

courts. In addition to the clause being near the bottom of the backside on the ski ticket and being written in small typeface and inconvenience to the resort, that did not outweigh the inconvenience to the skier if the case was transferred.

In Midwest Mechanical Contractors, Inc. v. Tampa Constructors, Inc., 659 F.Supp. 526 (W.D. Mo. 1987), though the court was faced with a mandatory forum selection clause, the court found that the forum selection clause did not preclude the selected forum from ordering the transfer of a diversity suit to a more convenient forum because the convenience of witnesses and the interest of justice had to be considered.

As stated before, plaintiffs ask that the Court bear in mind that this is not merely a question of convenience of witnesses but is a question of fairness and justice. Every aspect of this case revolves around the present forum. The Court is not faced with out of state defendants, having some remote contact with New Jersey, being dragged into New Jersey because of plaintiffs' use of a technicality in the long arm statute (or resorting to an abstract analysis of minimum contacts). These are defendants doing business on a national level, and more importantly, these are defendants doing business in New Jersey with offices in New Jersey. See Liccardi Cert. ¶3.

11

Finally, if the Court will consider a balancing test and weigh the conveniences of the parties, then it cannot be disputed that it is far easier for defendants to defend this action in the District Court of New Jersey than it is for plaintiffs to prosecute this action in either a state court, in Broward County, Florida or a federal court, encompassing Broward County, Florida.

## 2.    Enforcement Of The Forum Selection Clause Would Violate A Strong Public Policy Of The Forum.

Plaintiffs, collectively, are three local New Jersey car dealers.  Defendants, on the other hand, are national companies doing business in "many of these United States." See Liccardi Cert. ¶3.  Moreover, defendants, inter alia, are in the business of selling warranties to local New Jersey car dealers and are also in the business of selling customers (of the car dealers) coupons for use with said warranties.

While there does not appear to be a New Jersey case directly on point, it is submitted that in a situation where local businesses, and ultimately the consumers who use those local businesses, are faced with a forum selection clause, which if enforced, would virtually deprive the local businesses of their day in court, that New Jersey would have a strong interest in protecting such local businesses.  This is particularly telling given defendants' claim that this action should be

12

dismissed because it can only be brought in Broward County, State of Florida (*emphasis added*).

As stated by the Court in Danka Funding, L.L.C. v. Page Scrantom, Sprouse, Tucker & Ford, P.C., 21 F.Supp.2d 465, 472 (D.N.J. 1998), there is a strong presumption in favor of maintaining jurisdiction where plaintiffs reside. Clearly, under the circumstances, this forum has a strong interest in keeping this action in the forum where virtually every aspect of the parties' relationship occurred.

**C. The Forum Selection Clause Language Is Ambiguous As To Whether Only A State Court Sitting In Broward County, Florida Can Hear This Matter.**

The clause at issue states:

Governing Law. This Agreement shall be governed by and construed in accordance with the laws of Florida, and the parties agree that any litigation regarding this Agreement shall take place only in Broward County, Florida.

See Exhibit "A" to defendants' Brief in Support of Motion to Dismiss.

Assuming *arguendo* that the clause is valid and should be applied, it is important to note that the clause does not say whether the state court of Florida, situated in Broward County, has jurisdiction, or whether a federal court, encompassing Broward County, has jurisdiction.

In Jumara v. State Farm Ins. Co., 55 F.3d 873, 881 (3rd Cir. 1995), the Court was faced with the following language:

13

If there is not agreement, these questions shall be decided by arbitration at the request of the insured or us. The Pennsylvania Uniform Arbitration Act, as amended from time to time, shall apply. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on a third one within 30 days either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one….The arbitration shall take place in the county in which the insured resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

The Court stated "We conclude that, although the parties did contemplate that this action transpire within Luzerne County, they did not limit the fora to the state courts but rather intended to permit the action in any court, including the federal court, of the county." The Court further stated "Although the district court concluded that this could only occur in the Court of Common Pleas of Luzerne County, we hold that the phrase 'a court of record in the county' includes the United States District Court for the Middle District of Pennsylvania, the federal judicial district that encompasses Luzerne County."

In the case at bar, since the forum selection clause does not expressly say that only a state court has jurisdiction then it cannot be said to exclude a federal court which encompasses Broward Count, Florida, from also having jurisdiction. As an aside, and as in Jumara, *supra*, a reference to language about the Agreement being governed by laws of Florida does not mean

14

that a federal court encompassing Broward County, Florida, has no jurisdiction to hear the case.

The open ended language of the forum selection clause has an extremely important implication. That is that the Court is not faced with defendants advocating (or who are able to so advocate) that they specifically sought the protection of the Florida state court and that this matter should be transferred for that reason. This in turn means that since a federal court, encompassing Broward County, Florida, has jurisdiction, and since the parties are now in federal court, and given the fact that defendants do business in New Jersey and have offices in New Jersey, then no judicial purpose is served by having this matter heard by a federal court, encompassing Broward County, Florida, as opposed to a federal court, encompassing the State of New Jersey. In fact, all it would mean is that plaintiffs, who have no business connection to the State of Florida[5], would be forced to (re)litigate the action in federal court, but in a federal court in Florida. Whereas, this matter can be readily be litigated by this federal Court, in New Jersey.

**D.    Conclusion.**

Defendants' are essentially asking that the Court disregard the merits of plaintiffs' case, disregard the fact that the

---

[5] Argument (B)(1) of plaintiffs' brief details the numerous ways in which every aspect of this action is connected to the State of New Jersey and the fact that defendants are doing business in New Jersey with offices in New Jersey.

15

underlying events of this action originated and continue to be based in New Jersey, disregard the fact that plaintiffs are local New Jersey car dealers, disregard the fact that plaintiffs do not do business in Florida, disregard the fact that defendants do business in New Jersey, disregard the fact ht defendants have offices in New Jersey, disregard the fact that the Agreement's forum selection clause was not negotiated by the parties, disregard the fact that an application of the forum selection clause would be so inconvenient as to be unreasonable, disregard the fact that the forum selection clause, if applied, would mean that this action could still be in federal court again (encompassing Broward County, Florida), and instead take the drastic remedy of dismissing plaintiffs' action with prejudice.

Plaintiffs respectfully asks that the Court not disregard any of the aforementioned factors, deny defendants' motion in its entirety, and either retain jurisdiction or remand this action to the Superior Court of New Jersey.

## OVERALL CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that defendants' motion to dismiss, made pursuant to *Fed R. Civ. P.* 12(b)(6) be dismissed in its entirety.

Respectfully submitted,

COHN, BRACAGLIA & GROPPER
A Professional Corporation
COUNSELLORS AT LAW
Attorneys for Plaintiffs

By:   /s/ Ned M. Cohn, Esq.
      Ned M. Cohn, Esq.

Dated: September 6, 2005

Briefs:9149.Liccardi Ford (JMA).Brief.083005

17

**COHN, BRACAGLIA & GROPPER**
**A Professional Corporation**
**Counselors at Law**
**275 East Main Street**
**P.O. Box 1094**
**Somerville, New Jersey 08876**
**(908) 526-1131**
**Attorneys for Plaintiffs**

| | |
|---|---|
| | : UNITED STATES DISTRICT COURT |
| LICCARDI FORD, INC., LICCARDI | : FOR THE DISTRICT OF NEW JERSEY |
| MOTORS, INC. and LICCARDI | : |
| LINCOLN-MERCURY, LLC | : |
| | : CIVIL ACTION NO.: 05-3581 (MLC) |
| Plaintiffs, | : HON. MARY L. COOPER (MLC) |
| | : |
| vs. | : **DATE OF ARGUMENT: September 19, 2005** |
| | : |
| FIDELITY WARRANTY SERVICES, INC,: | **PROOF OF SERVICE OF PLAINTIFFS'** |
| JM&A GROUP A/K/A JM FAMILY | : **BRIEF IN OPPOSITION TO MOTION** |
| ENTERPRISES, INC., and JIM MORAN | : **TO DISMISS PURSUANT TO** |
| & ASSOCIATES, INC. | : **FED R. CIV. P. 12(b)(6)** |
| | : |
| Defendants. | : |
| | : |

1.    I, Nishall N. Jairam, am an associate of the law firm of Cohn, Bracaglia, &

Gropper.

2.    On September 6, 2005, I caused to be forwarded by overnight mail one copy of

the following document:

      a.    Certification of Gregory Liccardi in Opposition to Motion to Dismiss
          Pursuant to *Fed. R. Civ. P. 12(b)(6)*; and

      b.    Brief on behalf of Plaintiffs Liccardi Ford, Inc., Liccardi Motors, Inc., and
          Liccardi Lincoln-Mercury, L.L.C. in Opposition to Motion to Dismiss
          Pursuant to *Fed R. Civ. P. 12(b)(6)*.

addressed to:

> David R. Kott, Esq.
> McCarter & English, LLP
> Four Gateway Center
> 100 Mulberry Street
> Newark, NJ 07102

at said addressee's last known address.

    2.    On September 6, 2005, I also caused to be forwarded by facsimile (but without

exhibits) one copy of the following document:

    a.    Certification of Gregory Liccardi in Opposition to Motion to Dismiss Pursuant to *Fed. R. Civ. P. 12(b)(6)*; and

    b.    Brief on behalf of Plaintiffs Liccardi Ford, Inc., Liccardi Motors, Inc., and Liccardi Lincoln-Mercury, L.L.C. in Opposition to Motion to Dismiss Pursuant to *Fed R. Civ. P. 12(b)(6)*.

faxed to:

> David R. Kott, Esq.
> McCarter & English, LLP
> Four Gateway Center
> 100 Mulberry Street
> Newark, NJ 07102
> Fax Number: 973-624-7070

at said addressee's last known facsimile number.

    I certify that the foregoing statements are true. I am aware that if any of the foregoing

statements made by me are willfully false, I am subject to punishment.

NISHALL N. JAIRAM

Dated: September 6, 2005

Briefs:9149.Liccardi Ford (JMA).Proof of Serv.090605

2

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants,
Fidelity Warranty Services, Inc., and
Jim Moran and Associates, Inc.
DK 4593 (David R. Kott, Esq.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., | : : : : | Civil Action No. 05-3581 Honorable Mary L. Cooper (MLC) |

LICCARDI FORD, INC., LICCARDI
MOTORS, INC. and LICCARDI LINCOLN-
MERCURY, L.L.C.,                    :

            Plaintiffs,  :

        vs.                      :

FIDELITY WARRANTY SERVICES, INC.,  :
JM&A GROUP A/K/A JM FAMILY        :
ENTERPRISES, INC., and JIM MORAN & :
ASSOCIATES, INC.,                  :

            Defendants.  :

Civil Action No. 05-3581
Honorable Mary L. Cooper (MLC)

**Date of Argument:  September 19, 2005**

---

# REPLY BRIEF ON BEHALF OF DEFENDANTS, FIDELITY WARRANTY SERVICES, INC. AND JIM MORAN AND ASSOCIATES, INC., IN FURTHER SUPPORT OF MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.* 12(b)(6)

---

David R. Kott
    Of Counsel

Matthew J. Tharney
    On the Brief

## PRELIMINARY STATEMENT

Defendants, Fidelity Warranty Services, Inc. ("FWS") and Jim Moran and Associates, Inc. ("JM&A"), submit this reply brief in further support of their motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6), returnable on September 19, 2005. As set forth in Defendants' original moving papers, an Agreement by and between Plaintiffs and FWS contains a mandatory forum selection clause requiring any and all litigation regarding the Agreement to take place only in Broward County, Florida. The forum selection clause is conspicuously located just above the parties' signatures to the Agreement. The clause is reasonable and should be enforced, and this case must be dismissed.

All parties to this dispute are sophisticated business entities. Each named Defendant has its principal place of business in Broward County, Florida. Enforcement of the subject forum selection clause would not result in litigation so seriously inconvenient as to deprive Plaintiffs of their day in court. Indeed, Plaintiffs do not so assert. *See* Pl. Opp. Br. at 9 ("However, plaintiffs ask that the Court consider that this is not a situation involving inconvenience and expenses, although that is a relevant factor.") Rather, Plaintiffs simply would be required to prosecute their claims in Florida, and thereby to live up to the plain terms of the bargained-for Agreement that allegedly gives rise to Plaintiffs' claims against Defendants.

The United States Supreme Court and other courts within the Third Circuit have enforced forum selection clauses in form contracts involving consumers, some of whom were asserting personal injury claims. Given such decisions, obviously the forum selection clause at issue here, which involves a sophisticated commercial plaintiff asserting breach of contract claims, should be enforced in accordance with governing law.

Enforcement of the forum selection clause would not violate a strong public policy. Indeed, Plaintiffs admittedly cannot cite a single case or other authority suggesting otherwise. *See* Pl. Opp. Br. at 12. New Jersey has a strong public policy of enforcing arm's-length transactions between sophisticated commercial business entities. Plaintiffs' arguments to the contrary are unavailing, and run contrary to principles set forth in governing decisional law.

Decisional law from the United States Supreme Court, the Third Circuit and this District Court supports Defendants' position. Under our law, forum selection clauses are *prima facie* valid and enforceable. Plaintiffs do not argue that the subject forum selection clause was the product of fraud or overweening bargaining power. As explained in detail below, Plaintiffs also have not satisfied their burden of offering a "strong showing" that litigation in Florida would be so seriously inconvenient as to deprive Plaintiffs of their day in court. Likewise, Plaintiffs' argument that the subject forum selection clause runs afoul of a strong public policy is without merit.

Accordingly, defendants' motion to dismiss should be granted pursuant to the valid and enforceable forum selection clause set forth in the governing Agreement.

## LEGAL ARGUMENT

### THE SUBJECT FORUM SELECTION CLAUSE IS VALID AND ENFORCEABLE AND PLAINTIFFS' CLAIMS MUST BE DISMISSED.

The United States Supreme Court has instructed that "forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *National Micrographics Systems, Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 680 n.16 (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (internal quotations omitted)); *see also The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (explaining that enforcement of forum selection clause is proper "unless [the resisting party] could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."); *Hoffer v. Infospace.com, Inc.*, 102 F. Supp. 556, 563 n.4, 567-68 (D.N.J. 2000) (same); *Danka Funding v. Page, Scranton, Sprouse, Tucker & Ford*, 21 F. Supp.2d 465, 470 (D.N.J. 1998); *Copelco Capital Inc. v. Shapiro*, 331 N.J. Super. 1, 4 (App. Div. 2000) ("[F]orum selection clauses are generally enforced in New Jersey."). Under Third Circuit law, the presumptive validity of a forum selection clause can only be overcome if "the resisting party makes a 'strong showing' that the clause is 'unreasonable.'" *Cadapult Graphic Systems, Inc. v. Tektronix, Inc.*, 98 F. Supp.2d 560, 564-65 (D.N.J. 2000) (citing *The Bremen*, 407 U.S. at 10).

Plaintiffs here do not argue that the subject forum selection clause resulted from fraud or overweening bargaining power. Instead, Plaintiffs suggest that enforcement of the forum selection clause would be unreasonable because it would result in serious inconvenience to Plaintiffs. Respectfully, that argument must fail because Plaintiffs cannot demonstrate, and Plaintiffs have not asserted, that litigation in Florida would deprive them of their day in court.

*See, e.g., Foster Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (noting that forum selection clause is "unreasonable" when resisting party can make a "strong showing" that the selected forum is "**so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.**...") (emphasis supplied). Were this Court to require Plaintiffs to litigate in Florida in accordance with the plain text of the governing Agreement, such a result would not deprive Plaintiffs of their day in court. Plaintiffs have not asserted that they would be unable to litigate in Florida. Plaintiffs are sophisticated business entities and Florida is not a "remote alien forum." Plaintiffs would not be forced to submit to a foreign jurisprudential system that could threaten Plaintiffs' ability to obtain a full and fair hearing regarding this dispute.

As for Plaintiffs' claim that all aspects of this litigation are centered in New Jersey, *see* Pl. Opp. Br. at 8-9, that argument is unpersuasive because this lawsuit involves the interpretation of a contract between entities located in different states – Florida and New Jersey. As noted, Defendants' principal places of business are located in Broward County, Florida.[1] While Plaintiffs attempt to gloss over that important fact, the United States Supreme Court has recognized that a corporation properly may include a forum selection clause restricting litigation to that corporation's home state, especially when that corporation could be subject to litigation in many fora by virtue of that corporation's business. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94, 595 (1991) (concluding that Florida-based cruise line properly included an enforceable forum selection clause on a cruise ship ticket, and stressing that the "clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any

---

[1] It should be noted that Defendants have a legitimate interest in ensuring that litigation in which they are involved will be adjudicated in a consistent manner. For the sake of preserving such continuity, Defendants legitimately seek to resolve disputes in Florida courts under Florida substantive law.

confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum[,]" especially when the cruise line could be subject to litigation in several fora).

Plaintiffs' discussion of their customer base, as it relates to the provision of maintenance and/or warranty service, also is of no moment. *See* Pl. Opp. Br. at 8. This dispute concerns the parties' rights and obligations under the governing Agreement. The fact that Plaintiffs admittedly conduct their business in New Jersey is not at issue; neither is the fact that many of Plaintiffs' customers are New Jersey residents.

Decisional law from the United States Supreme Court supports Defendants' position on this motion. The Supreme Court has not hesitated to enforce a forum selection clause in a form contract involving an injured consumer plaintiff. In *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), a personal injury case involving a consumer plaintiff who was injured on defendant's cruise ship, the Court determined that a forum selection clause set forth on a non-negotiable cruise ship ticket was valid and enforceable. In so doing, the Court held that the Ninth Circuit Court of Appeals committed reversible error by failing to enforce that forum selection clause. The Court in *Carnival Cruise Lines* so held despite the fact that plaintiff was a resident of the State of Washington (where plaintiff filed suit) who had absolutely no contact with the defendant's home state, Florida, where all litigation was to occur pursuant to the forum selection clause. The Court instructed that the defendant had a legitimate interest in limiting the forum in which it could be subject to suit. *Id.* at 593-94. The Court rejected the notion that plaintiff was physically and financially incapable of pursuing her claims against defendant in Florida – indeed, the Court found no such evidence in the record. *Id.* at 594. The Court stressed that Florida was not a "remote alien forum." *Ibid.* The Court also acknowledged that defendant's

principal place of business was located in Florida, which undermined plaintiff's assertion that defendant included the forum selection clause on its tickets to discourage customers from pursuing legitimate claims. *Id.* at 595. Finally, the Court noted that plaintiffs admittedly had notice of the forum selection clause on the ticket. *Ibid.*

Here, the dispute involves a contractual dispute between sophisticated business entities. In *Carnival Cruise Lines*, the Court enforced a forum selection clause despite the fact that the clause was printed on a non-negotiable cruise ship ticket sold to a consumer. The Court in *Carnival Cruise Lines* required the injured consumer plaintiff to litigate her claims in Florida rather than Washington, in part because no evidence existed that plaintiff was incapable of doing so. Here, Plaintiffs are not "unsophisticated consumers," and have not argued that they are incapable of litigating in Florida—indeed, Plaintiffs here, as sophisticated business entities, certainly are capable of litigating in Florida.

Here, like in *Carnival Cruise Lines*, the claim that Florida has no involvement with the dispute is not persuasive. In both cases, corporate defendants enjoy a legitimate interest in limiting, via a forum selection clause, the forum in which they can be sued. That is especially true because Defendants' principal places of business are located in Florida, just like in the defendant's in *Carnival Cruise Lines*.

Here, like in *Carnival Cruise Lines*, Florida is not a remote alien forum that would force Plaintiffs to submit to an unfamiliar jurisprudential system. Plaintiffs have not asserted that they would be deprived of a full and fair hearing in Florida, or that they foresee extreme difficulty producing witnesses or documents while litigating in Florida.

Finally, here, like in *Carnival Cruise Lines*, no credible argument has been made that Plaintiffs were unaware of the forum selection clause when the Agreement was signed. As noted, the Agreement's forum selection clause is located just above the parties' signatures. *See* Agreement: attached to Affidavit of Maria K. Guttuso, Esq. In Support of Motion to Dismiss Pursuant to *Fed. R. Civ. P.* 12 (b)(6), *Exhibit A*. Indeed, Plaintiffs apparently claim to have sufficient understanding of other contractual terms that purportedly give rise to their claims against Defendants. This Court should not countenance Plaintiffs' attempt to feign ignorance regarding certain contract terms while seeking to enforce other terms in the same contract.

Decisional law cited by Plaintiffs actually supports Defendants' position on this motion. In *Copperweld Steel Co. v. Demag-Mannesmann-Bohler*, 578 F.2d 953 (3d Cir. 1978), the Third Circuit affirmed the district court's ruling that a forum selection clause was not enforceable because it was unreasonable. That forum selection clause called for any litigation commenced against defendant to take place under a foreign legal system in a German court. As noted, the United States Supreme Court in *Carnival Cruise Lines* has instructed that Florida, unlike Germany, is not a remote alien forum. Moreover, although not mentioned by Plaintiffs in their Opposition Brief, *see* Pl. Opp. Br. at 9-10, critical to the Third Circuit's affirmance in *Copperweld* was the fact that plaintiff "might well have been prevented from receiving 'a fair and complete hearing' had the forum selection clause been enforced [thereby requiring the plaintiff to litigate in Germany]." *Id.* a 966. The Third Circuit stressed that "the district court envisioned difficulties in compelling [plaintiff's witnesses'] attendance in a German forum." *Id.* at 965 n. 18. The Third Circuit also accepted the district court's enumeration of other difficulties attendant to litigating in Germany; namely, that "almost all of the witnesses were English speaking" and that conducting litigation in Germany would require "translation with inherent

inaccuracies." *Ibid.* In other words, the rationale in *Copperweld* for the court's refusal to enforce the forum selection clause was based in large part on the fact that litigation in an unfamiliar foreign court in Germany would pose a serious risk that plaintiff would not receive a full and fair hearing.

Here, unlike in *Copperweld*, Plaintiffs cannot claim that they would be subject to a foreign legal system, were the forum selection properly enforced. Plaintiffs cannot claim that they would not receive a full and fair hearing in a Florida court. None of the inherent problems with litigating in a remote foreign forum are present here. Thus, *Copperweld* simply underscores that the facts of this case warrant enforcement of the subject forum selection clause.[2]

Finally, Plaintiffs have failed to articulate any purported public policy that would be violated by this Court's enforcement of the forum selection clause. *See* Pl. Opp. Br. at 12 (noting "there does not appear to be a New Jersey case directly on point" to support Plaintiffs' apparent public policy argument). Indeed, as set forth in more detail in Defendants' original Brief, New Jersey has a strong public policy in favor of enforcing contracts between commercial entities. Moreover, Plaintiffs misstate the law when they assert that a strong presumption exists in favor of maintaining jurisdiction where Plaintiffs reside. *See* Pl. Opp. Br. at 13. Under Third Circuit law, that presumption does not apply when, as here, Plaintiffs signed a contract including a forum selection clause. *See Hoffer v. Infospace.com, Inc.*, 102 F. Supp.2d 556, 566 (D.N.J. 2000) ("this Court has observed that any deference afforded the choice of forum of a plaintiff 'is

---

[2] It should be noted that the district court's opinion in *Copperweld* was issued before the Supreme Court issued its opinion in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). The Third Circuit recognized that the decisional law relied upon by the district court in *Copperweld* included a slightly different standard than the standard articulated in *The Bremen* regarding whether a forum selection clause should be enforced. *Copperweld*, 578 F.2d at 965-66. The Third Circuit nevertheless affirmed because the district court "captured the essence of the Supreme Court's opinion in [*The Bremen*]" – *i.e.*, by ruling that the resisting party must prove unreasonableness, and by finding

inappropriate where the plaintiff has already freely contractually chosen an appropriate venue.'"

(quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995)).

        In sum, the forum selection clause at issue is reasonable and enforceable. Plaintiffs have failed to demonstrate any compelling basis under Third Circuit law for failing to enforce that clause. Defendants' motion to dismiss should be granted.

---

that plaintiff "might well have been prevented from receiving a 'fair and complete hearing' had the forum selection clause been enforced." *Id.* at 966.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the within motion to dismiss based on the governing forum selection clause, pursuant to *Fed. R. Civ. P.* 12(b)(6).

McCARTER & ENGLISH, LLP
Attorneys for Defendants,
Fidelity Warranty Services, Inc., and
Jim Moran and Associates, Inc.

By:   /s David R. Kott

David R. Kott
A Member of the Firm

Dated: September 12, 2005

**McCARTER & ENGLISH, LLP**
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants,
Fidelity Warranty Services, Inc., and
Jim Moran and Associates, Inc.
DK 4593 (David R. Kott, Esq.)

|  |  |
|---|---|
|  | UNITED STATES DISTRICT COURT |
|  | FOR THE DISTRICT OF NEW JERSEY |

| | |
|---|---|
| LICCARDI FORD, INC., LICCARDI MOTORS, INC. and LICCARDI LINCOLN-MERCURY, L.L.C., : | Civil Action No. 05-3581 Honorable Mary L. Cooper (MLC) |
| Plaintiffs, : | **CERTIFICATION OF SERVICE** |
| vs. : | |
| FIDELITY WARRANTY SERVICES, INC., : JM&A GROUP A/K/A JM FAMILY ENTERPRISES, INC., and JIM MORAN & ASSOCIATES, INC., : | |
| Defendants. : | |

Natalie S. Watson, Esq., of full age, certifies as follows:

1. I am an Associate at the firm of McCarter & English, LLP, attorneys for defendants, Fidelity Warranty Services, Inc. and Jim Moran and Associates, Inc.

2. On September 12, 2005, I caused a copy of the Reply Brief on Behalf of Defendants, Fidelity Warranty Services, Inc. and Jim Moran and Associates, Inc., in Further Support of Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to *Fed. R. Civ. P.* 12(b)(6), to be filed electronically filed with the court, courtesy copies served upon the Honorable Mary L. Cooper, J.S.C. by overnight mail, and copies to be served upon all counsel of record by overnight mail at the following address(es) listed below:

Ned M. Cohn, Esq.
Cohn, Bracaglia & Gropper
275 East Main Street
P.O. Box 1094
Somerville, New Jersey 08876

I certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I may be subject to punishment.

Natalie S. Watson

Dated:  September 12, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LICCARDI FORD, INC., et al., | : | CIVIL ACTION NO. 05-3581 (MLC) |
|  | : |  |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| FIDELITY WARRANTY SERVICES, | : |  |
| INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

The Court issued an order to show cause why this action to recover damages for breach of contract should not be remanded to New Jersey Superior Court, Somerset County, for lack of jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 3.) In response, the removing defendants — Fidelity Warranty Services, Inc. ("FWS"), and Jim Moran & Associates, Inc. ("JMA") — move to either (1) dismiss the complaint insofar as asserted against them for improper venue under Federal Rule of Civil Procedure ("Rule") 12(b)(6), or (2) transfer the action to Florida under Section 1404. (Dkt. entry no. 7.)

The Court will (1) decide the order to show cause and the motion without oral hearing and on the papers under Rule 78, (2) vacate the order to show cause, (3) grant the part of the motion seeking to transfer the action, and (4) transfer the action to the United States District Court for the Southern District of Florida ("Southern District").

**BACKGROUND**

The plaintiffs — Liccardi Ford, Inc. ("LFI"), Liccardi
Motors, Inc. ("LMI"), and Liccardi Lincoln-Mercury, L.L.C.
("LLLC") — sell cars in New Jersey.  (See Gregory Liccardi Cert.,
at 2; Pls. Br., at 3.)  The plaintiffs offered "a pre-paid
maintenance program" to their customers "under which [the
plaintiffs] became obligated to provide certain scheduled
maintenance services (Car Care Service Plan)."  (Compl., at 2.)
Under the terms of a contract with the defendants ("Contract"):

> Defendants . . . provided Plaintiffs' customers with
> coupon books for the pre-paid Car Care Service Plan
> contracts as issued by Plaintiffs.  Pursuant to the
> [Contract], Defendants agreed to reimburse Plaintiffs the
> value of coupons submitted to Defendants by Plaintiffs.
> In addition, Defendants agreed to pay Plaintiffs [the]
> reimbursement value of missed coupons as of the end of
> each calendar [year] by February 15 of the next year. .
> . . [T]he Plaintiffs were not paid the reimbursement
> value of missed coupons as required by the [Contract].

(Id.)  The plaintiffs then brought this action to recover damages
for breach of the Contract.

**DISCUSSION**

**I.   Section 1332 Jurisdiction**

The parties are familiar with the Court's jurisdictional
concerns, which are stated in the order to show cause.  (See dkt.
entry no. 3.)  FWS and JMA now allege (1) LFI and LMI are New
Jersey corporations with principal places of business in New
Jersey, (2) LLLC is a limited liability company comprised of

2

members who are New Jersey citizens only, (3) FWS and JMA are
Florida corporations with principal places of business in Florida,
and (4) the defendant JM Family Enterprises, Inc. ("JMFE"), is a
Delaware corporation with a principal place of business in
Florida.  (Defs. Br. in Resp., at 1-5.)

    FWS and JMA now have properly alleged there is jurisdiction
under Section 1332.  The plaintiffs' arguments in response are
without merit.  (See 8-25-05 Cohn Letter.)  Thus, the Court will
vacate the order to show cause.[1]

## II.  Venue

### A.  Law and Forum Provision

    FWS and JMA — in moving to either dismiss the complaint
insofar as asserted against them, or transfer the action — rely
on this provision in the Contract ("Law and Forum Provision"):

> Governing Law.  This Agreement shall be governed by and
> construed and enforced in accordance with the laws of
> Florida, and the parties agree that any litigation
> regarding this Agreement shall take place only in
> Broward County, Florida.

(Guttoso Aff., Ex. A, Agmt. ("Agmt."), at 4 (emphasis added).)

---

    [1]  The plaintiffs assert LLLC's members "maintain a
condominium in Boca Raton, Florida" (8-25-05 Cohn Letter, at 1),
but fail to assert those members are Florida citizens.  Their
other arguments — that the action should be remanded to state
court because (1) it is as convenient as federal court, (2) the
defendants will not be prejudiced, (3) the action involves a claim
for breach of contract under state law, and (4) the volume of
cases in the federal courts is high — are equally without merit
for purposes of determining jurisdiction here.  (Id. at 2-3.)

3

### B.    Proper Venue

The Court is vested with broad discretion to consider a transfer of venue to a district where the action might have been more-properly brought under Section 1404.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995).

### 1.    Prima Facie Showing by FWS and JMA

New Jersey is a proper venue for the action.  But FWS and JMA have shown, prima facie, that Florida is a more-proper venue.

### i.    Mandatory Language

The Law and Forum Provision provides that litigation concerning the Contract "shall take place only in Broward County, Florida," and thus is mandatory.  See Applied Card Sys. v. Winthrop Res. Corp., No. 03-4104, 2003 WL 22351950, at *2-*3 (E.D. Pa. Sept. 23, 2003) (granting part of motion seeking transfer to Minnesota, as contract stated "venue shall be in Minnesota"); Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 571 (D.N.J. 2000) (granting part of motion seeking transfer to Washington, even though plaintiff was New Jersey citizen, as forum-selection clause given "substantial consideration").

### ii.  Citizenship and Florida Connection

The Court will give the Florida-venue preference of FWS and JMA significant weight, as (1) it is consistent with the Law and Forum Provision, and (2) all of the defendants are citizens of, and have their principal places of business in, Florida.  See

4

Shore Slurry Seal v. CMI Corp., 964 F.Supp. 152, 157 (D.N.J. 1997) (granting part of motion seeking transfer to Oklahoma). LLLC's members, who have an interest in LFI and LMI, also have a Florida connection, as they maintain property there. (See supra note 1. See generally Compl.; Gregory Liccardi Cert.)

### iii. Florida Law Governs

The Law and Forum Provision provides that the Contract "shall" be governed by Florida law. Thus, it is appropriate to litigate this action in Florida, where the courts will be more familiar with the relevant state law. See Shore Slurry, 964 F.Supp. at 158 (granting part of motion seeking transfer to Oklahoma, as contract mandated same); Burger King Corp. v. Stroehmann Bakeries, 929 F.Supp. 892, 895 (E.D. Pa. 1996) (granting part of motion seeking transfer to Florida, as contract mandated same).

### iv. Florida's Interest

All of the defendants conduct their operations out of Florida. Thus, the Florida courts have a strong interest in overseeing the conduct of the defendants. See Applied Card, 2003 WL 22351950, at *3 (granting part of motion by Minnesota corporation seeking transfer to Minnesota); Cadapult Graphic Sys. v. Tektronix, Inc., 98 F.Supp.2d 560, 568 (D.N.J. 2000) (granting part of motion by Oregon corporation seeking transfer to Oregon).

### 2. Plaintiffs' Burden

The plaintiffs now have the burden of showing why (1) they should not be bound by the Law and Forum Provision, and (2) the action should not be transferred to Florida. See Shore Slurry, 964 F.Supp. at 156. They have failed to meet this burden.

### i. Lack of Awareness

The plaintiffs argue they "were not even aware that such language was in [the Contract]". (Gregory Liccardi Cert., at 3.) This argument is without merit. The Law and Forum Provision is (1) not obfuscated, (2) typed in the same size and manner as the other Contract provisions, and (3) on the same page as, and the last clause immediately before, the signatures executing the Contract. (Agmt., at 4.) See Coleman v. Lazy Days RV Ctr., No. 04-2198, 2005 WL 1154492, at *3 (M.D. Pa. May 6, 2005) (granting part of motion seeking transfer, as forum clause "is in no way inconspicuous or hidden," and in same-size type as others); Wilson Of Wallingford v. Reliable Data Sys., No. 95-6686, 1995 WL 734232, at *1-*2 (E.D. Pa. Dec. 5, 1995) (rejecting arguments — in granting part of motion seeking transfer — that plaintiff's representative did not read or bargain for forum clause).

### ii. Boilerplate

The plaintiffs argue the Court should not favor the Law and Forum Provision because it was "not negotiated since the [Contract] was on defendants' standard form." (Gregory Liccardi

6

Cert., at 3.)  They also argue FWS and JMA "rely[] upon non-
negotiated boilerplate language . . . for the apparent purpose of
discouraging anyone from commencing an action against them, except
in . . . Broward County, State of Florida." (See Pls. Br., at 7.)

This argument is without merit.  The plaintiffs have failed
to show that their consent to the Law and Forum Provision was
induced by fraud, overreaching, or coercion.  Thus, a lack of
negotiation does not render it unenforceable.  See Coleman, 2005
WL 1154492, at *4 (rejecting same argument concerning non-
negotiated boilerplate in granting part of motion seeking
transfer); Barbuto v. Med. Shoppe Int'l, 166 F.Supp.2d 341, 346-
47 (W.D. Pa. 2001) (same).  Also, the plaintiffs have not shown
they were anything less than "sophisticated" entities when they
executed the Contract.  Applied Card, 2003 WL 22351950, at *3
(granting part of motion seeking transfer); Barbuto, 166
F.Supp.2d at 347 (same); Shore Slurry, 964 F.Supp. at 156 (same).[2]

### iii. Defendants Do Business in New Jersey

The plaintiffs argue New Jersey is a more-proper venue,
since the defendants (1) do business here, and (2) visited here
to solicit their business.  (Gregory Liccardi Cert., at 2-3.)
This argument is without merit, in light of the existence of the

_____

[2]  The Law and Forum Provision is still enforceable, even if
the defendants breached the Contract.  See Versar, Inc., v. Ball,
No. 01-1302, 2001 WL 818354, at *2 (E.D. Pa. July 12, 2001)
(rejecting argument that forum clause expires when contract
terminates or is breached).

Law and Forum Provision.  See Applied Card, 2003 WL 22351950, at
*3 (rejecting same argument in granting part of motion seeking
transfer); Shore Slurry, 964 F.Supp. at 158 n.5 (rejecting
arguments — that contract negotiated in New Jersey and defendant
sent personnel to New Jersey — as "irrelevant to the transfer
analysis" in granting part of motion seeking transfer).

### iv.  Inconvenience

The plaintiffs fail to make an argument that any witnesses
will be inconvenienced if the action is transferred to Florida,
other than this: "[P]laintiffs ask that the Court consider that
this is not a situation involving inconvenience and expenses,
though that is a relevant factor."  (Pls. Br., at 9.)  Indeed,
the plaintiffs, by executing the Contract containing the Law and
Forum Provision, "bear the risks of such inconvenience."
Cadapult, 98 F.Supp.2d at 568 (granting part of motion seeking
transfer to Oregon).  Furthermore, "Florida is not a remote alien
forum" that "would effectively deprive [the plaintiffs] of their
day in court."  Barbuto, 166 F.Supp.2d at 347 (cites and quotes
omitted) (rejecting argument — in granting part of motion seeking
transfer — that plaintiffs lacked resources to litigate elsewhere
and could not afford time away from business).

### C.  Transfer, Not Dismiss

The Florida factors outweigh the New Jersey factors, and
thus the Court will grant the part of the motion seeking to

transfer the action.  But the Court will deny the part of the motion seeking dismissal of the complaint insofar as asserted against FWS and JMA, because "it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss."  Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 299 (3d Cir. 2001).  See Source Buying Group v. Block Vision, No. 99-5412, 2000 WL 62972, at *1 (E.D. Pa. Jan. 14, 2000) (stating — in granting part of motion seeking transfer to Southern District — "[t]ransfers pursuant to forum selection clauses are consistently construed under the rubric of § 1404(a)").[3]

A federal venue is available in compliance with the Law and Forum Provision.  The Southern District has a division in Broward County, i.e., Fort Lauderdale.  See www.flsd.uscourts.gov (under General Information, Divisional Offices).  The Law and Forum Provision does not mandate a state court; it merely mandates any court in Broward County.  (See Agmt., at 4.)  See Coleman, 2005 WL 1154492, at *3 (granting part of motion seeking transfer to Middle District of Florida, as contract mandated complaint "must

---

[3]  FWS and JMA lack standing to move to dismiss the complaint insofar as asserted against JMFE.  JMFE has not appeared in the action.  Even if the Court were to grant the part of the motion by FWS and JMA seeking dismissal, the complaint insofar as asserted against JMFE would remain viable.

be filed exclusively in Hillsborough County, Florida," and that
court had division therein, i.e., Tampa). Cf. Spectracom, Inc.,
v. Tyco Int'l, No. 03-3845, 124 Fed.Appx. 75, 76-77 (3d Cir. Oct.
27, 2004) (affirming judgment dismissing complaint without
prejudice to refile in state court in Arapaho County, Colorado,
as forum-selection clause mandated action "shall only be brought"
in that county, which lacked federal court therein).[4]

### CONCLUSION

The Court will (1) vacate the order to show cause, (2) grant
the part of the motion seeking to transfer the action, (3) deny
the part of the motion seeking dismissal of the complaint insofar
as asserted against FWS and JMA, and (4) direct the Clerk of the
Court to transfer the action to the United States District Court
for the Southern District of Florida.  The Court will issue an
appropriate order.


                          s/ Mary L. Cooper
                        **MARY L. COOPER**
                        United States District Judge


---

[4]  Boca Raton — where LLLC's members maintain property — is
not in Broward County.  But it appears to be only 22 miles from
Fort Lauderdale.  See http://maps.google.com; www.mapquest.com.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LICCARDI FORD, INC., et al.,  :   CIVIL ACTION NO. 05-3581 (MLC)

     Plaintiffs,     :        **O R D E R**

     v.     :

FIDELITY WARRANTY SERVICES,  :
INC., et al.,

     Defendants.    :

For the reasons stated in the Court's memorandum opinion, **IT IS** on this   12th   day of October, 2005, **ORDERED** that the Court's order to show cause why the action should not be remanded to New Jersey Superior Court, Somerset County, for lack of jurisdiction under 28 U.S.C. § 1332 (dkt. entry no. 3) is **VACATED**; and

   **IT IS FURTHER ORDERED** that the motion to either (1) dismiss the complaint insofar as asserted against the defendants Fidelity Warranty Services, Inc., and Jim Moran & Associates, Inc., under Federal Rule of Civil Procedure 12(b)(6), or (2) transfer the action under 28 U.S.C. § 1404(a) (dkt. entry no. 7) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      **GRANTED TO THE EXTENT** that the motion seeks to transfer the action, and

      **DENIED TO THE EXTENT** that the motion seeks dismissal of the complaint insofar as asserted against the defendants Fidelity Warranty Services, Inc., and Jim Moran & Associates, Inc.; and

**IT IS FURTHER ORDERED** that the action be **TRANSFERRED** to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a); and

**IT IS FURTHER ORDERED** that the Clerk of the Court designate the action as **CLOSED**.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
OFFICE OF THE CLERK
1 JOHN F. GERRY PLAZA
CAMDEN, NEW JERSEY 08101

NEWARK OFFICE
50 WALNUT STREET
NEWARK, NJ 07101

WILLIAM T. WALSH
Clerk

TRENTON OFFICE
402 EAST STATE STREET
ROOM 2020
TRENTON, NJ 08608

REPLY TO: <u>CAMDEN</u>

10/12/05

Clarence Maddox, Clerk
United States District Court
Southern District of Florida
301 North Miami Avenue
Miami, FL 33128

Re:   **Liccardi Ford Inc., et al. v. Fidelity Warranty Services Inc., et al.
      Civil Docket No. 05-cv-3581(MLC)**

Dear Clerk:

The above-captioned case has been transferred to your court pursuant to the enclosed Certified copy of the Order dated 10/12/05. Also enclosed is a Certified Copy of the Docket Sheet. You can obtain the original record by accessing CM/ECF through PACER. Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

Sincerely,

WILLIAM T. WALSH, Clerk

By:   David A. Hartnett
      Deputy Clerk

RECEIPT ACKNOWLEDGED BY: _____  DATE: _____.

YOUR CIVIL DOCKET NUMBER: _____.