UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61711-CIV-MARRA/SELTZER

LICCARDI FORD, INC.,
LICCARDI MOTORS, INC., and
LICCARDI LINCOLN-MERCURY,
L.L.C.,

      Plaintiffs,

vs.

FIDELITY WARRANTY SERVICES,
INC., JM&A GROUP a/k/a JM
FAMILY ENTERPRISES, INC., and
JIM MORAN & ASSOCIATES, INC.,

      Defendants.
_____/



FILED by _____ D.C.

NOV 2 2 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER ESTABLISHING PROCEDURES AND REQUIRING COUNSEL TO CONFER AND FILE JOINT SCHEDULING REPORT

THIS ORDER has been entered upon the filing of Order of Transfer. It is hereby ORDERED:

1. Every motion when filed shall be accompanied by a **proposed order**, except that motions to dismiss and motions for summary judgment need not be accompanied by a proposed order. Self-addressed, stamped envelopes need not be submitted with the proposed order.

2. Pursuant to Local Rule 7.1, every motion, except those enumerated in Local Rule 7.1, shall contain a statement certifying that either counsel for the movant has conferred with all parties and affected non-parties in a good faith effort to resolve the issues raised in the motion or that counsel for the movant has made reasonable efforts to confer, which efforts shall be identified with specificity. Every motion shall also contain a statement certifying whether the other parties

and affected non-parties oppose or do not oppose the motion.

3. No party shall file a motion or request for oral argument. If the Court determines that oral argument is appropriate, the Court will schedule and notice a hearing.

4. In light of the benefits offered by a trial before a magistrate judge, i.e. trial on a date certain as opposed to placement on a trial calendar, the parties are urged to consider consenting to jurisdiction before the assigned magistrate judge, provided that the trial is not expected to exceed five (5) days. See Administrative Order 96-64. Counsel shall discuss this option with their respective clients. The parties are directed to indicate in the Joint Scheduling Report whether they agree, do not agree (without indicating the identity of the nonconsenting party), or reserve consent to jurisdiction to the assigned magistrate judge.

5. Pretrial discovery in this case shall be conducted in accord with Local Rule 16.1 and Rule 26 of the Federal Rules of Civil Procedure.

6. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, unless this action is excluded under Rule 26(a)(1)(E), the parties must confer on or before **December 12, 2005** to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning the matters listed in Rule 26(f) ("Discovery Conference").

7. Counsel for the parties shall hold a Scheduling Conference either at the same time as the Discovery Conference described in Rule 26(f) or within fourteen (14) calendar days thereafter. See Local Rule 16.1(B).

8. Within fourteen (14) days of the Scheduling Conference, counsel shall file a **Joint**

**Scheduling Report** pursuant to Local Rule 16.1(B)(2). This report shall outline the proposed discovery plan, and indicate **the proposed month and year for the trial** and the estimated number of trial days required, as well as an indication of whether the trial is to be a jury trial or bench trial.

9. Failure of counsel or unrepresented parties to file a Joint Scheduling Report may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs.

DONE AND SIGNED in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of November, 2005.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:

Ned M. Cohn, Esq.
David R. Kott, Esq.

## NOTICE TO ATTORNEYS AND LITIGANTS

Please be advised that Judge Marra's chambers has fully implemented and is utilizing the faxback program. The clerk's office scans each document and sends the document via telefax to all parties listed on the Court docket that have supplied the court with their fax number. In the event a party does not have a fax machine, the document is sent via U.S. Mail. If you have a fax machine but have not been receiving your orders via telefax, please complete the enclosed application and return it via fax or U.S. Mail to the Clerk's office. The faxback program alleviates the need to submit self-addressed postage paid envelopes. **Accordingly, until further notice, please submit the original motion, plus one copy with one copy of the order attached to the copy of the motion. The order must include a complete service list with the names, addresses, and telefax numbers of all parties. Thank you for your cooperation in this matter.**

# Authorization to Send Orders and Judgments by Facsimile Transmission

## Southern District of Florida FaxBack

I hereby authorize the Clerk of Court for the Southern District of Florida to transmit notification of entries of judgments, orders, and notices of hearings by facsimile in any case in which this capability exists and I appear as attorney of record. I understand that this electronic transmission will be in lieu of notice by mail. The following telephone number is dedicated for facsimile transmission:

| FAX Phone # | | Firm Name | |
|---|---|---|---|
| Phone # | | Attorney Name | |
| Florida Bar Number | | Street Address | |
| | | | |
| Signature | | City, State, Zip | |
| List of my active case #'s: | | | |

Fax your completed form to: United States District Court
Attention: FaxBack
(305) 523-5209

http://www.flsd.uscourts.gov/bar/faxform.html